# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND; GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM; COUNTY OF MONTGOMERY, PENNSYLVANIA; COUNTY OF WASHINGTON, PENNSYLVANIA; and CITY OF NEW BRITAIN, CONNECTICUT, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; B.N.P. PARIBAS SA; CITIGROUP INC.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK AG; THE GOLDMAN SACHS GROUP, INC.; HSBC BANK PLC; ICAP CAPITAL MARKETS LLC; JPMORGAN CHASE & CO.; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL, INC.; ROYAL BANK OF SCOTLAND PLC; UBS AG; and WELLS FARGO BANK, N.A.,<br><br>                    Defendants. | Case Nos.:  14-cv-7126 (JMF)<br>                    14-cv-7907 (JMF)<br>                    14-cv-8342 (JMF)<br>                    14-cv-8365 (JMF)<br>                    14-cv-8576 (JMF)<br><br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENTS, CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS**<br><br><br>Hon. Jesse M. Furman |

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed Stipulations and Agreements of Settlement that are listed on Exhibit 1 hereto (each a "Settlement Agreement" and collectively, the "Settlement Agreements") with Bank of America N.A. ("Bank of America"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); Citigroup Inc. ("Citigroup"); Credit Suisse AG, New York Branch ("Credit Suisse"); Deutsche Bank AG ("Deutsche Bank"); JPMorgan Chase & Co. ("JPMorgan"); and Royal Bank of Scotland PLC ("RBS") (collectively, the "Settling Defendants" and together with Plaintiffs, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have individually agreed to pay amounts which in the aggregate total $324,000,000 (the "Aggregate Settlement Funds"), and to provide discovery that is likely to assist with the continued prosecution of the Action as set forth in the Settlement Agreements;

WHEREAS, Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreements, each of which sets forth the terms and conditions of the Settlement of the Action against each Settling Defendant and for dismissal of the Action against each Settling Defendant with prejudice upon the terms and conditions set forth in the Settlement Agreements;

WHEREAS, Plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

---

[1] As defined in the Settlement Agreements, the "Action" means the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreements, "Plaintiffs" are Alaska Electrical Pension Fund; County of Beaver, Pennsylvania; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania.

WHEREAS, Plaintiffs have requested that Robbins Geller Rudman & Dowd LLP; Scott+Scott, Attorneys at Law, LLP; and Quinn Emanuel Urquhart & Sullivan, LLP ("Lead Counsel") be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that Alaska Electrical Pension Fund; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania be appointed class representatives of the Settlement Class;

WHEREAS, the Settling Parties have agreed to the entry of this [Proposed] Order Preliminarily Approving Settlement Agreements, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Order"); and

WHEREAS the Court has read and considered the Settlement Agreements and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreements, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise defined herein.

I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS

2. Upon review of the record, the Court preliminarily finds that the Settlement Agreements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval. The Court hereby preliminarily approves the Settlement Agreements, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlements encompassed by the Settlement Agreements raise no obvious reasons to doubt their fairness and provide a reasonable basis for presuming that the Settlement Agreements satisfy the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreements should be given, subject to the Court's approval of a notice plan as provided in this Order.

**II.    PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

> all Persons or entities who entered into, received or made payments on, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period. Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all of the Released [[Bank]] Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

4. Solely for purposes of the settlements, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5. If the Effective Date does not occur with respect to one or more of the Settlement Agreements because of the failure of a condition that affects such Settlement Agreement(s), this conditional certification of the Settlement Class shall be deemed null and void as to the Settling Parties subject to such Settlement Agreement(s) without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain their

rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### III.     CLASS COUNSEL AND CLASS REPRESENTATIVES

6.     Lead Counsel are preliminarily appointed, solely for settlement purposes, as settlement class counsel for the Settlement Class.

7.     Alaska Electrical Pension Fund; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

### IV.     PLAN OF DISTRIBUTION, NOTICE, AND FAIRNESS HEARING

8.     At a later date after each of the Settling Defendants produces a list of names and addresses of members of the Settlement Class and transaction data pursuant Paragraphs 8.2 and 11.4(a) of the Settlement Agreements, Plaintiffs shall submit for the Court's approval a proposed Plan of Allocation of the Aggregate Settlement Funds (and including all interest and income earned thereon after being transferred to the Escrow Account).

9.     At a later date after each of the Settling Defendants produces a list of names and addresses of members of the Settlement Class and transaction data pursuant Paragraphs 8.2 and 11.4(a) of the Settlement Agreements, Plaintiffs shall submit for the Court's approval a proposed notice plan for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreements, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Settlement Hearing to be scheduled by the Court, and their right to appear at the Settlement Hearing.

10. At or after the Settlement Hearing, the Court shall determine whether each Settlement Agreement, the proposed Plan of Distribution, any application for service awards, and any application for attorneys' fees and/or expenses for Lead Counsel should be finally approved.

## V.   OTHER PROVISIONS

11. The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

12. The Court approves Plaintiffs' designation of Epiq Systems, Inc. as the Claims Administrator. Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

13. The Court appoints Lead Counsel as Escrow Agent. Absent further order of the Court, the Escrow Agent shall establish the Escrow Account at Citibank, N.A. and have such duties and responsibilities in such capacity as are set forth in the Settlement Agreements.

14. The Court approves the establishment of the Escrow Account under the Settlement Agreements as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and further order(s) of the Court.

15. All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Aggregate Settlement Funds shall be paid, as set forth herein and in Paragraph 3.9 of the Settlement Agreements, up to the sum of $500,000 per Settlement Agreement. In the event the Court does not approve one or more of the Settlement Agreements, or if one or more of the Settlement Agreements otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 3.9 of the Settlement Agreements.

16. In the event that one or more of the Settlement Agreements is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to such Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of a Settlement Agreement, Paragraphs 5.1, 10.5, and 11.3 of such Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force. Any portion of the Settlement Fund previously paid by or on behalf of the respective Settling Defendant, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph 9.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $500,000 per Settling Defendant without the prior approval of the Court) shall be returned to such Settling Defendant within five (5) business days after written notification of such event is sent by counsel for the Settling Defendant(s) or Lead Counsel to the Escrow Agent. At the request of such Settling Defendant, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Settling Defendant.

17. Each of the Settling Defendants has denied wrongdoing or liability in connection with the allegations in the Action. As such, nothing in the Settlement Agreements constitutes an admission by any of the Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Class under Fed. R. Civ. P. 23 for purposes of settlement only.

18. All proceedings in the Action with respect to Settling Defendants are stayed until further order of the Court. Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreements or comply with their terms. Pending final determination of whether the Settlement Agreements should be approved, neither Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any of the Released Class Claims against any of the Settling Defendants.

19. All Class Members shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the Settlement Agreements, whether favorable or unfavorable to the Settlement Class.

20. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Class who does not enter an appearance will be represented by Lead Counsel.

IT IS SO ORDERED.

DATED: _____    _____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

Stipulation and Agreement of Settlement with Bank of America, N.A.

Stipulation and Agreement of Settlement with Barclays Bank PLC and Barclays Capital Inc.

Stipulation and Agreement of Settlement with Citigroup Inc.

Stipulation and Agreement of Settlement with Credit Suisse AG, New York Branch

Stipulation and Agreement of Settlement with Deutsche Bank AG

Stipulation and Agreement of Settlement with JPMorgan Chase & Co.

Stipulation and Agreement of Settlement with Royal Bank of Scotland PLC