**EXHIBIT 3**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND; GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM; COUNTY OF MONTGOMERY, PENNSYLVANIA; COUNTY OF WASHINGTON, PENNSYLVANIA; and CITY OF NEW BRITAIN, CONNECTICUT, on behalf of themselves and all others similarly situated, | Case Nos.:  14-cv-7126 (JMF)<br>14-cv-7907 (JMF)<br>14-cv-8342 (JMF)<br>14-cv-8365 (JMF)<br>14-cv-8576 (JMF) |
| Plaintiffs, | |
| vs. | STIPULATION AND AGREEMENT OF SETTLEMENT WITH CITIGROUP INC. |
| BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; B.N.P. PARIBAS SA; CITIGROUP INC.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK AG; THE GOLDMAN SACHS GROUP, INC.; HSBC BANK PLC; ICAP CAPITAL MARKETS LLC; JPMORGAN CHASE & CO.; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL, INC.; ROYAL BANK OF SCOTLAND PLC; UBS AG; and WELLS FARGO BANK, N.A., | Hon. Jesse M. Furman |
| Defendants. | |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT........................................1

II.     CITI'S DENIALS OF WRONGDOING AND LIABILITY.............................................2

III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT..........................2

    1.      Definitions.............................................................................................................2

    2.      CAFA Notice .......................................................................................................11

    3.      The Settlement ....................................................................................................12

        A.      The Settlement Fund ...............................................................................12

        B.      The Escrow Agent....................................................................................12

    4.      Taxes  ..................................................................................................................14

    5.      Refund Upon Termination of Settlement.............................................................15

    6.      Preliminary Approval Order and Settlement Hearing .........................................16

    7.      Releases...............................................................................................................16

    8.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund................................................................18

    9.      Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges and Expenses ................22

    10.     Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination...........................................................................................................24

    11.     Confirmatory Discovery .....................................................................................28

    12.     Miscellaneous Provisions....................................................................................31

This Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement Agreement"), dated April 12, 2016 (the "Execution Date"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among:  (i) Alaska Electrical Pension Fund; County of Beaver, Pennsylvania; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania (collectively, "Plaintiffs") for themselves and on behalf of each Settlement Class Member, on the one hand, and (ii) Citigroup Inc. ("Citi"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation (the "Action").  This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof and subject to the approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section III.1 below.

## I.    PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Lead Counsel believe Plaintiffs' claims asserted in the Action have merit.  However, Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Citi through trial.  Lead Counsel also have taken into account the uncertain outcome and risks of further litigation, especially in complex matters such as this Action.  Lead Counsel also are aware of the risks presented by the defenses asserted in the motion to dismiss briefing.  Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class in light of the circumstances present here. Based on their evaluation, Lead Counsel have determined that the Settlement set forth in this

Stipulation is in the best interests of Plaintiffs and the Settlement Class, and is fair, reasonable, and adequate.

## II.     CITI'S DENIALS OF WRONGDOING AND LIABILITY

Citi has consistently denied and continues to deny that it has violated any laws and maintains that its conduct was at all times proper and in compliance with all applicable provisions of law in all material respects.  Citi has denied and continues to deny specifically each and all of the claims and contentions of wrongful conduct alleged in the Action, along with all charges of wrongdoing or liability against it arising out of any of the conduct alleged, or that could have been alleged, in the Action.

## III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs, on the one hand, and Citi, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released as to all Released Parties, and the Action shall be settled, compromised, and dismissed with prejudice as to the Released Citi Parties, without costs, except as stated herein, and releases extended as set forth in this Settlement Agreement, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.     Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1     "Citi," "Released Citi Parties," or "Releasing Citi Parties" mean Citi and each of its respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the

Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

1.2     "Additional Settling Defendants" is defined in Paragraph 10.4(a).

1.3     "Amended Complaint" means the Consolidated Amended Class Action Complaint, dated February 12, 2015, filed in this Action.

1.4     "Authorized Claimant" means any Settlement Class Member who submits a timely and valid Proof of Claim and Release Form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.5     "Bar Date" is defined in Paragraph 8.6.

1.6     "CFTC Order" means the Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, *In re: Barclays PLC, Barclays Bank PLC and Barclays Capital Inc.*, CFTC Docket No. 15-25__ (May 20, 2015).

1.7     "Claims Administrator" means a qualified administrator selected by Lead Counsel, and consented to by Citi, which shall not unreasonably withhold such consent.

1.8     "Class Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release Forms, and paying escrow fees and costs, if any.

1.9     "Counterparty Lists" is defined in Paragraph 8.2.

1.10    "Court" means the United States District Court for the Southern District of New York.

1.11    "Defendants" means any and all parties named as defendants in the Amended Complaint and/or in any further amended complaint or pleading filed in this Action.

1.12    "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 10.1 of the Stipulation have been met and have occurred.

1.13    "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (2014).

1.14    "Escrow Account" means the account controlled by the Escrow Agent into which the sum of $42,000,000 shall be deposited by or on behalf of Citi.

1.15    "Escrow Agent" means a qualified escrow agent selected by Lead Counsel, and consented to by Citi, which shall not unreasonably withhold such consent.

1.16    "Fee and Expense Application" is defined in Paragraph 9.1.

1.17    "Fee and Expense Award" is defined in Paragraph 9.1.

1.18    "Final" means when the last of the following with respect to the judgment approving the Settlement shall occur: (i) the expiration of the time to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next

business day after such 30th day; and (iii) if a motion to alter or amend is filed under Federal Rule of Civil Procedure 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, any service awards to Plaintiffs, or any Plan of Allocation of the Net Settlement Fund.

1.19    "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to:  (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

1.20    "ISDAfix Benchmark Rates" means any and all tenors of USD ISDAfix, including any and all USD ISDAfix rates and USD ISDAfix spreads, and any and all "reference rates" distributed as part of the USD ISDAfix submission process.

1.21    "ISDAfix Instrument" means (i) any and all interest rate derivatives, including but not limited to any and all swaps, swap spreads, swap futures, and swaptions, denominated in USD or related to USD interest rates, and (ii) any financial instrument, product, or transaction

related in any way to any ISDAfix Benchmark Rates, including but not limited to any and all instruments, products, or transactions that reference ISDAfix Benchmark Rates and any and all instruments, products, or transactions that are relevant to the determination or calculation of ISDAfix Benchmark Rates.

1.22    "Judgment and Order of Dismissal" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in substantially the form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.23    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Scott+Scott, Attorneys at Law, LLP, and Quinn Emanuel Urquhart & Sullivan, LLP.

1.24    "Materiality Threshold" is defined in Paragraph 10.4(a).

1.25    "Mediator" is defined in Paragraph 10.4(a).

1.26    "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any Plaintiffs' Service Award, if requested, and to the extent allowed by the Court; (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.27    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Settlement Class Members, as approved by the Court.

1.28    "Opt-Outs" is defined in Paragraph 10.4.

1.29    "Other Settlements" is defined in Paragraph 12.18.

1.30    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, pension fund, mutual fund, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or

agency thereof, any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, beneficiaries, trustees, or assignees, and any other entity on behalf of whom the person has a legal right to make or release a claim.

1.31    "Plaintiffs" means Alaska Electrical Pension Fund; County of Beaver, Pennsylvania; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania.

1.32    "Plaintiffs' Counsel" means Lead Counsel and any counsel who appeared on behalf of Plaintiffs in the Action.

1.33    "Plaintiffs' Service Award" is defined in Paragraph 9.2.

1.34    "Plaintiffs' Service Award Application" is defined in Paragraph 9.2.

1.35    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund pursuant to which the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released Citi Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.36    "Preliminary Approval Order" means the order requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, in substantially the form of Exhibit A attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.37    "Proof of Claim and Release Form" means the form as eventually approved by the Court for such use.

1.38    "Released Claims" means the Released Class Claims and the Released Defendants' Claims.

1.39   "Released Class Claims" shall be any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which the Releasing Class Parties ever had, now have, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released Citi Parties, arising from or relating to the factual predicate of the Action, including without limitation:  (i) any and all conduct related to the setting, submission, or alleged manipulation of ISDAfix Benchmark Rates; (ii) any purported conspiracy, collusion, racketeering activity, or other improper conduct regarding ISDAfix Benchmark Rates; (iii) any and all conduct related to the setting, submission, or alleged manipulation of ISDAfix Benchmark Rates described in the CFTC Order or of the type described in the CFTC Order; (iv) any bidding, offering or trading by or on behalf of a Released Citi Party in any product, including but not limited to interest rate swaps, swap spreads, swap futures, swaptions, Eurodollar futures, and U.S. Treasuries, that was intended to, or was reportedly or allegedly intended to, impact ISDAfix Benchmark Rates; and (v) the sharing or exchange of customer information or confidential information, including but not limited to customer identity, trading patterns, net positions, or orders, with respect to interest rate swaps or swaptions based on an ISDAfix Benchmark Rate between a Released Citi Party and any other Person or entity through voice, telephone, chat rooms, instant messages, e-mail, or other means.  For the sake of clarity,

the forgoing release:   (a) does not release general commercial disputes about ISDAfix Instruments that are not based on the factual predicate of the Action; (b) does not release claims relating to the enforcement of the Settlement; and (c) does not release claims arising out of acts of manipulation that were allegedly undertaken solely for reasons other than to impact ISDAfix Benchmark Rates such as, without limitation, acts allegedly done to manipulate the market for U.S. Treasuries around Treasury auctions.

1.40    "Released Class Parties" and "Releasing Class Parties" means each of the Plaintiffs and upon certification of a settlement class, each Settlement Class Member.

1.41    "Released Defendants' Claims" means any and all manner of claims, including Unknown Claims, that arise out of or relate in any way to the Releasing Class Parties' or Lead Counsel's institution, prosecution, or settlement of the claims, except for claims relating to the enforcement of the Settlement.

1.42    "Released Parties" means Released Citi Parties and Released Class Parties.

1.43    "Releasing Parties" means the Releasing Citi Parties and the Releasing Class Parties.

1.44    "Request for Exclusion" is defined in Paragraph 10.4(a).

1.45    "Settlement Amount" means forty-two million USD ($42,000,000) in cash.

1.46    "Settlement Class" means all Persons or entities who entered into, received or made payments on, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period.   Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all of the Released

Citi Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

1.47    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

1.48    "Settlement Class Period" means the period January 1, 2006 through January 31, 2014.

1.49    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

1.50    "Settlement Hearing" is defined in Paragraph 6.3.

1.51    "Settling Parties" means Plaintiffs and Citi.

1.52    "Summary Notice" means the summary notice form as eventually approved by the Court.

1.53    "Taxes" is defined in Paragraph 4.3.

1.54    "Tax Expenses" is defined in Paragraph 4.3.

1.55    "Termination Notice" is defined in Paragraph 10.2.

1.56    "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, Releasing and Released Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and

Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ.

Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of

the United States, or principle of common law, which is similar, comparable, or equivalent to

Cal. Civ. Code Section 1542.  The Releasing Parties and Released Parties may hereafter discover

facts other than or different from those which he, she, or it now knows or believes to be true with

respect to the subject matter of the Released Claims.  Nevertheless, the Releasing Parties shall

expressly, fully, finally, and forever settle and release, and each Settlement Class Member upon

the Effective Date shall be deemed to have and by operation of the Judgment and Order of

Dismissal shall have, fully, finally, and forever settled and released, any and all of their

respective Released Claims, whether or not concealed or hidden, without regard to the

subsequent discovery or existence of such different or additional facts.  The Settling Parties

acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was

separately bargained for and was a key element of the Settlement Agreement.

## 2.    CAFA Notice

2.1    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days

after the Settlement Agreement is filed with the Court, Citi, at its own cost, shall serve proper

notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

3.      The Settlement

        A.      The Settlement Fund

3.1     Citi shall pay the Settlement Amount in cash into the Escrow Account controlled by the Escrow Agent within fourteen (14) days of the Court's entry of the Preliminary Approval Order, provided that the time by which Citi must pay into the Escrow Account does not begin to run until Lead Counsel has provided Citi with such information as Citi may require to complete the wire transfer.

3.2     Plaintiffs shall have the right, but not the obligation, to terminate the Settlement Agreement after the failure of Citi to timely pay the Settlement Amount in accordance with Paragraph 3.1, if Citi fails to cure such failure within seven (7) business days of receiving a written notice from Lead Counsel demanding such cure.

3.3     Except as required by Paragraph 3.1 concerning payment of the Settlement Amount, and except as provided in Paragraph 5.1 concerning refund upon termination of the settlement, Citi shall have no responsibility for any other costs, including any attorneys' fees and expenses or costs of class notice and claims administration, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.  For the sake of clarity, Citi shall bear its own cost in complying with its obligations set forth in Paragraph 8.2 and Section 11.

        B.      The Escrow Agent

3.4     The Escrow Agent shall invest the Settlement Amount deposited pursuant to Paragraph 3.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market

12

rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.5     Neither the Settling Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to any losses suffered by, or fluctuations in the value of, the Settlement Fund.

3.6     The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed in their entirety in accordance with Paragraphs 8.4, 8.5, 8.8, and 8.10.

3.9     Prior to the Effective Date, Lead Counsel, without further approval of Citi, may pay from the Settlement Fund up to $500,000.00 in Class Notice and Administration Expenses, Taxes, and Tax Expenses associated with providing notice to the Settlement Class and the administration of the Settlement.  Prior to the Effective Date, payment of any Class Notice and Administration Expenses, Taxes, and Tax Expenses exceeding $500,000.00 shall require notice to, and agreement from, Citi, through Citi's counsel, which agreement shall not be unreasonably

refused.  Subsequent to the Effective Date, without further approval by Citi, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Class Notice and Administration Expenses.

      **4.**     **Taxes**

      4.1     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1 and agree not to take any position for tax purposes inconsistent therewith.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Section 4, including the "relation-back election" (as defined in Treasury Regulation Section 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      4.2     For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation Section 1.468B-2(k)).

      4.3     All (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b)

expenses and costs incurred in connection with the operation and implementation of this Section 4 (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Section 4) ("Tax Expenses"), shall be paid out of the Settlement Amount; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior approval of Citi, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation Section 1.468B-2(l)(2)).  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 4.

**5.     Refund Upon Termination of Settlement**

5.1     In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment and Order of Dismissal is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Expenses, Taxes, or Tax Expenses pursuant to Paragraphs 3.9 and 4.3 shall be refunded to Citi pursuant to written instructions from Citi's counsel.  Citi shall have no right to seek reimbursement from any Person for the expenses actually incurred or due and owing for Class Notice and Administration Expenses, Taxes, or Tax Expenses.

6.      **Preliminary Approval Order and Settlement Hearing**

6.1      Lead Counsel shall submit the Stipulation to the Court and shall apply for entry of the Preliminary Approval Order in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation.  Though the parties agree that it is not practical to establish a timeline or to create the detailed contents of a Notice at this time, the eventual Notice, to also be approved by the Court prior to distribution, will set forth a summary of the terms of the Stipulation (including a description of the Released Class Claims), the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Settlement Class.

6.2      It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to disseminate the Notice and Summary Notice in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Citi Parties, counsel for Citi, Plaintiffs, and Plaintiffs' Counsel with respect to any claims they may have that arise from any failure of the notice process.

6.3      Lead Counsel shall request that after notice is given to the Settlement Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award and, if requested, the Plaintiffs' Service Award.

7.      **Releases**

7.1      Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have,

fully, finally, and forever released, relinquished, and discharged against the Released Citi Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release Form) any and all Released Class Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of this Stipulation are not released.  The Released Citi Parties and Plaintiffs acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.  The releases set forth herein are to be construed pursuant to New York law as set forth in Paragraph 12.17, including N.Y. General Obligations Law Section 15-108, which bars claims for contribution by joint tortfeasors and other similar claims.  This Stipulation is expressly intended to absolve the Released Citi Parties of any claims for contribution, indemnification or similar claims from other Defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released Citi Parties.

7.2     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Class Claims against the Released Citi Parties and any claims arising out of, relating to, or in connection with the defense,

17

settlement, or resolution of the Action or the Released Class Claims, except for claims relating to the enforcement of the Settlement.

7.3     Upon the Effective Date, each of the Releasing Citi Parties shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Class Claims, except for claims relating to the enforcement of the Settlement.  The Releasing Citi Parties, Plaintiffs, and Plaintiffs' Counsel acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

**8.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

8.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Settlement Class Members pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

8.2     Within a reasonable period of time after entry of the Preliminary Approval Order, Citi shall provide or cause to be provided to the Claims Administrator a list of names and addresses of members of the Settlement Class who were counterparties with or transacted in ISDAfix Instruments with Citi, to the extent such information is reasonably available in electronic databases in the possession of Citi ("Counterparty Lists"), or shall otherwise arrange

to provide notice to those members of the Settlement Class.  However, Citi shall begin making reasonable preparations for such production and/or provision of notice no later than the execution date of this Settlement.  The parties shall furnish to the Court a progress report within ninety (90) days after entry of the Preliminary Approval Order and, should it prove necessary, every sixty (60) days thereafter.  Citi shall not be required to conduct any research from external sources to formulate Counterparty Lists.  Counterparty Lists shall be provided in an electronic format mutually acceptable to Citi and the Claims Administrator.  Citi shall be responsible for any costs or expenses related to providing Counterparty Lists and/or providing notice through alternate means to members of the Settlement Class who were counterparties with or transacted in ISDAfix Instruments with Citi.  The Settling Parties shall meet and confer in good faith as to whether notice to any portion of the Settlement Class through alternate means is appropriate; any disputes shall be reserved for resolution by the Court.

8.3     In accordance with the schedule eventually approved by the Court, Lead Counsel will cause the Claims Administrator to mail to all members of the Settlement Class, who can be identified using reasonably available data and through reasonable efforts, a Proof of Claim and Release Form.  The Notice and Proof of Claim and Release Form shall also be posted on the Claims Administrator's website.  In accordance with the schedule to be approved by the Court, the Summary Notice will also be published, at minimum, once in the national edition of *Investor's Business Daily*, the *Financial Times*, and *The Wall Street Journal*, and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

8.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Class Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay the Fee and Expense Award subject to the approval of the Court;

(d)     to pay any Plaintiffs' Service Award subject to the approval of the Court; and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

8.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

8.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release Form postmarked or submitted electronically by the date specified in the Preliminary Approval Order, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release Form.

8.7     Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim and Release Form by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release Form that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment and Order of Dismissal. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to

accept late-submitted claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

8.8    The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Citi will have no involvement in reviewing or challenging claims.  Following the Effective Date, the Claims Administrator shall distribute the Net Settlement to Authorized Claimants pursuant to the Plan of Allocation.

8.9    Lead Counsel shall provide the Plan of Allocation to Citi for review and comment at least ten (10) business days before submitting it to the Court.  Citi shall provide its comments on the Plan of Allocation to Lead Counsel within seven (7) business days of receiving it.  Citi shall take no position in any Court proceedings with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

8.10    Other than in the event of the termination of the Settlement pursuant to Paragraph 5.1 or as provided in Paragraph 10.4, Citi shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the initial date of distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is *de minimis*, and any such remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Lead Counsel and approved by the Court.

8.11    The finality of the Court's Judgment and Order of Dismissal approving the Stipulation shall not be conditioned on any ruling by the Court concerning the Plan of Allocation of the Net Settlement Fund.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement Agreement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and Order of Dismissal and the release of the Released Claims.

8.12    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Released Parties, Citi, Citi's counsel, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court.  This provision does not include any claim by any party for breach of this Stipulation.

**9.      Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges and Expenses**

9.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any and all such fees, expenses, charges, and costs awarded by the Court (the "Fee and Expense Award"), shall be payable solely out of the Settlement Fund.

9.2    Plaintiffs may submit an application or applications to the Court (the "Plaintiffs' Service Award Application") for an award for their time and expense in representing the Settlement Class.  Any such amounts awarded to Plaintiffs, as approved by the Court (the "Plaintiffs' Service Award"), shall be payable solely out of the Settlement Fund.

9.3     The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following entry of an order by the Court granting such award.  In the event that the Effective Date does not occur, or the order making the Fee and Expense Award pursuant to Paragraph 9.1 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Plaintiffs' Counsel shall, in an amount consistent with such reversal, modification, cancellation, or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) days from receiving notice from Citi's counsel or from a court of competent jurisdiction.  Any refunds required pursuant to this paragraph shall be the several obligation of each Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel, as a condition of receiving such fees and/or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

9.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award or Plaintiffs' Service Award to be paid out of the Settlement Fund are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application or Plaintiffs' Service Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and Order of Dismissal (including the releases contained herein).

9.5     The Released Citi Parties shall not have any responsibility for or liability with respect to the payment of any Fee and Expense Award to any Plaintiffs' Counsel, or with respect

23

to the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**10.  Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)    the Settlement Amount has been deposited into the Escrow Account as provided by Paragraph 3.1;

(c)    no party has exercised its option to terminate the Stipulation pursuant to Paragraphs 10.2 or 10.4 and any request for relief pursuant to Paragraph 10.4 has been resolved by the Mediator;

(d)    the Court has entered the Preliminary Approval Order;

(e)    the Court has entered the Judgment and Order of Dismissal that, *inter alia*, dismisses with prejudice the Action, as to Citi; and

(f)    the Judgment and Order of Dismissal has become Final.

10.2    Plaintiffs, through Lead Counsel, and Citi, through Citi's counsel, shall, in each of their separate discretions, have the right to terminate the Settlement set forth in this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which:  (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Settlement Agreement or any material part of it; (iii) the Court enters an order declining to enter the Judgment and Order of Dismissal in any material respect;

or (iv) the Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect.  Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, Plaintiffs' Service Award Application, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

10.3     The Settlement is non-recapture, *i.e.*, this is not a claims-made settlement.  As of the Effective Date, Citi shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in Paragraph 10.1, any and all remaining interest or right of Citi, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in Paragraph 10.1 are not met, then the Stipulation shall be canceled and terminated subject to Paragraph 10.5, unless Lead Counsel and counsel for Citi mutually agree in writing to proceed with the Settlement.

10.4     If, prior to the Settlement Hearing, one or more putative members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class ("Opt-Outs"), the processes set forth in this paragraph shall apply.  Such Persons who timely request exclusion from the Settlement Class with respect to Citi, shall be excluded from the Settlement Class with respect to all other Defendants.

(a)     Plaintiffs shall provide a list of those Persons, if any, who have filed a request to be excluded from the Settlement Class ("Request for Exclusion"), together with all such Requests for Exclusion, to Citi within five (5) business days of the deadline set by the Court for the filing of Requests for Exclusion.  If, after Citi receives the list of the Opt-Outs, it decides to request some relief, the Settling Parties shall first meet and confer in good faith.  If the Settling

Parties are unable to reach agreement and Citi asserts that the total Requests for Exclusion represent a material portion of transactions during the Settlement Class Period that would be eligible for compensation under the Settlement, and their exclusion would materially reduce the value of the Settlement to Citi (the "Materiality Threshold"), then Citi may present the issue of whether the total Requests for Exclusion meet the Materiality Threshold and, if so, the issue of the appropriate remedy to an independent and neutral mediator (the "Mediator") to be selected in good faith by mutual agreement of the Settling Parties and all other Defendants whose settlement agreements are submitted for approval simultaneously with this Settlement Agreement (the "Additional Settling Defendants").  The Mediator's determinations, which shall be made after a consolidated mediation involving the Settling Parties and each Additional Settling Defendant who seeks mediation under Paragraph 10.4(a) of its Settlement Agreement, shall be binding on the Settling Parties.

(b)     The Mediator shall have sole discretion to determine what, if any, reduction remedy is warranted due to a material impact on the value of the Settlement to Citi by the Requests for Exclusion.  If the Mediator in his sole discretion selects some reduction as the appropriate remedy, he may not provide for a reduction in the Settlement Amount greater than a one-to-one ratio:  that is, he may not reduce the Settlement Amount by more than the Opt-Outs would likely have been eligible to receive collectively (but for their exclusion) from the Settlement Fund (assuming all putative class members submitted claims).  The Mediator is not required to grant any reduction or to impose a one-to-one ratio if he determines no such reduction is appropriate.

(c)     In the event the Mediator determines some reduction is appropriate, the amount of the reduction shall be paid to Citi from the Settlement Fund.

(d)      In the alternative to seeking a reduction, Citi may seek to terminate the Settlement if, upon application from a settling Defendant, the Mediator determines in his sole discretion that the reduction remedy is not adequate to preserve the essential benefits of the Settlement to Citi.  Any application by Citi for termination relief under this Paragraph must be made in writing within 14 days following the receipt from Plaintiffs of the list of Opt-Outs and accompanying information required to be provided pursuant to Paragraph 10.4(a) hereof, or within seven (7) days of a determination on the reduction remedy by the Mediator, whichever is later.   If termination relief is granted to Citi, any termination shall be effected solely in accordance with the termination provisions of this Agreement.

(e)      Promptly after receipt of any such materials, Lead Counsel shall deliver to Citi's counsel copies of all (i) Requests for Exclusion received (including all information provided by the Persons or entities making the requests concerning their transactions and/or potential claims), (ii) information the Claims Administrator possesses concerning the volume of trading within the scope of the Released Claims by Persons who have timely requested exclusion, and (iii) written revocations of Requests for Exclusion.

(f)      The Settling Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

10.5    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Citi or Lead Counsel to the Escrow Agent, the Settlement Fund, less Class Notice and Administration Expenses, Taxes, and Tax Expenses reasonably and actually incurred shall be refunded pursuant to written instructions

from counsel for Citi.  At the written direction of counsel for Citi, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund.

10.6    Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Releasing Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action.  In such event, the terms and provisions of the Stipulation, with the exception of Paragraphs 5.1, 10.5 and 11.3, shall have no further force and effect with respect to the Releasing Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Releasing Parties shall be deemed to return to their status as of the Execution Date.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation, the Fee and Expense Award, or the Plaintiffs' Service Award shall constitute grounds for cancellation or termination of the Stipulation.

### 11.    Confirmatory Discovery

11.1    In consideration for the dismissal of the Action and the release of the Released Class Claims as against Citi, Citi agrees to provide confirmatory discovery as set forth in this Section 11.  All confirmatory discovery requested by Lead Counsel shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided.  Citi shall provide the reasonable confirmatory discovery described herein to the extent it is not prevented from doing so by any court order or any law, regulation, policy, or other rule of any regulatory agency or governmental body restricting disclosure of documents or information, or by any express objection from a regulatory agency or governmental body.

11.2    Notwithstanding any other provision in this Settlement Agreement, Citi may assert, where applicable, the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection with respect to any documents, material, and/or information requested under this Settlement Agreement.  None of the confirmatory discovery provisions are intended to, nor do they, waive any such privileges or protections.  Counsel for Citi will meet with Lead Counsel as is reasonably necessary to discuss any applicable domestic or foreign privilege or protection.  Any disputes regarding privilege, protection or restriction that cannot be resolved by the parties shall be reserved for resolution by the Court.  If any document protected by the work-product doctrine, the attorney-client privilege, the common interest privilege, the joint defense privilege, the bank regulatory or examination privilege, obligations under applicable data privacy laws or regulations, and/or any other applicable privilege or protection is accidentally or inadvertently produced, Lead Counsel shall, upon notice from Citi, promptly cease reviewing the document and return or destroy the document within five (5) business days.  Lead Counsel shall also delete or destroy the portions of any other documents or work product which refer to or summarize the document.  The production of any such document shall in no way be construed to have waived any privilege or protection attached to such document.

11.3    The confidentiality of any documents, materials and/or information provided to Plaintiffs pursuant to these confirmatory discovery provisions shall be covered by the protective order in effect in the Action.  If no protective order is in effect, any such documents, materials and/or information, unless otherwise agreed between the Settling Parties, shall be maintained as confidential and available only to Lead Counsel and counsel for Citi.  The parties expressly agree

that any use of the documents, materials and/or information provided in connection with Citi's confirmatory discovery, including without limitation oral presentations, may be used directly or indirectly by Plaintiffs or Lead Counsel solely in connection with the prosecution of the Action, but not for the institution or prosecution of any other action or proceeding against any Released Party for any other purpose whatsoever, including, but not limited to, actions or proceedings in jurisdictions outside the United States.

11.4    Subject to the foregoing paragraphs, no later than the Execution Date of this Settlement, Citi shall begin making reasonable preparations to provide Plaintiffs and Settlement Class Members the following confirmatory discovery, and shall begin providing such confirmatory discovery as soon as practicable after entry of the Preliminary Approval Order, with completion a reasonable time thereafter.

(a)    Citi shall produce reasonably available transaction data maintained by Citi involving ISDAfix Instruments from the Settlement Class Period.  In advance of the production, the parties will meet and confer on production format and the scope of the data to be produced.

(b)    Citi shall produce to Plaintiffs materials produced in response to past or pending requests to the CFTC (or, to the extent non-duplicative in any material respect, any other regulator) which relate to potential wrongdoing related to ISDAfix Benchmark Rates, such determinations to be made in good faith and subject to conferrals.

(c)    Citi shall provide an attorney proffer, or in lieu of such proffer, shall make information similarly available through alternative means such as attorney participation in the witness interviews discussed below, regarding Citi's conduct alleged in the Amended Complaint.

(d)    Citi shall provide interviews with up to three current Citi employees (to the extent reasonably available) regarding Citi's conduct alleged in the Amended Complaint.

The timing of such interviews shall be mutually agreed upon by Lead Counsel and counsel for Citi.

11.5    Citi agrees to meet and confer in good faith regarding future requests from Lead Counsel for additional available documents, transaction data, and other information beyond the items specified in Paragraph 11.4(a)-(d) above in the event that any such documents, data, and/or other information are necessary for Lead Counsel to prosecute any remaining causes of action against non-Released Parties in this Action.  Citi need not agree to requests that are unreasonable or unduly burdensome, and need not agree to requests for which Plaintiffs cannot demonstrate a substantial need that cannot be reasonably met through alternative means.   In the event they cannot agree, such disputes shall be resolved by the Court.

### 12.    Miscellaneous Provisions

12.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

12.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action and the Released Claims, or which could have been asserted with respect to the Action based on the same factual predicate.   The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Parties of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

12.3    The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution,

defense, or settlement of the Action, and the Judgment and Order of Dismissal shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.4     Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings, or acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) are or may be deemed to be or may be used as admissions of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Citi; or (b) are or may be deemed to be or may be used as admissions of, or evidence of, any fault or omission of Citi in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settling Parties agree to not make any public statements that assert or imply otherwise.  The Released Citi Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel may file the Stipulation and/or the Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

12.5     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to their terms.

12.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

12.7    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

12.9    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

12.10   The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.11   Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into

any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

12.12   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

12.13   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) when delivered personally to the recipient, (b) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (c) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

> If to Plaintiffs or to Lead Counsel:
>
> David W. Mitchell
> ROBBINS GELLER RUDMAN & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> If to Citi or to Citi's counsel:
>
> Andrew A. Ruffino
> COVINGTON & BURLING LLP
> The New York Times Building
> 620 Eighth Avenue
> New York, NY 10018

12.14   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.   Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

12.15   The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

12.16   The Court shall have exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

12.17   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York, without giving effect to that State's choice-of-law principles.

12.18   If Plaintiffs reach any other settlements in this action (the "Other Settlements") in the absence of a material change in circumstances due to an amendment of the complaint, a ruling by the Court, a change in the law, or some other significant event that meaningfully alters the scope or value of the case, the Settling Parties agree that the class definition, release and settlement termination provisions applied to Citi shall be no less favorable than the corresponding provisions applicable to the Other Settlements.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated April 12, 2016.

*On Behalf of All Named Plaintiffs and the Settlement Class:*

*On Behalf of Citi:*


_____
Daniel L. Brockett
Daniel Cunningham
Marc L. Greenwald
Steig D. Olson
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP

_____
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone:  (212) 841-1000

35

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com
danielcunningham@quinnemanuel.com
marcgreenwald@quinnemanuel.com
steigolson@quinnemanuel.com

Jeremy D. Andersen (pro hac vice)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
jeremyandersen@quinnemanuel.com

Patrick J. Coughlin
David W. Mitchell
Brian O. O'Mara
ROBBINS GELLER RUDMAN
     & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com

Christopher M. Burke (CB-3648)
Walter W. Noss (WN-0529)
Kristen M. Anderson (pro hac vice)
SCOTT+SCOTT,
     ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com

Fax:  (212) 841-1010
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Andrew D. Lazerow
Jamie A. Heine
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone:  (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
alazerow@cov.com
jheine@cov.com

David R. Scott (DS-8053)
Donald A. Broggi (DB-9661)
Sylvia M. Sokol (SS-0317)
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212-223-6444
Facsimile:  212-223-6334
david.scott@scott-scott.com
dbroggi@scott-scott.com
ssokol@scott-scott.com

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND; GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM; COUNTY OF MONTGOMERY, PENNSYLVANIA; COUNTY OF WASHINGTON, PENNSYLVANIA; and CITY OF NEW BRITAIN, CONNECTICUT, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; B.N.P. PARIBAS SA; CITIGROUP INC.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK AG; THE GOLDMAN SACHS GROUP, INC.; HSBC BANK PLC; ICAP CAPITAL MARKETS LLC; JPMORGAN CHASE & CO.; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL, INC.; ROYAL BANK OF SCOTLAND PLC; UBS AG; and WELLS FARGO BANK, N.A.,<br><br>                    Defendants. | Case Nos.:  14-cv-7126 (JMF)<br>                 14-cv-7907 (JMF)<br>                 14-cv-8342 (JMF)<br>                 14-cv-8365 (JMF)<br>                 14-cv-8576 (JMF)<br><br><br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENTS, CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS<br><br><br><br>Hon. Jesse M. Furman |

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Plaintiffs[2] have entered into and executed Stipulations and Agreements of Settlement that are listed on Exhibit 1 hereto (each a "Settlement Agreement" and collectively, the "Settlement Agreements") with Bank of America N.A. ("Bank of America"); Barclays Bank PLC ("Barclays"); Citigroup Inc. ("Citigroup"); Credit Suisse AG, New York Branch ("Credit Suisse"); Deutsche Bank AG ("Deutsche Bank"); JPMorgan Chase & Co. ("JPMorgan"); and Royal Bank of Scotland PLC ("RBS") (collectively, the "Settling Defendants" and together with Plaintiffs, the "Settling Parties"), which, if finally approved by the Court, will result in the settlement of all claims against Settling Defendants;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have individually agreed to pay amounts which in the aggregate total $324,000,000 (the "Aggregate Settlement Funds"), and to provide discovery that is likely to assist with the continued prosecution of the Action as set forth in the Settlement Agreements;

WHEREAS, Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreements, each of which sets forth the terms and conditions of the Settlement of the Action against each Settling Defendant and for dismissal of the Action against each Settling Defendant with prejudice upon the terms and conditions set forth in the Settlement Agreements;

WHEREAS, Plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

---

[1]     As defined in the Settlement Agreements, the "Action" means the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

[2]     As defined in the Settlement Agreements, "Plaintiffs" are Alaska Electrical Pension Fund; County of Beaver, Pennsylvania; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania.

WHEREAS, Plaintiffs have requested that Lead Counsel be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

WHEREAS, the Settling Parties have agreed to the entry of this [Proposed] Order Preliminarily Approving Settlement Agreements, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Order"); and

WHEREAS the Court has read and considered the Settlement Agreements and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreements, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise defined herein.

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENTS

2.      Upon review of the record, the Court preliminarily finds that the Settlement Agreements resulted from arm's-length negotiations between highly experienced counsel and fall within the range of possible approval.  The Court hereby preliminarily approves the Settlement Agreements, subject to further consideration at the Fairness Hearing described below.  The Court preliminarily finds that the settlements encompassed by the Settlement Agreements raise no obvious reasons to doubt their fairness and provide a reasonable basis for presuming that the Settlement Agreements satisfy the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreements should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II.     PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

all Persons or entities who entered into, received or made payments on, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all of the Released [[Bank]] Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

4.      Solely for purposes of the settlements, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the  Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.      If the Effective Date does not occur with respect to one or more of the Settlement Agreements because of the failure of a condition that affects such Settlement Agreement(s), this conditional certification of the Settlement Classes shall be deemed null and void as to the Settling Parties subject to such Settlement Agreement(s) without the need for further action by the Court or any of the Settling Parties.  In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

III.    **CLASS COUNSEL AND CLASS REPRESENTATIVES**

6.      The law firms of Robbins Geller Rudman & Dowd LLP, Scott+Scott, Attorneys at Law, LLP, and Quinn Emanuel Urquhart & Sullivan, LLP are preliminarily appointed, solely for settlement purposes, as Lead Counsel for the Settlement Class.

7.      Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

IV.    **PLAN OF DISTRIBUTION, NOTICE, AND FAIRNESS HEARING**

8.      At a later date after each of the Settling Defendants produces a list of names and addresses of members of the Settlement Class and transaction data pursuant Paragraphs 8.2 and 11.4(a) of the Settlement Agreements, Plaintiffs shall submit for the Court's approval a proposed Plan of Allocation of the Aggregate Settlement Funds (and including all interest and income earned thereon after being transferred to the Escrow Account).

9.      At a later date after each of the Settling Defendants produces a list of names and addresses of members of the Settlement Class and transaction data pursuant Paragraphs 8.2 and 11.4(a) of the Settlement Agreements, Plaintiffs shall submit for the Court's approval a proposed notice plan for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreements, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Settlement Hearing to be scheduled by the Court, and their right to appear at the Settlement Hearing.

10.     At or after the Settlement Hearing, the Court shall determine whether each Settlement Agreement, the proposed Plan of Distribution, any application for service awards, and any application for attorneys' fees and/or expenses for Plaintiffs' Counsel should be finally approved.

V.    **OTHER PROVISIONS**

11.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

12.     The Court approves Plaintiffs' designation of Epiq Systems, Inc. as the Claims Administrator.  Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreements.

13.     The Court approves Plaintiffs' designation of [[_]] as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreements.

14.     The Court approves the establishment of escrow accounts under the Settlement Agreements as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreements and further order(s) of the Court.

15.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Aggregate Settlement Funds shall be paid, as set forth herein and in Paragraph 3.9 of the Settlement Agreements, up to the sum of $500,000.  In the event the Court does not approve one or more of the Settlement Agreements, or if one or more of the Settlement Agreements otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 3.9 of the Settlement Agreements.

16.     In the event that one or more of the Settlement Agreements is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to such Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling

Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of a Settlement Agreement, Paragraphs 5.1, 10.5, and 11.3 of such Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Any portion of the Settlement Fund previously paid by or on behalf of the respective Settling Defendant, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph 9.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $500,000 per Settling Defendant without the prior approval of the Court) shall be returned to such Settling Defendant within five (5) business days after written notification of such event is sent by counsel for the Settling Defendant(s) or Lead Counsel to the Escrow Agent.  At the request of such Settling Defendant, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Settling Defendant.

17.     Each of the Settling Defendants has denied wrongdoing or liability in connection with the allegations in the Action.  As such, nothing in the Settlement Agreements constitutes an admission by any of the Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Class under Fed. R. Civ. P. 23 for purposes of settlement only.

18.     All proceedings in the Action with respect to Settling Defendants are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreements or comply with their terms.  Pending final determination of whether the Settlement Agreements should be approved, neither Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any of the Released Class Claims against any of the Settling Defendants.

19.     All Class Members shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the Settlement Agreements, whether favorable or unfavorable to the Settlement Class.

20.     Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any member of the Settlement Class who does not enter an appearance will be represented by Lead Counsel.

IT IS SO ORDERED.

DATED: _____          _____
                                                                    HON. JESSE M. FURMAN
                                                                    UNITED STATES DISTRICT JUDGE

## <u>EXHIBIT 1</u>

Stipulation and Agreement of Settlement with Bank of America, N.A.

Stipulation and Agreement of Settlement with Barclays Bank PLC

Stipulation and Agreement of Settlement with Citigroup Inc.

Stipulation and Agreement of Settlement with Credit Suisse AG, New York Branch

Stipulation and Agreement of Settlement with Deutsche Bank AG

Stipulation and Agreement of Settlement with JPMorgan Chase & Co.

Stipulation and Agreement of Settlement with Royal Bank of Scotland PLC

# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND; GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM; COUNTY OF MONTGOMERY, PENNSYLVANIA; COUNTY OF WASHINGTON, PENNSYLVANIA; and CITY OF NEW BRITAIN, CONNECTICUT, on behalf of themselves and all others similarly situated, | Case Nos.: 14-cv-7126 (JMF)<br>14-cv-7907 (JMF)<br>14-cv-8342 (JMF)<br>14-cv-8365 (JMF)<br>14-cv-8576 (JMF) |
| Plaintiffs, | |
| vs. | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL |
| BANK OF AMERICA CORPORATION; BARCLAYS BANK PLC; B.N.P. PARIBAS SA; CITIGROUP INC.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK AG; THE GOLDMAN SACHS GROUP, INC.; HSBC BANK PLC; ICAP CAPITAL MARKETS LLC; JPMORGAN CHASE & CO.; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL, INC.; ROYAL BANK OF SCOTLAND PLC; UBS AG; and WELLS FARGO BANK, N.A., | Hon. Jesse M. Furman |
| Defendants. | |

This matter came before the Court for hearing pursuant to Plaintiffs' application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement with the [[Settling Bank]], dated March [[X]], 2016 (the "Settlement Agreement").  The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4.     Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the settlement between Plaintiffs,[1] for themselves individually and on behalf of each Settlement Class Member in the Action, and [[Defendant entities]] ("[[Bank]]" and together with Plaintiffs, the "Settling Parties"), and any objections and responses thereto, pursuant Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure the Court hereby certifies solely for settlement purposes the following Settlement Class:

> all Persons or entities who entered into, received or made payments on, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all of the Released [[Bank]] parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

---

[1]     Plaintiffs are Alaska Electrical Pension Fund; County of Beaver, Pennsylvania; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania.

5.      The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6.      The law firms of Robbins Geller Rudman & Dowd LLP, Scott+Scott, Attorneys at Law, LLP, and Quinn Emanuel Urquhart & Sullivan, LLP are appointed, solely for settlement purposes, as Lead Counsel for the Settlement Class.

7.      Plaintiffs Alaska Electrical Pension Fund; County of Beaver, Pennsylvania; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; and County of Washington, Pennsylvania are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by*

*Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).  Moreover, the Court concludes that:

> a.      The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

> b.      This Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

> c.      Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

> d.      The Settlement Class Members' reaction to the Settlement set forth in the Settlement Agreement is entitled to great weight.

9.      Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Class Claims, against [[Bank]] and Released [[Bank]] Parties by the Plaintiffs and Releasing Class Parties are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10.      The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement from which members of Settlement Class are entitled to recover.

11.      Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released [[Bank]] Parties (whether or not such

Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Class Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Class Claims against any Released [[Bank]] Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Class Parties to pursue claims, if any, outside the scope of the Released Class Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

12.     Upon the Effective Date, each of the Releasing [[Bank]] Parties: (i) shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants' Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims.  This Final Judgment and Order of Dismissal shall not affect in any way the right of [[Bank]] or Releasing [[Bank]] Parties to pursue claims, if any, outside the scope of the Released Defendants' Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

13.     Upon the Effective Date, any claims for contribution, indemnification, or similar claims from other Defendants in the Action against any of the Released [[Bank]] Parties, arising out of or related to the Released Class Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or

deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released [[Bank]] Parties.

14.    All rights of any Settlement Class Member against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than [[Bank]] and Released [[Bank]] Parties with respect to Released Class Claims are specifically reserved by Plaintiffs and the Settlement Class Members.  To the extent permitted and/or authorized by law, all transactions relating to or arising from entry into, receipt of payments on, or terminations of any ISDAfix Instrument with [[Bank]], remain in the case against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than [[Bank]] and Released [[Bank]] Parties, as a potential basis for damage claims and may be part of any joint and several liability claims.

15.    The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

16.    The Plan of Allocation submitted by Plaintiffs is approved as fair, reasonable, and adequate.

17.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of the Released [[Bank]] Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released [[Bank]] Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The

Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  The Released [[Bank]] Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 5.1, 10.5, and 11.3 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

20.     The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

21.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.   The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

IT IS SO ORDERED.

DATED: _____          _____
                                    HON. JESSE M. FURMAN
                                    UNITED STATES DISTRICT JUDGE