USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/06/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
ALASKA ELECTRICAL PENSION FUND, ET AL., :
:
                         Plaintiffs, :      14-CV-7126 (JMF)
        -v- :
:       CIVIL CASE
BANK OF AMERICA, N.A., ET AL., :    MANAGEMENT PLAN
:      AND SCHEDULING
                      Defendants. :          ORDER
:
------------------------------------------------------------------------X

      Upon review of the parties' joint letter of April 28, 2016, and competing proposed Case Management Plans, and following the initial pretrial conference held on the record yesterday, this Civil Case Management Plan and Scheduling Order is entered in accordance with Fed. R. Civ. P. 16(b). The following dates and deadlines apply only to the Non-Settling Defendants, as that term is defined in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement Agreements (Docket No. 221, at ix).

1.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by **December 30, 2016**.

2.    Limited initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) (*i.e.*, disclosure of witnesses covered by 26(a)(1)(A)(i)) shall be completed no later than **May 17, 2016**. The remainder of initial disclosures required under Rule 26(a)(1) shall be completed no later than **June 27, 2016**.

3.    Discovery

     a.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

     b.   Production of documents that may be used by the parties in connection with Plaintiffs' motion for class certification shall be substantially completed by **January 13, 2017**.

     c.   The Court will not formally "bifurcate" discovery in light of the fact that the merits are relevant to the issue of class certification. Nevertheless, the parties shall prioritize discovery necessary for class certification, and **all** fact discovery relating to class certification shall be completed by **March 17, 2017**. All expert discovery relating to class certification shall be completed in accordance with the deadlines discussed in paragraph 5 below.

    d. **Within one week of the Court's ruling on Plaintiffs' class certification motion**, the parties shall submit a joint letter advising the Court of their views on how much time they need to complete any additional discovery in light of the Court's ruling and the discovery completed prior to Plaintiffs' motion being filed.  Unless the Court orders otherwise, all remaining fact discovery shall be completed within ninety days of the Court's ruling on Plaintiffs' class certification motion, and all expert discovery on subjects other than class certification, including reports, production of underlying documents, and depositions, shall be completed within ninety days of the deadline for the completion of fact discovery.

4. Interim Discovery Deadlines

    a. Initial requests for production of documents shall be served by **May 27, 2016**.  The parties shall produce documents on a rolling basis (and shall produce privilege logs, as appropriate, on a rolling basis as well), except that Defendants shall prioritize production of materials that they previously provided to any United States regulator (including the Commodity Futures Trading Commission and the Department of Justice) and, to the extent practicable, any transaction data.

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by **May 27, 2016**.  No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ, P. 26(a).

    c. The parties shall meet and confer regarding the need for (i) any protective order; (ii) e-discovery protocols; and (iii) a Rule 502(d) order no later than **June 3, 2016**.

    d. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery.  No other interrogatories are permitted except upon prior express permission of the Court.

    e. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the deadline for the close of fact discovery.

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  f. Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty days before the close of discovery.

  g. Any of the deadlines in paragraphs 4(a) through 4(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the relevant dates set forth in paragraphs 3(c) and (d).

  h. No later than thirty (30) days prior to the deadline for completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures on subjects other than class certification, including reports, production of underlying documents, and depositions, provided that (i) expert reports of the party with the burden of proof shall be due before those of the opposing party's experts; and (ii) all expert discovery shall be completed by the deadline for completion of expert discovery (that is, the date set forth in paragraph 3(d)).

5. Class Certification Motion Practice and Class Certification Expert Discovery

  a. Plaintiffs shall file any motion for class certification by **April 14, 2017.**  By the same date, Plaintiffs shall serve expert reports relating to class certification.

  b. Depositions of Plaintiffs' class certification experts shall be completed by **May 12, 2017**.

  c. Defendants shall file any opposition to Plaintiffs' motion for class certification, supported by a single consolidated memorandum of law on behalf of all Defendants, by **June 2, 2017.**  By the same date, Defendants shall serve expert reports relating to class certification.

  d. Depositions of Defendants' class certification experts shall be completed by **July 7, 2017**.

  e. Plaintiffs shall file any reply memorandum of law by **July 28, 2017**.

  f. Unless otherwise ordered by the Court, no fact or expert discovery will be required between the date on which Plaintiffs' motion for class certification is filed and the Court's ruling on that motion.

  g. No witness shall be re-deposed during discovery following the Court's decision on class certification except on agreement between the relevant parties or with leave of Court upon a showing of good cause.

6. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

7. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may, in accordance with the Court's Individual Rules and Practices in Civil Cases, file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter *must* include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must file a responsive letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

8. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

9. As discussed during the initial pretrial conference, the parties are encouraged to discuss the use of a private mediator to facilitate further settlements. The parties should promptly advise the Court if there is anything the Court can do to facilitate settlement. The parties are cautioned that settlement negotiations generally, and the use of any alternative dispute resolution mechanism in particular, do not stay or modify any date in this Order.

10. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within sixty days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed forty-five days after the motion is served on the opposing party, and a reply, if any, is to be filed twenty-one days after service of any opposition.

11. Unless otherwise ordered by the Court, within sixty days of the close of all discovery, or, if a dispositive motion has been filed, within sixty days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

12. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

13. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

14. This case is to be tried to a jury except that a determination must be made as to whether Plaintiffs' unjust enrichment claim, which sounds in equity, should be tried by the Court.

15. The next pretrial conference is scheduled for **December 14, 2016**, at **3:00 p.m.**  Unless the Court indicates otherwise, that conference (and all future conferences) shall be held in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007.

16. By **<u>Thursday of the week prior to that conference</u>**, the parties shall file on ECF a joint letter, not to exceed five (5) pages, regarding the status of the case.  The letter should include the following information in separate paragraphs:

    a. A statement of all existing deadlines, due dates, and/or cut-off dates;

    b. A brief description of any outstanding motions;

    c. A brief description of the status of discovery and of any additional discovery that needs to be completed;

    d. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

    e. A statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f. A statement of whether the parties anticipate filing motions for summary judgment; and

    g. Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

17. This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.  Any application to modify or extend the dates herein (except as provided in paragraph 4(g)) shall be made in a written application in accordance with Court's Individual Rules and Practices and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended.  Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

18. Finally, the parties' having agreed that there is no reason to keep the other, related cases open in light of the Consolidated Amended Class Action Complaint, the Clerk of Court is directed to administratively close 14-CV-7907 (JMF), 14-CV-08365 (JMF), 14-CV-08342 (JMF), 14-CV-08576 (JMF), without prejudice to any party requesting reopening.

SO ORDERED.

Dated: May 6, 2016
New York, New York

_____
JESSE M. FURMAN
United States District Judge