UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                     :
ALASKA ELECTRICAL PENSION FUND, et al.,  :
                     :
          Plaintiffs,  :      14-CV-7126 (JMF)
                     :
     -v-  :      MEMORANDUM OPINION
                     :            AND ORDER
BANK OF AMERICA CORPORATION, et al.,  :
                     :
         Defendants.  :
                     :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/27/2017

JESSE M. FURMAN, United States District Judge:

      In this putative class action, familiarity with which is assumed, several institutional investors allege that Defendants, some of the world's largest banks, illegally manipulated the U.S. Dollar ISDAfix ("ISDAfix"), a benchmark interest rate incorporated into a broad range of financial derivatives.  *See generally Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44 (S.D.N.Y. 2016).  Defendants now move to compel production of "documents and information regarding Plaintiffs' transactions that are related to the swaps and swaptions" identified in the Complaint.  (Docket No. 334 ("Defs.' Mem."), at 1; Docket No. 333).  More specifically, Defendants seek production of any and all transactional materials that "(1) Plaintiffs claim are 'ISDAFIX-related,' (2) involved what Plaintiffs claim are interest rate components affected by alleged manipulation, or (3) were entered into contemporaneously or in conjunction with Plaintiffs' alleged ISDAFIX-related transactions."  (Docket No. 356 ("Defs.' Reply"), at 1).  Upon review of the parties' submissions (Docket Nos. 334, 350, 356, and 358), Defendants' motion is DENIED, substantially for the reasons set forth in Plaintiff's opposition papers[1].

---

[1]     On January 20, 2017, Plaintiffs filed a letter motion seeking leave to file a sur-reply.

First, as Defendants themselves concede (Defs.' Reply 5), the request for transactional materials that Plaintiffs claim are "ISDAFIX-related" is moot, as Plaintiffs have agreed to produce *all* documents and materials relating to transactions of the types they allege were affected by Defendants' alleged misconduct. (*See* Docket No. 350 ("Pls.' Opp'n"), at 1-2, 4-5). Second, the Court agrees with Plaintiffs that documents relating to transactions involving product types allegedly used by Defendants to manipulate ISDAfix or impacted by Defendants' alleged manipulation are irrelevant and that Defendants request for those documents is overbroad. (*See* Defs.' Reply 5; Docket No. 358 ("Pls.' Sur-Reply"), at 2). Defendants hinge their potentially expansive request on a few paragraphs in Plaintiffs' Complaint alleging that — in addition to plain vanilla swaps — *Defendants* occasionally used other interest-rate derivatives, such as Eurodollar futures and Treasuries, to manipulate the ISDAfix rate. (*See* Defs.' Reply 6; Docket No. 164 ("Amended Compl.") ¶¶ 176, 198). But Plaintiffs do not seek damages with respect to any transactions they engaged in involving those product types. (*See* Pls.' Sur-Reply 2). Given that, Defendants fail to explain how *Plaintiffs'* transactions involving those products, if any, could be relevant to any claims or defenses in this case.

Finally, Defendants make a sweeping request for discovery regarding any and all transactions that were "entered into contemporaneously or in conjunction with Plaintiffs' alleged ISDAFIX-related transactions," even if not contractually linked to ISDAfix. (Defs.' Reply 1). The Court agrees with Plaintiffs that, at bottom, Defendants' arguments in support of that request turn on the concept of "netting" — that is, the notion that a plaintiff's losses due to a defendant's misconduct should be offset by any gains due to that same misconduct. (*See, e.g.*, Defs.' Mem.

---

(Docket No. 358). That motion is GRANTED.

1-2 (seeking any transactional data that might have "mitigated Plaintiffs' alleged injury or even caused Plaintiffs to *benefit* from the alleged manipulations"); *id.* at 6 (arguing that "it is necessary to account for contemporaneous factors that may have affected Plaintiffs' financial position that are unrelated to the alleged conduct"); Defs.' Reply 2 (contending that the materials are relevant to "whether Plaintiffs suffered any injury"); *id.* at 7 (alleging that all of Plaintiffs' hedging activity is relevant as it reveals "whether Plaintiffs were impacted at all by the alleged conspiracy")).  At most, however, netting calls for offsetting transactions of the same type.  *See, e.g.*, *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 676 F. Supp. 486, 488-90 (S.D.N.Y. 1987) (applying the netting defense by offsetting the plaintiff's "claimed damages on its *silver futures positions*" by "the measure of the increase in value [of its] *physical silver holdings*" (emphasis added)); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-MD-2262 (NRB), 2015 WL 6243526, at *30 n.21 (S.D.N.Y. Oct. 20, 2015) (noting that if *LIBOR-based* swaps "hedged *LIBOR-based* bonds, then it is not clear that LIBOR manipulation could have caused any damages" (emphasis added)).

In light of that, Defendants fail to establish a need for the third category of materials they seek.  Put simply, whether or not netting is appropriate in this case at all (a dispute the parties agree the Court can and should defer to another day), Plaintiffs have agreed to produce "*every single document* that could possibly be relevant" to netting, including "all documents related to all product types that moved in response to Defendants' [alleged] manipulation, including every 'vanilla' swap, every cash- or physically-settled swaption, and every other product that is contractually-linked to ISDAfix rates."  (Pls.' Sur-Reply 2).  Other transactions — even if entered into contemporaneously or in conjunction with ISDAfix-related transactions — are not

3

relevant to even the most capacious understanding of the netting doctrine. Indeed, taken to its logical conclusion, Defendants' argument would suggest that they should be entitled to full access to *all* of Plaintiffs' portfolios and every transaction Plaintiffs entered into during the relevant time period, whether ISDAfix-related or not. That would be absurd on its face. Limiting the request to transactions that are contemporaneous or in conjunction with Plaintiffs' ISDAfix-related transactions may be somewhat less absurd, but it is not enough to pass either the relevance or proportionality tests embodied in Rule 26 of the Federal Rules of Civil Procedure. *See Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901, at *2 (S.D.N.Y. Nov. 16, 2016).

For the foregoing reasons, Defendants' motion to compel is DENIED. The Clerk of Court is directed to terminate Docket Nos. 333 and 358.

SO ORDERED.

Dated: January 26, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge