```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
ALASKA ELECTRICAL PENSION FUND, et al.,                               :
                                                                      :
                                  Plaintiffs,                         :      14-CV-7126 (JMF)
                                                                      :
                   -v-                                                :      MEMORANDUM OPINION
                                                                      :           AND ORDER
BANK OF AMERICA CORPORATION, et al.,                                  :
                                                                      :
                                  Defendants.                         :
                                                                      :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this putative class action, familiarity with which is assumed, several institutional investors allege that Defendants, some of the world's largest banks, illegally manipulated the U.S. Dollar ISDAfix, a benchmark interest rate incorporated into a broad range of financial derivatives. *See generally Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44 (S.D.N.Y. 2016). Plaintiffs now move, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an Amended Complaint — among other things, to add new named Plaintiffs and to make several "housekeeping" changes. (Docket No. 352). Upon review of the parties' submissions (Docket Nos. 352, 353, 361, 370), Plaintiffs' motion to amend is GRANTED, substantially for the reasons set forth in Plaintiffs' briefing.

Rule 15 provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005). A district court, however, "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In this case, although it

would have been preferable for Plaintiffs to seek leave earlier, the Court agrees with Plaintiffs that there is no evidence of either bad faith or undue delay.  *See, e.g., Perez v. MVNBC Corp.*, 15-CIV-6127 (ER), 2016 WL 6996179, at *5 (S.D.N.Y. Nov. 29, 2016) ("[A] moving party's delay, absent bad faith or prejudice, is not a sufficient reason to deny a motion to amend.").  Plaintiffs filed their motion by the deadline set for seeking leave to amend (although, admittedly, on the last possible day).  (Docket Nos. 224, 328).  And although Plaintiffs could have moved sooner with respect to some of the proposed changes, the record makes clear that they did not possess all of the relevant facts until shortly before seeking Defendants' consent and filing their motion.  *See, e.g.*, *Am. Med. Assoc. v. United Healthcare Corp.*, No. 00-CIV-2800 (LMM), 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006) (finding no undue delay even where the plaintiffs moved to amend several months after discovering the relevant facts).

Defendants' prejudice argument similarly falls short, as they fail to demonstrate that "substantial prejudice" would result if the motion were granted, given, among other things, the amount of time left in discovery.  *Alexander Interactive, Inc. v Adorama, Inc.*, No. 12-CIV-6608, 2014 WL 113728 (PKC) (JCF), at *3 (S.D.N.Y. Jan. 13, 2014); *see also United States v. Cont'l Ill. Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.").  Finally, Defendants' futility arguments go largely — if not entirely — to the merits, rendering them inappropriate for resolution on a motion for leave to amend.  *See, e.g.*, *Allison v. Clos-ette Too, LLC*, 14-CIV-1618 (LAK) (JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015) ("A court may deny a motion to amend as futile only where no colorable grounds exist to support the proposed claim; if it sets forth facts and circumstances which may entitle the plaintiff to

relief, then futility is not a proper basis on which to deny the amendment." (internal quotation marks omitted)); *Cinelli v. Oppenheim-Ephratah Cent. Sch. Dist.*, No. 07-CIV-235 (DNH) (GJD), 2008 WL 111174, at *1 (N.D.N.Y. Jan. 7, 2008) ("When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment."). In short, where, as here, Plaintiffs' amended claims are neither "clearly frivolous [n]or legally insufficient on [their] face," leave to amend should be granted freely. *Laboy v. Bd. of Trs. of Bldg. Serv. 32 BJ SRSP*, No. 11-CIV-5127 (HB), 2012 WL 701397, at *3 (S.D.N.Y. Mar. 6, 2012). Accordingly, Plaintiffs' motion is granted.[1]

One housekeeping issue remains. Defendants sought leave to file several exhibits under seal, and the Court temporarily granted that request. (Docket Nos. 360, 363). Defendants also request that, if Plaintiffs' motion to amend is granted, the names of individual employees referenced in the Amended Complaint be either redacted or replaced by pseudonyms. (Docket No. 378). In light of the privacy interest of the third parties and the minimal public interest in the specific identities of these individuals, Defendant's latter request is GRANTED. With respect to the former, however, the "mere fact that information is subject to a confidentiality agreement between litigants" — the sole rationale cited by Defendants — "is not a valid basis to

---

[1] Notwithstanding the foregoing, the allegations against Wells Fargo in Paragraph 31 of Plaintiffs' Amended Complaint, and those claims that were dismissed in the Court's ruling on Defendants' prior motion to dismiss are stricken. *See Alaska Elec. Pension* Fund, 175 F. Supp. 3d at 67-68. Plaintiffs concede that the former are in error (*see* Docket No. 370, at 10 n.8), and allege the latter solely for purposes of preservation. *See, e.g.*, *In re Alstom SA Sec. Litig.*, 454 F. Supp. 2d 187, 216-17 (S.D.N.Y. 2006) (striking previously dismissed claims as "immaterial to the [] pending allegations" and noting that plaintiffs have "no need . . . to maintain the allegations in the complaint in order to preserve their rights on appeal").

overcome the presumption in favor of public access to judicial documents." *Kia Song Tang v. Glocap Search LLC*, No. 14-CIV-1108 (JMF), 2015 WL 1344788, at *7 (S.D.N.Y. Mar. 24, 2015).  If Defendants wish for those exhibits to remain under seal, they shall, within **three days** of this Memorandum Opinion and Order, show cause in writing why doing so would be consistent with the presumption in favor of public access to judicial documents.  If Defendants do not make such a submission, they shall promptly file the relevant documents on ECF.

For the foregoing reasons, Plaintiffs' motion to amend is GRANTED.  Plaintiffs shall file their Amended Complaint — redacted in accordance with Defendants' request — within **three days** of this Memorandum Opinion and Order.

The Clerk of Court is directed to terminate Docket No. 352.

SO ORDERED.

Dated: January 26, 2017
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge