```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                :
ALASKA ELECTRICAL PENSION FUND et al.,          :
                                                :
                              Plaintiffs,       :   No. 14-CV-7126 (JMF)
                                                :
              - against -                       :   JOINT STATUS REPORT
                                                :
BANK OF AMERICA, N.A. et al.,                   :
                                                :
                              Defendants.       :
                                                :
------------------------------------------------------------------x
```

The Court requested a joint status report to be filed by March 31, 2017, prior to the pretrial conference scheduled for April 7, 2017.  *See* Order, Dkt. No. 381.  Plaintiffs and Non-Settling Defendants ("Defendants") hereby submit this filing in response to the Court's request.

**A statement of all existing deadlines, due dates, and/or cut-off dates**

The existing deadlines, due dates, and/or cut-off dates are set out below and in Appendix A attached hereto.

Defendants request that the Court adjourn the pretrial conference scheduled for April 7, 2017 for at least a week because principal trial counsel for several of the Defendants plan to attend a third-party deposition of an ISDA representative scheduled for April 6, 2017 in London.  Those trial counsel would be unable to also appear in Your Honor's courtroom for the status conference the following morning, as required by Your Honor's rules.  The deposition of the ISDA representative was scheduled for April 6 to accommodate the witness, who will be on maternity leave shortly.  Defendants have not previously asked for an adjournment of this status conference.  Plaintiffs consent to the adjournment.

**A brief description of any outstanding motions**

<u>Defendants' Joint Motion to Partially Dismiss Plaintiffs' Antitrust Claims</u>

Defendants filed a joint motion to partially dismiss Plaintiffs' antitrust claims on March 6, 2017.  Plaintiffs filed their opposition brief on March 28, 2017.  Defendants are scheduled to file their reply brief on April 7, 2017.

<u>Nomura Securities International, Inc.'s Partial Motion to Dismiss</u>

Nomura Securities International, Inc. ("Nomura") moved to dismiss Counts II and IV of the Second Consolidated Amended Class Action Complaint ("Complaint") on March 6, 2017.  Plaintiffs filed their opposition brief on March 28, 2017.  Nomura is scheduled to file its reply brief on April 7, 2017.

<u>Wells Fargo Bank, N.A.'s Partial Motion to Dismiss</u>

Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss Counts II and IV of the Complaint on March 6, 2017.  Plaintiffs filed their opposition brief on March 28, 2017.  Wells Fargo is scheduled to file its reply brief on April 7, 2017.

**A brief description of the status of discovery and of any additional discovery that needs to be completed**

The parties continue to negotiate the scope of documents to be produced by Plaintiffs, and Defendants intend to seek relief from the Court if the parties do not reach agreement.  Except for this and the issues described below, the parties have otherwise agreed on document discovery and transactional data to be produced.  The productions are in process and depositions have started to be scheduled.

*Location for Depositions of Plaintiffs*:

Defendants' Position:  Plaintiffs refuse to appear for depositions within this District, instead insisting that counsel for Defendants travel for such depositions, including, in at least one instance, outside of the country.  While Defendants would always consider a request

2

premised on a witness's health or similar extraordinary circumstances, Defendants insist that except in such extraordinary circumstances, corporate representatives and current employees of Plaintiffs who brought this action in this District must come to this District.  Defendants intend to seek relief from the Court if Plaintiffs do not agree to make their party witnesses available in this District in accordance with well-settled law.

      Plaintiffs' Position:  Certain Plaintiffs located outside of New York have expressed a preference that depositions of their witnesses occur – as an accommodation for individual circumstances – at or near the locations those witnesses work.  The parties are discussing these individual requests in the context of trying to reach agreement on the appropriate location for every deposition noticed, by either Plaintiffs or Defendants, in this case.

<u>Plaintiffs</u>

    *ICAP*

      ICAP and Plaintiffs reached agreement in November 2016 regarding additional search terms for existing CFTC custodians, search terms for six new custodians, and an expanded time period.  ICAP has made rolling productions on this basis, but recently informed Plaintiffs it estimates completing its production of documents from the CFTC custodians at or near April 13, 2007, and only then will begin reviewing documents for the six additional custodians.  ICAP has indicated it will not complete production of the documents for the additional six custodians until June 17, 2017, but insists (without explanation) that these additional documents are not relevant to Plaintiffs' class certification analysis.  ICAP also has not indicated when it will complete review of the expanded time period.  The parties therefore disagree regarding whether the foregoing constitutes ICAP's compliance with the April 13, 2017 deadline, and Plaintiffs respectfully request that the Court reiterate that ICAP must meet this deadline for the documents it has agreed to produce.

*ICAP Response:*

Plaintiffs' counsel told us for the first time today that it is their position that "substantial completion" of document discovery under the scheduling order actually means production of 100% of all responsive documents by the substantial completion of class discovery date. In fact, ICAP has already produced nearly all responsive documents, and its production will be 100% complete before the cutoff for all class certification discovery on June 17, 2017. Plaintiffs' position is untenable given the reality of what ICAP has already produced as compared to the small amount that remains. Many months ago, ICAP produced nearly 1,000,000 documents comprised of, among other things, communications, compliance and training materials, and transaction data that were produced to the Commodity Futures Trading Commission ("CFTC"). Plaintiffs then demanded additional transaction data and that ICAP conduct new searches on the database of the original 40 custodians that had already been searched using the CFTC's search terms but instead using Plaintiffs' search terms, and that ICAP then produce communications for 6 additional custodians using Plaintiffs' search terms for the expanded time period. The parties did not reach agreement on the new search terms for the original 40 custodians and the search terms for the additional 6 custodians until the very end of November. Since that time, ICAP has produced all of the additional transaction data requested and is completing the review and production of additional documents from the original 40 custodians. Tellingly, as we predicted to Plaintiffs' counsel, of the more than 130,000 additional documents that we have reviewed from the original 40 custodians, the responsiveness rate has been less than 5%. The review of the 6 new custodians' documents will not be completed by April 13th, although we have told Plaintiffs' counsel that it will be done on or before the June 17th deadline for completion of class certification discovery. Plaintiffs are in no way prejudiced by this. By then, ICAP will have provided Plaintiffs with all of the transaction data they have

sought, as well as approximately 95% of ICAP's production of other categories of documents. Plaintiffs' counsel's counterintuitive interpretation of "substantial" completion not only does not comport with the meaning of the word, but it also contradicts what Plaintiffs' counsel, Mr. Brockett, told the Court at the November 17, 2016 status conference, that it is the transaction data that is "essential" for class certification purposes (11/17/16 Hr'g Tr. at 11). Plaintiffs already have all of that data along with numerous other documents and a vast quantity of communications; it is not apparent that any additional communications that remain to be produced would be relevant to Plaintiffs' class certification analysis.

*UBS/HSBC*

UBS/HSBC and Plaintiffs reached agreement in mid-February 2017 regarding additional search terms for existing CFTC custodians, and for a limited number of new custodians. To date, neither UBS nor HSBC has made any productions based on these parameters. On March 30, 2017, UBS and HSBC informed Plaintiffs that: (1) they would not produce the associated documents by April 13, 2017 (while not explaining how many documents this included, nor when they would be produced); but (2) they nonetheless believed they were in compliance with the April 13 deadline because these documents are not related to class certification (without specifying how or why this is the case). Plaintiffs believe this runs contrary to the intent and spirit of the Court's schedule (*see* Dkt.No. 328). The parties therefore disagree as to whether the foregoing constitutes UBS's and/or HSBC's compliance with the April 13, 2017 deadline, and Plaintiffs respectfully request that the Court reiterate that both UBS and HSBC must meet this deadline for the documents each has agreed to produce.

*HSBC Response*:

HSBC expects to substantially complete its production of documents that may be used in connection with class certification by the April 13 deadline. HSBC has already produced

5

all of the documents that were previously produced to the CFTC in connection with its ISDAfix investigation. That production was comprehensive and thorough, and included over 660,000 pages of documents. HSBC has also produced substantial additional transaction data, including its USD swaptions and swaps data for its transactions with external counterparties, as well as organizational charts, manuals, and other documents. HSBC is continuing to work on reviewing and producing the transactional data for structured notes and other products that could potentially be linked to ISDAfix.

HSBC has further agreed to perform an additional search terms/custodian review pursuant to Plaintiffs' request. While HSBC does not believe such review is necessary given the thoroughness of its prior review as part of the CFTC investigation (which has already been produced to Plaintiffs), it has nevertheless cooperated with Plaintiffs to reach an agreement on new search terms that will be applied to thirty-six custodial files. Plaintiffs' request in that regard is substantial, and requires HSBC to gather and re-review approximately five terabytes of documents and data. HSBC is diligently working toward completing such review, even though it believes Plaintiffs' request is unnecessarily duplicative and cumulative of the searches that have already been performed.

However, given the significant size and scope of the additional search terms/custodian review requested by Plaintiffs, it will not be feasible to complete such review by April 13th nor does HSBC believe that is contemplated under the Court's schedule. The April 13 deadline is for "Substantial Completion of Production of Documents That May Be Used By the Parties in Connection with Class Certification." (*See* Dkt. No. 328). The schedule also includes a June 17, 2017 deadline "for Completing All Fact Discovery relating to Class Certification," and the deadline for "All Remaining Fact Discovery" is not until 90 days after the Court's ruling on Plaintiffs' Class Certification Motion. (*See id.*). Plaintiffs' expectation that it

could ask HSBC to re-review several terabytes of electronic discovery in less than two months' time is unrealistic and contrary to the deadlines in the Court's order, particularly given the unnecessarily duplicative nature of Plaintiffs' request.

*UBS Response*

In this report, Plaintiffs for the first time claim that the extensive additional documents that UBS agreed to collect, review, and produce are subject to the April 13 date for "substantial completion" of the production of "documents that may be used by the parties in connection with class certification." Plaintiffs' conduct for the past six months belies this new claim. Despite receiving UBS's CFTC production in early July 2016, Plaintiffs decided to wait until late September to begin to identify additional custodians, and they continued to add multiple new custodians to that list through late December. It was not until February 15, 2017 that Plaintiffs and UBS reached agreement on the additional, new custodians that UBS would agree to collect, as well as almost 100 additional search terms that Plaintiffs demanded be run against documents of the custodians whose documents they had already received (as well as the newly-identified custodians). Given the extensive breadth of the new discovery, UBS would not and could not have agreed to produce such documents by April 13. Plaintiffs never claimed during the course of the parties' discussions that they believed they required such documents for class certification, and have yet to make any such showing. Nevertheless, UBS is working diligently to make such further productions on a rolling basis, and anticipates the completion of such production in advance of June 17, 2017, the scheduling order's actual deadline for completing fact discovery relating to class certification, and certainly well in advance of the close of all merits fact discovery (90 days after the Court's ruling on Plaintiffs' class certification motion). We further note that UBS anticipates producing the extensive additional transactional records demanded by Plaintiffs by the April 14 deadline for such production, even though

7

Plaintiffs did not make certain requests for additional data until recently despite our production of transactional data to them over 7 months ago. Therefore, UBS is and will continue to be in compliance with the Court's scheduling order in all respects notwithstanding Plaintiffs' new claim to the contrary.

**Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial**

None at this time.

Respectfully Submitted,

FRIEDMAN KAPLAN SEILER &
 ADELMAN LLP

s/ Eric Seiler
Eric Seiler
Andrew W. Goldwater
Anne E. Beaumont
Priyanka Wityk
Jamuna D. Kelley
7 Times Square
New York, New York  10036-6516
(212) 833-1100

*Attorneys for Defendant Wells Fargo Bank, N.A.*

# Appendix A

| Event | Deadline |
|---|---|
| Deadline for Joint Status letter | March 31, 2017 |
| Pretrial Conference | April 7, 2017 |
| Deadline for Substantial Completion of Production of Documents That May Be Used By the Parties in Connection with Class Certification | April 13, 2017 |
| Deadline for Production of Transaction Data from the Non-Settling defendants and all named Plaintiffs | April 14, 2017 |
| Deadline for Production of Transaction Data from the Settling Defendants | May 22, 2017 |
| Deadline for Completing All Fact Discovery relating to Class Certification | June 17, 2017 |
| Deadline for Joint Letter Advising the Court on How Much Time They Need to Complete Any Additional Discovery in Light of Ruling on Class Certification | Within one Week of Court's Ruling on Plaintiff's Class Certification Motion |
| Deadline for Rule 33.3(c) Interrogatories | No later than 30 days before the close of fact discovery |
| Deadline for Fact Witness Depositions | No later than the close of fact discovery |
| Deadline for Requests to Admit | No later than 30 days before the close of fact discovery |
| Deadline for Meet and Confer Regarding Expert Disclosures on Subjects Other than Class Certification | No later than 30 days before the close of fact discovery |
| Deadline for Plaintiffs to File any Motion for Class Certification | July 14, 2017 |
| Deadline for Depositions of Plaintiffs' Class Certification Experts | September 8, 2017 |
| Deadline for Defendants to File any Opposition to Plaintiffs' Motion for Class Certification | October 16, 2017 |
| Deadline for Depositions of Defendants' Class Certification Experts | November 21, 2017 |
| Deadline for Plaintiffs to File Any Reply Memorandum of Law | December 11, 2017 |

| | |
|---|---|
| Meet and Confer on a Schedule for Expert Disclosures on Subjects other than Class Certification | 30 Days Prior to the Deadline for Completion of All Fact Discovery |
| Deadline for All Remaining Fact Discovery | 90 Days after Court's Ruling on Plaintiffs' Class Certification Motion |
| Deadline for Court Mandated Settlement Discussions (All counsel must meet in person for at least one hour to discuss settlement) | Within 14 days following the close of fact discovery |
| Deadline for All Expert Discovery on Subjects other than Class Certification | 90 Days After the Deadline for Completion of Fact Discovery |
| Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence | Within 60 days of the close of fact or expert discovery (whichever is later) |
| Opposition to Summary Judgment Motions | Within 45 days after the motion is served on the opposing party |
| Reply Briefs in Support of Summary Judgment | Within 21 days after service of any opposition. |
| Joint Pretrial Order | Within 60 days of the close of all discovery, or, if a dispositive motion has been filed, within 60 days of a decision on such motion, |
| Deadline for Joint Proposed Verdict Forms and voir dire Questions | On or before the Joint Pretrial Order |
| If this action is to be tried to the Court, proposed findings of fact and conclusions of law | On or before the Joint Pretrial Order |