UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ALASKA ELECTRICAL PENSION FUND *et al.*,

                                         Plaintiffs,           No. 14-CV-7126 (JMF)

    - against -                             **JOINT STATUS REPORT**

BANK OF AMERICA, N.A. *et al.*,

                                          Defendants.
-----------------------------------------------------------------------x

The Court requested a joint status report to be filed by May 25, 2017, prior to the pretrial conference scheduled for June 2, 2017.  *See* Order, Dkt. No. 416.  Plaintiffs and Non-Settling Defendants ("Defendants") hereby submit this filing in response to the Court's request.

**A statement of all existing deadlines, due dates, and/or cut-off dates**

The existing deadlines, due dates, and/or cut-off dates are set out below and in Appendix A attached hereto.

**A brief description of any outstanding motions**

                         <u>Defendants' Joint Motion to Partially Dismiss Plaintiffs' Antitrust Claims</u>

Defendants filed a joint motion to partially dismiss Plaintiffs' antitrust claims on March 6, 2017.  Plaintiffs filed their opposition brief on March 28, 2017.  Defendants filed their reply brief on April 7, 2017.

                         <u>Nomura Securities International, Inc.'s Partial Motion to Dismiss</u>

Nomura Securities International, Inc. ("Nomura") moved to dismiss Counts II and IV of the Second Consolidated Amended Class Action Complaint ("Complaint") on March 6, 2017.  Plaintiffs filed their opposition brief on March 28, 2017.  Nomura filed its reply brief on April 7, 2017.

<u>Wells Fargo Bank, N.A.'s Partial Motion to Dismiss</u>

Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss Counts II and IV of the Complaint on March 6, 2017.  Plaintiffs filed their opposition brief on March 28, 2017.  Wells Fargo filed its reply brief on April 7, 2017.

**A brief description of the status of discovery and of any additional discovery that needs to be completed**

<u>*Plaintiffs' Position:*</u>

Plaintiffs will substantially complete document and data productions by May 26, 2017.

<u>*Defendants' Position:*</u>

On May 12, the Court ordered every Plaintiff to "commence rolling production of discovery immediately" and to "substantially complete that document production by May 26, 2017."  (Dkt. 454.)  Three Plaintiffs—City of New Britain, Portigon AG, and Erste Abwicklungsanstalt—did not begin their productions of custodial ESI until May 24th, two days before the substantial completion deadline.  Defendants are in the process of reviewing productions recently made by Plaintiffs.  On May 24, 2017, Defendants discovered and advised Plaintiffs that the load file for Alaska Electrical's custodial production, made May 8, 2017, fails to identify the "family" relationships between files, in violation of paragraph 6.3(j) of the ESI protocol.  Defendants are attempting to resolve this issue with Plaintiffs and are awaiting Plaintiffs' response.  Defendants are continuing their review of all productions, including those made by Plaintiffs this week, and will raise any issues with the productions with Plaintiffs as they arise.  Defendants remain concerned about whether any Plaintiff will, in fact, substantially complete its document productions by the Court-ordered date.  Any delay beyond May 26, 2017 will prejudice Defendants' ability to identify additional deponents and prepare for depositions of Plaintiffs' employees and representatives.

Defendants have requested that Plaintiffs produce communications with their investment advisors regarding this action.  The parties have engaged in extensive back-and-forth regarding this request, but have not yet reached resolution of the issue.

*ICAP*

ICAP is on track to produce all documents and transactional data by the relevant deadline.  Plaintiffs have challenged several entries on ICAP's privilege log and await a response.  On May 17, ICAP produced three privilege logs that Plaintiffs are currently reviewing.  In addition, Plaintiffs await ICAP's response to a number of questions regarding the transactional data produced by ICAP to date.  ICAP is in the process of working through the questions recently raised by Plaintiffs on the privilege log.  ICAP has already provided responses to numerous questions previously posed by Plaintiffs concerning the transactional data and is preparing responses to the latest set.  ICAP anticipates that it will be in a position to respond to the pending questions concerning the privilege log entries and data within the next several business days.

*Morgan Stanley*

Morgan Stanley has completed its document and data productions and, as ordered by the Honorable Andrew J. Peck, the parties will be submitting a status letter to Judge Peck confirming the completion of Morgan Stanley's document production.  It has also commenced its rolling production of privilege logs, which it expects to be completed within the next five business days.  Plaintiffs have sent Morgan Stanley a number of questions regarding the transactional data produced by Morgan Stanley to date which are pending and for which Morgan Stanley has provided initial responses.  To expedite the exchange of information, Plaintiffs have renewed their suggestion that the parties arrange to have their respective data personnel speak directly concerning this data.  Morgan Stanley has this suggestion under

consideration.

*BNPP*

BNPP's document production is substantially complete. Following receipt of a clawback notice pursuant to the Stipulated Protective Order (Dkt. No. 257), Plaintiffs recently challenged BNPP's privilege claim for six documents that had been inadvertently produced. The parties are discussing this issue. Plaintiffs and BNPP are also in discussions regarding the scheduling and topics for a Rule 30(b)(6) deposition of BNPP. Plaintiffs and BNPP are also in the process of scheduling depositions of certain percipient witnesses. On May 19, 2017, Plaintiffs requested the production of (a) a compliance policy and (b) performance reviews for several current and former BNPP employees. BNPP believes these requests are untimely and improper and also that Plaintiffs waived any right they may have had to request these documents. Nevertheless, BNPP has agreed to make reasonable efforts to search for the compliance policy and to produce that document if it is located. BNPP objects to the production of the performance reviews. On May 19, 2017, Plaintiffs sent BNPP a number of questions regarding transactional data that BNPP produced previously. Although BNPP believes these requests are untimely and improper, BNPP has agreed to consider Plaintiffs' questions and requests, and to respond accordingly.

*Nomura*

Nomura's production is substantially complete. Nomura anticipates making a final production of documents and producing a privilege log before the status conference with the Court. Plaintiffs have sent Nomura a number of questions regarding the transactional data produced by Nomura, to which Nomura has provided responses on a rolling basis. Nomura anticipates providing written answers to the remaining questions before the status conference with the Court.

*Wells Fargo*

Wells Fargo's document production is substantially complete. Wells Fargo has produced a privilege log. Plaintiffs have sent Wells Fargo a number of questions regarding the transactional data produced by Wells Fargo to date; Wells Fargo has provided written answers to some of these questions and the rest are pending.

**Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial**

The parties believe that the status conference scheduled for June 2, 2017 is not necessary at this time. If any party wishes to raise a discovery issue with the Court, it will follow the Court's procedures and the parties may request a telephone or in-person conference at that time.

Respectfully submitted,

| /s/ *Daniel L. Brockett* | /s/ *David W. Mitchell* | /s/ *Christopher M. Burke* |
|---|---|---|
| Daniel L. Brockett | David W. Mitchell | Christopher M. Burke |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** | **SCOTT+SCOTT, ATTORNEYS AT LAW, LLP** |
| 51 Madison Avenue, 22nd Floor | 655 West Broadway, Suite 1900 | The Helmsley Building |
| New York, NY 10010 | San Diego, CA 92101 | 230 Park Ave, 17th Floor |
| Telephone: (212) 849-7000 | Telephone: (619) 231-1058 | New York, NY 10169 |
| Fax: (212) 849-7100 | Fax: (619) 231-7423 | Telephone: (212) 223-6444 |
| danbrockett@quinnemanuel.com | davidm@rgrdlaw.com | Fax: (212) 223-6334 |
| | | cburke@scott-scott.com |

## APPENDIX A

| Event | Deadline |
|---|---|
| Deadline for Joint Status letter | May 25, 2017 |
| Deadline for All Plaintiffs' Substantial Completion of Production of Documents That May Be Used By the Parties in Connection with Class Certification | May 26, 2017 |
| Pretrial Conference | June 2, 2017 |
| Deadline for Completing All Fact Discovery relating to Class Certification | July 1, 2017 |
| Deadline for Joint Letter Advising the Court on How Much Time They Need to Complete Any Additional Discovery in Light of Ruling on Class Certification | Within one Week of Court's Ruling on Plaintiff's Class Certification Motion |
| Deadline for Rule 33.3(c) Interrogatories | No later than 30 days before the close of fact discovery |
| Deadline for Fact Witness Depositions | No later than the close of fact discovery |
| Deadline for Requests to Admit | No later than 30 days before the close of fact discovery |
| Deadline for Meet and Confer Regarding Expert Disclosures on Subjects Other than Class Certification | No later than 30 days before the close of fact discovery |
| Deadline for Plaintiffs to File any Motion for Class Certification | July 28, 2017 |
| Deadline for Depositions of Plaintiffs' Class Certification Experts | September 22, 2017 |
| Deadline for Defendants to File any Opposition to Plaintiffs' Motion for Class Certification | November 3, 2017 |
| Deadline for Depositions of Defendants' Class Certification Experts | December 4, 2017 |
| Deadline for Plaintiffs to File Any Reply Memorandum of Law | December 22, 2017 |
| Meet and Confer on a Schedule for Expert Disclosures on Subjects other than Class Certification | 30 Days Prior to the Deadline for Completion of All Fact Discovery |

| | |
|---|---|
| Deadline for All Remaining Fact Discovery | 90 Days after Court's Ruling on Plaintiffs' Class Certification Motion |
| Deadline for Court Mandated Settlement Discussions (All counsel must meet in person for at least one hour to discuss settlement) | Within 14 days following the close of fact discovery |
| Deadline for All Expert Discovery on Subjects other than Class Certification | 90 Days After the Deadline for Completion of Fact Discovery |
| Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence | Within 60 days of the close of fact or expert discovery (whichever is later) |
| Opposition to Summary Judgment Motions | Within 45 days after the motion is served on the opposing party |
| Reply Briefs in Support of Summary Judgment | Within 21 days after service of any opposition. |
| Joint Pretrial Order | Within 60 days of the close of all discovery, or, if a dispositive motion has been filed, within 60 days of a decision on such motion, |
| Deadline for Joint Proposed Verdict Forms and voir dire Questions | On or before the Joint Pretrial Order |
| If this action is to be tried to the Court, proposed findings of fact and conclusions of law | On or before the Joint Pretrial Order |