```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
ALASKA ELECTRICAL PENSION FUND et al.,                           :
                                                                 :
                                      Plaintiffs,                :    No. 14-CV-7126 (JMF)
                                                                 :
              - against -                                        :    JOINT STATUS REPORT
                                                                 :
BANK OF AMERICA, N.A. et al.,                                    :
                                                                 :
                                      Defendants.                :
                                                                 :
-----------------------------------------------------------------x
```

Plaintiffs and Non-Settling Defendants ("Defendants") submit this joint status report as directed by the Court. (Dkt. No. 466). The parties do not think a status conference is necessary at this time.

**A statement of all existing deadlines, due dates, and/or cut-off dates.**

The existing deadlines, due dates, and/or cut-off dates are set out below and in Appendix A attached hereto.

**A brief description of any outstanding motions.**

The outstanding motions are: (a) Defendants' Joint Motion to Partially Dismiss Plaintiffs' Antitrust Claims (Dkt. 396, filed on March 6, 2017 and fully briefed as of April 7, 2017), as to which Defendants have requested oral argument; (b) Nomura Securities International, Inc.'s Partial Motion to Dismiss Counts II and IV of the Second Consolidated Amended Class Action Complaint ("Complaint") (Dkt. 401, filed March 6, 2017 and fully briefed as of April 7, 2017); and (c) Wells Fargo Bank, N.A.'s Partial Motion to Dismiss Counts II and IV of the Complaint (Dkt. 398, filed on March 6, 2017 and fully briefed as of April 7, 2017).

**A brief description of the status of discovery and of any additional discovery that needs to be completed.**

Except as described specifically below, the parties have completed all fact discovery relating to class certification.

*Portigon and EAA*

*Defendants' Statement*:  The deadline for substantial completion of the production of documents was May 26, 2017.  Dkt. 454.  Plaintiffs Portigon and EAA did not complete their document productions until July 7-10, when they produced more than 3.9 million pages of documents, purportedly based upon agreed search terms.  Defendants were never advised that the terms were generating results of such magnitude—even when Plaintiffs failed to complete production by the Court-ordered deadline and informed Defendants that they required additional time for production.  Portigon and EAA also have not yet provided a log of documents withheld on the basis of privilege.  Defendants are considering these plaintiffs' belated document production and whether they will need to seek relief in light of the unexpectedly massive volume produced after the close of class certification discovery.  The parties have agreed that the depositions of Portigon's and EAA's respective witnesses will occur after Defendants have had an opportunity to review the completed productions and any forthcoming privilege log and that defendants may use testimony from those depositions for all purposes, including to oppose class certification, notwithstanding the fact that the depositions will take place after the July 1, 2017 deadline for completion of fact discovery relating to class certification.

*Plaintiffs' Response*:  Defendants are not prejudiced by the timing of the July document productions.  Plaintiffs repeatedly expressed concern about the relevance and over breadth of Defendants' search term proposal and advised Defendants repeatedly that the proposal was likely to yield a large number of documents.  Plaintiffs further cautioned Defendants that it was

unwise for the parties to proceed with Defendants' proposal without a firm understanding of how many documents the proposal encompasses, the ease or difficulty of retrieving them, or their likely relevance. Defendants nevertheless insisted that Plaintiffs run their terms, seeking and successfully obtaining a court order requiring plaintiffs to do so. Plaintiffs complied with that order and the resulting production is exactly what Defendants requested.

Plaintiffs have committed to allowing sufficient time to review all produced materials before scheduling 30(b)(6) depositions, and the deadline for Defendants' opposition to class certification is in November. As to the privilege log, Plaintiffs are not withholding *any* documents on the basis of privilege and therefore there is no need for a privilege log. Finally, Plaintiffs object to the use of the term "witnesses" generally as Plaintiffs have only agreed that they will not object to Defendants' use of testimony from the 30(b)(6) witnesses for these entities along with Michael Mikolajczak in class certification briefing based upon the July 1, 2017 deadline having passed.

### City of New Britain and County of Washington

Defendants have challenged the privilege logs provided by City of New Britain and County of Washington with respect to communications involving third parties. The parties have begun discussions regarding these privilege log entries. In addition, Defendants have requested that Washington County produce a file containing information concerning a litigation settlement and associated payment identified by its 30(b)(6) witness. Washington County informed Defendants that they will receive a supplemental production by July 12, 2017 that includes all documents regarding this settlement.

### County of Montgomery

County of Montgomery has not yet provided a privilege log, but has committed to producing one by Friday July 14, 2017.

### *Alaska Electrical, Genesee County, and Pennsylvania Turnpike Commission*

Defendants are reviewing the productions of Alaska Electrical, Genesee County, and Pennsylvania Turnpike Commission and will confer with these plaintiffs over any deficiencies that arise as a result of that review.

### *Defendants Generally*

*Plaintiffs' Statement*.  Defendants have been designating entire deposition transcripts and associated exhibits as "Highly Confidential" through a single bulk designation at the deposition or shortly thereafter.  Plaintiffs believe this practice is inconsistent with the Protective Order entered in this action, and have asked the Defendants to make targeted designations.  Defendants have acknowledged these requests but have not responded substantively nor changed the designations.

*Defendants' Response*:  Defendants' designations have been made in good faith and consistent with the Protective Order. It provides that transcripts are deemed Highly Confidential until the later of 30 days after the final transcript is received, or the date by which the witness's review of the transcript and errata are due under Rule 30(e)—after which, absent a prior designation as Confidential or Highly Confidential, the transcript in its entirety loses its status as such.  Because of the commercially sensitive nature of the testimony, each transcript has been designated as Highly Confidential to ensure that no confidentiality protections have been waived.  Plaintiffs' blanket objections to these designations fail to specify which portions of the transcripts they contend should not have been so designated.  Defendants nonetheless are reviewing the individual transcripts of their respective witnesses to determine whether more targeted designations are appropriate.

### *BNPP*

*Plaintiffs' Statement*:  Plaintiffs and BNPP have been engaged in discussions as to the substance and scope of BNPP's production of transactional data.  Additionally, Plaintiffs and BNPP have reached an impasse with respect to: claims of purported privilege reflected on BNPP's privilege log and related documents and BNPP's production of employee reviews of certain BNPP personnel.

*BNPP's Response*:  BNPP has conferred with Plaintiffs numerous times about their shifting objections to BNPP's modest privilege log.  To the extent issues remain, they appear to concern BNPP's claim of privilege over certain attachments to communications with counsel which BNPP has informed Plaintiffs were properly withheld under a claim of privilege, deemed irrelevant by a previous Order of this Court, and/or can be found elsewhere in BNPP's production.  Finally, Plaintiffs' request for employee reviews is improper and untimely.  BNPP objected to this request over a year ago, with no response from Plaintiffs. After the parties engaged in extensive negotiations regarding the scope of BNPP's discovery, Plaintiffs advised the Court that the parties had reached agreement on all issues regarding BNPP document discovery, making no mention of any issues regarding employee performance reviews.  Dkt. 415.  BNPP has advised Plaintiffs that there have been no disciplinary actions against any employee regarding any allegations pertaining to ISDAFIX.  Likewise, testimony elicited by Plaintiffs in depositions of BNPP's witnesses demonstrates that there have been no employee departures or changes in employment related to any allegations pertaining to ISDAFIX.  Against this factual record, Plaintiffs fail to explain why employee performance reviews could be relevant to this case, much less to class certifications issues.

*Plaintiffs' Reply:*  Annual performance reviews of certain personnel, specifically re-requested in April and May 2017, are relevant due to the numerous departures and other changes in employment of key BNPP personnel in the wake of the ISDAfix investigation.  Plaintiffs believe

5

such performance reviews contain information regarding the circumstances surrounding these departures and other abrupt changes in employment. Plaintiffs dispute that BNPP deposition testimony demonstrates that there have been no employee departures or changes in employment related to any allegations pertaining to ISDAFIX.

**Morgan Stanley**

*Plaintiffs' Statement:*  There are a few discrete issues outstanding regarding Morgan Stanley's transactional data. First, Morgan Stanley has not produced data regarding its swaption transactions and positions that existed at the beginning of the class period and the cash flows that Morgan Stanley made or received as a result of those transactions and/or positions during the Class Period. Second, data for exotic instruments was produced in piecemeal fashion, without a cross-reference or reconciliation to identify the data that applies to each instrument and each transaction. The parties are meeting and conferring on these issues. With respect to Morgan Stanley's privilege log, plaintiffs identified a preliminary list of problematic entries and after discussing those entries with Morgan Stanley, certain documents were produced. Plaintiffs anticipate that there will be additional discussions. Outside of the confidentiality protections provided in the protective order during the 30-day review period following a deposition, Morgan Stanley has not designated any testimony as confidential. Morgan Stanley has, however, indicated that it deems the entire chain of correspondence related to the aforementioned data conferrals as "Highly Confidential." Plaintiffs have objected and anticipate that the parties will discuss this disagreement further.

*Morgan Stanley's Response*: After months of negotiation, the parties reached an agreement concerning Morgan Stanley's transactional data production with which Morgan Stanley has fully complied. Plaintiffs now seek additional data and, subject to and without waiving its objections to these additional requests, Morgan Stanley is conferring with Plaintiffs with respect to them.

Morgan Stanley also has provided Plaintiffs with detailed explanations about its transactional data and appropriately designated such information as Highly Confidential under the Protective Order.  Morgan Stanley also responded to Plaintiffs' questions about Morgan Stanley's privilege logs and Plaintiffs have not raised any additional issues with respect to them.

### *Nomura*

The parties have been in discussion over some of the technical aspects of Nomura's transactional data production.  On July 7, 2017, Nomura responded to questions posed by Plaintiffs on June 23, 2017 and produced supplemental transactional data.  Plaintiffs are in the process of reviewing Nomura's response and supplemental data and will follow up with Nomura should there be any additional questions  There is also one remaining Nomura deposition that could not be completed prior to the July 1, 2017 deadline due to an unexpected medical issue with Nomura's designee.

### *ICAP*

*Plaintiffs' Statement*: Plaintiffs have challenged a number of entries on ICAP's privilege logs and the parties have been meeting and conferring to try to resolve the issues.  On July 1 2017, ICAP produced two new privilege logs that Plaintiffs are currently reviewing.

*ICAP's Response*: ICAP continues to work through Plaintiffs' questions about particular entries on its privilege logs.  It does not currently expect that the Court's intervention will be necessary.

### *Wells Fargo*

*Plaintiffs' Statement*:  After receiving Wells Fargo's production of transactional data, plaintiffs posed a number of questions about the spreadsheets and data contained therein.  Wells Fargo has provided written responses to many of the questions, but several remain pending.   In addition, plaintiffs have challenged a number of entries in Wells Fargo's privilege log, demanding that Wells Fargo either (i) revise the privilege log to provide information sufficient to justify

continuing to withhold or redact the documents identified or (ii) produce or un-redact the documents.  Plaintiffs are awaiting a response.

*Wells Fargo's Response*:  Wells Fargo began producing sample transaction data to plaintiffs in October 2016 and since then has undertaken great efforts to respond to dozens of questions from plaintiffs regarding that data and continues to do so.  Wells Fargo withheld or redacted on the basis of privilege approximately 100 of the more than 100,000 documents it produced.  It is reviewing plaintiffs' challenges to its privilege log, received late Friday, June 30, and will respond promptly.

**Third-Party Discovery**

Defendants served deposition and document subpoenas on Plaintiff Alaska Electrical's investment advisor and are conferring with that non-party regarding the scope of that discovery.

**Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.**

None.


Respectfully submitted,


| /s/ *Daniel L. Brockett* | /s/ *David W. Mitchell* | /s/ *Christopher M. Burke* |
|---|---|---|
| Daniel L. Brockett | David W. Mitchell | Christopher M. Burke |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **ROBBINS GELLER RUDMAN & DOWD LLP** | **SCOTT+SCOTT, ATTORNEYS AT LAW, LLP** |
| 51 Madison Avenue, 22nd Floor | 655 West Broadway, Suite 1900 | The Helmsley Building |
| New York, NY 10010 | San Diego, CA 92101 | 230 Park Ave, 17th Floor |
| Telephone: (212) 849-7000 | Telephone: (619) 231-1058 | New York, NY 10169 |
| Fax: (212) 849-7100 | Fax: (619) 231-7423 | Telephone: (212) 223-6444 |
| danbrockett@quinnemanuel.com | davidm@rgrdlaw.com | Fax: (212) 223-6334 |
| | | cburke@scott-scott.com |

**Appendix A**

| Event | Deadline |
|---|---|
| Deadline for Joint Letter Advising the Court on How Much Time They Need to Complete Any Additional Discovery in Light of Ruling on Class Certification | Within one Week of Court's Ruling on Plaintiff's Class Certification Motion |
| Deadline for Rule 33.3(c) Interrogatories | No later than 30 days before the close of fact discovery |
| Deadline for Fact Witness Depositions | No later than the close of fact discovery |
| Deadline for Requests to Admit | No later than 30 days before the close of fact discovery |
| Deadline for Meet and Confer Regarding Expert Disclosures on Subjects Other than Class Certification | No later than 30 days before the close of fact discovery |
| Deadline for Plaintiffs to File any Motion for Class Certification | July 28, 2017 |
| Deadline for Depositions of Plaintiffs' Class Certification Experts | September 22, 2017 |
| Deadline for Defendants to File any Opposition to Plaintiffs' Motion for Class Certification | November 3, 2017 |
| Deadline for Depositions of Defendants' Class Certification Experts | December 4, 2017 |
| Deadline for Plaintiffs to File Any Reply Memorandum of Law | December 22, 2017 |
| Meet and Confer on a Schedule for Expert Disclosures on Subjects other than Class Certification | 30 Days Prior to the Deadline for Completion of All Fact Discovery |
| Deadline for All Remaining Fact Discovery | 90 Days after Court's Ruling on Plaintiffs' Class Certification Motion |
| Deadline for Court Mandated Settlement Discussions (All counsel must meet in person for at least one hour to discuss settlement) | Within 14 days following the close of fact discovery |

| | |
|---|---|
| Deadline for All Expert Discovery on Subjects other than Class Certification | 90 Days After the Deadline for Completion of Fact Discovery |
| Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence | Within 60 days of the close of fact or expert discovery (whichever is later) |
| Opposition to Summary Judgment Motions | Within 45 days after the motion is served on the opposing party |
| Reply Briefs in Support of Summary Judgment | Within 21 days after service of any opposition. |
| Joint Pretrial Order | Within 60 days of the close of all discovery, or, if a dispositive motion has been filed, within 60 days of a decision on such motion, |
| Deadline for Joint Proposed Verdict Forms and voir dire Questions | On or before the Joint Pretrial Order |
| If this action is to be tried to the Court, proposed findings of fact and conclusions of law | On or before the Joint Pretrial Order |