**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALASKA ELECTRICAL PENSION FUND;
GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM; COUNTY OF
MONTGOMERY, PENNSYLVANIA;
COUNTY OF WASHINGTON,
PENNSYLVANIA; CITY OF NEW
BRITAIN, CONNECTICUT;
PENNSYLVANIA TURNPIKE
COMMISSION; ERSTE
ABWICKLUNGSANSTALT (EAA); and
PORTIGON AG on behalf of themselves and
all others similarly situated,

                              Plaintiffs,

        vs.

BANK OF AMERICA N.A.; BARCLAYS
BANK PLC.; B.N.P. PARIBAS SA;
CITIGROUP INC.; CREDIT SUISSE AG,
NEW YORK BRANCH; DEUTSCHE BANK
AG; THE GOLDMAN SACHS GROUP, INC.;
HSBC BANK USA, N.A.; ICAP CAPITAL
MARKETS LLC; JPMORGAN CHASE &
CO.; MORGAN STANLEY & CO. LLC;
NOMURA SECURITIES INTERNATIONAL,
INC.; ROYAL BANK OF SCOTLAND PLC;
UBS AG; and WELLS FARGO BANK, N.A.,

                              Defendants.

---

Case No.:  14-cv-7126 (JMF)

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENTS WITH
UBS AG AND HSBC BANK USA, N.A.**

# TABLE OF CONTENTS

EXPLANATION OF DEFINED TERMS AND CITATION FORMS..........................................iii

PRELIMINARY STATEMENT ................................................................................... 1

CURRENT SUMMARY OF THE ACTION ................................................................... 2

SUMMARY OF THE SETTLEMENT ........................................................................... 2

ARGUMENT .......................................................................................................... 6

I.   THE SETTLEMENT MEETS THE STANDARD FOR PRELIMINARY
     APPROVAL ...................................................................................................6

II.  THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED ............................7

CONCLUSION........................................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

## <u>EXPLANATION OF DEFINED TERMS AND CITATION FORMS</u>

The following defined terms are used in this Memorandum.

**As to the Parties:**

- "Plaintiffs" are Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG.

- "Bank of America" is Bank of America N.A..

- "Barclays" is Barclays Bank PLC

- "BNP Paribas" is BNP Paribas SA.

- "Citigroup" is Citigroup Inc.

- "Credit Suisse" is Credit Suisse AG, New York Branch.

- "Deutsche Bank" is Deutsche Bank AG.

- "Goldman Sachs" is The Goldman Sachs Group, Inc.

- "HSBC" is HSBC Bank USA, N.A.

- "ICAP" is ICAP Capital Markets LLC.

- "JPMorgan" is JPMorgan Chase & Co.

- "Morgan Stanley" is Morgan Stanley & Co. LLC.

- "Nomura" is Nomura Securities International, Inc.

- "RBS" is Royal Bank of Scotland PLC.

- "UBS" is UBS AG.

- "Wells Fargo" is Wells Fargo Bank, N.A.

- "Settling Defendants" are Bank of America, Barclays, Citigroup, Credit Suisse, Deutsche Bank, Goldman Sachs, JPMorgan, RBS, UBS and HSBC, and each is individually a "Settling Defendant."

- "Settling Parties" are Plaintiffs and Settling Defendants.

- "Non-Settling Defendants" are BNP Paribas, ICAP, Morgan Stanley, Nomura, and Wells Fargo.

- "Defendants" are Settling Defendants and Non-Settling Defendants.

**As to the Accompanying [Proposed] Order, Prior Preliminary Approval Orders, and Settlement Agreements:**

- "UBS and HSBC Preliminary Approval Order" is the [Proposed] Order Preliminarily Approving Settlement Agreements with UBS AG and HSBC Bank USA, N.A., Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class.

- "Goldman Sachs Preliminary Approval Order" is the Order Preliminarily Approving the Goldman Sachs Settlement Agreement, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class.  ECF No. 337.

- "Bank of America, *et al*. Preliminary Approval Order" is the Order Preliminarily Approving Settlement Agreements (with Bank of America, Barclays, Citigroup, Credit Suisse, Deutsche Bank, JPMorgan, and RBS), Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class.  ECF No. 228.

- "UBS Stip." is the Stipulation and Agreement of Settlement with UBS.

- "HSBC Stip." is the Stipulation and Agreement of Settlement with HSBC.

- The "UBS and HSBC Stips." or the "Settlement Agreements" are collectively the UBS Stip. and the HSBC Stip.

- The "Bank of America Stip." is the Stipulation and Agreement of Settlement with Bank of America.  ECF No. 222-1.

- The "Goldman Sachs Stip." is the Stipulation and Agreement of Settlement with Goldman Sachs.  ECF No. 331-1.

**As to Other Terms:**

- Unless otherwise defined herein, all other capitalized terms have the same meaning as set forth in the Settlement Agreements.

## PRELIMINARY STATEMENT

Plaintiffs have negotiated and executed separate settlement agreements with UBS and HSBC, each of which provide for a cash payment of $14,000,000 (for a total of $28,000,000), along with the independent agreements of UBS and HSBC to provide Plaintiffs with valuable confirmatory discovery, including certain transaction data (to the extent not already produced), certain materials produced to the CFTC (to the extent not already produced), proffers, and witness interviews. The Stipulations and Agreements of Settlement with UBS and HSBC are attached to the accompanying Declaration of Daniel L. Brockett as Exhibits 1 and 2, respectively.

Plaintiffs initially settled with Bank of America, Barclays, Citigroup, Credit Suisse, Deutsche Bank, JPMorgan, and RBS for a total of $324,000,000. Plaintiffs subsequently settled with Goldman Sachs for $56.5 million. Thus, including the UBS and HSBC Settlement Agreements, 10 of the 15 Defendants named in the Action have agreed to settle for a total of $408,500,000. The monetary component of each of the settlement agreements is set out below:

| | | | | |
|---|---|---|---|---|
| Bank of America | $ 50,000,000 | | Goldman Sachs | $ 56,500,000 |
| Barclays | $ 30,000,000 | | HSBC | $ 14,000,000 |
| Citigroup | $ 42,000,000 | | JPMorgan | $ 52,000,000 |
| Credit Suisse | $ 50,000,000 | | RBS | $ 50,000,000 |
| Deutsche Bank | $ 50,000,000 | | UBS | $ 14,000,000 |
| | | | **Total** | **$ 408,500,000** |

On May 11, 2016, the Court preliminarily approved proposed settlements with Bank of America, Barclays, Citigroup, Credit Suisse, Deutsche Bank, JPMorgan, and RBS. ECF No. 228. On December 19, 2016, the Court preliminarily approved the proposed settlement with Goldman Sachs. ECF No. 337. Plaintiffs intend to meet and confer in good faith with UBS and HSBC as to the appropriate scope of confirmatory discovery and will endeavor, to the extent possible, to proceed on a track parallel to other pending settlements for the provision of notice.

For the reasons set forth below—and those in Plaintiffs' submissions in support of preliminary approval of the proposed settlements with Bank of America, Barclays, Citigroup, Credit Suisse, Deutsche Bank, JPMorgan, RBS, and Goldman Sachs—Co-Lead Counsel and Plaintiffs believe the Settlement Agreements as to UBS and HSBC, standing alone and/or in conjunction with the other settlements, are well within the range of fairness, adequacy, and reasonableness.  Plaintiffs therefore respectfully request the Court to enter the UBS and HSBC Preliminary Approval Order, filed as Exhibit 1 to the accompanying Motion For Preliminary Approval of Settlement Agreements with UBS AG and HSBC Bank USA, N.A.

## CURRENT SUMMARY OF THE ACTION

Both UBS and HSBC, like the other Settling Defendants, have vigorously disputed Plaintiffs' allegations over the course of nearly three years of litigation.  Since the Court entered the Bank of America, *et al*. Preliminary Approval Order on May 11, 2016, and the Goldman Sachs Preliminary Approval Order on December 19, 2016, Plaintiffs, UBS, and HSBC have proceeded with discovery relating to class certification.  Several discovery disputes have arisen, leading the parties to seek the Court's intervention.  *See*, *e.g.*, ECF Nos. 306 and 357 (denying, and then granting, Plaintiffs' two separate motions to compel the production of distinct categories of materials related to the CFTC investigation).

## SUMMARY OF THE SETTLEMENT

Other than the monetary component, the key terms of the Settlement Agreements are substantially identical to the prior preliminarily approved settlements in this matter.  The separate Settlement Agreements as to UBS and HSBC each provide for $14,000,000 (for a total of $28,000,000) in monetary relief.  And the separate settlement funds are non-recapture—meaning that, as of the Effective Date, neither UBS nor HSBC has any right to the return of the settlement fund, or any portion thereof, for any reason.  *See* UBS Stip., ¶10.3; HSBC Stip. ¶10.3.

As with the prior preliminarily approved settlement agreements, the Settlement Agreements also obligate UBS and HSBC to provide valuable confirmatory discovery, which will assist Plaintiffs in the prosecution of the Action against the Non-Settling Defendants.  The confirmatory discovery includes:  (a) the production of reasonably available transaction data involving ISDAfix Instruments during the Settlement Class Period, to the extent not already provided; (b) certain materials produced to the CFTC, to the extent not already produced; (c) attorney proffers relating to HSBC's and/or UBS's conduct alleged in the Amended Complaint; and (d) up to three witness interviews of current employees at HSBC and UBS relating to the conduct alleged in the Amended Complaint.  UBS Stip., ¶11.4; HSBC Stip., ¶11.4. These obligations were triggered by the execution of the Settlement Agreements.  UBS Stip., ¶11.4; HSBC Stip., ¶11.4.

To the extent any differences exist between the Settlement Agreements as to UBS and HSBC, and the prior preliminarily approved settlement agreements, the differences are inconsequential to the class action settlement process and the fairness of the agreements to all Settlement Class members.  Thus, if approved, all of the pending settlements may efficiently proceed through the settlement approval process, class notice, the claims process, distribution, and other settlement procedures together.  Minor differences between the language of certain provisions of the Settlement Agreements and that in prior preliminarily approved settlement agreements are described below.[1]

**Settlement Class Definition and Exclusion.**  The Settlement Agreements as to UBS and HSBC are each made on behalf of a proposed Settlement Class that is virtually identical to the preliminarily approved Settlement Class, defined as:

---

[1]     In addition, other typographical, stylistic or otherwise non-substantive edits may have been made that are, respectfully, not worthy of description in this Memo.

> All Persons or entities who entered into, received or made payments on, settled, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period [January 1, 2006 through January 31, 2014]. Excluded from the [Settlement] Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

*Compare* ECF No. 228 (Bank of America, *et al*. Preliminary Approval Order), ¶3 and ECF No. 337 (Goldman Sachs Preliminary Approval Order), ¶3; *with* UBS Stip., ¶1.46 and HSBC Stip., ¶1.46 (which each reflect the sole addition of the word "settled"). The addition of the word "settled" to the Settlement Class Definition does not substantively change the definition, however, as these Settlement Class members would have already been covered by the pre-existing scope of the definition. And for the avoidance of doubt, the UBS and HSBC [Proposed] Preliminary Approval Order also confirms the settlement classes as defined, and approved, in the Bank of America, *et al*. and Goldman Sachs Preliminary Approval Orders are included in this Settlement Class. *See* UBS and HSBC [Proposed] Preliminary Approval Order at p. 1, 3.

There is also a slight difference in the language between the definition of "Released UBS Parties," "Released HSBC Parties," "Released Goldman Parties," and "Released Bank Parties"[2] in these Defendants' respective settlement agreements. The Goldman Sachs settlement agreement provides that certain Released Goldman Parties – specifically "agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers)" – shall not be "deemed Released Goldman Parties for purposes of the Settlement Class exclusion." *See* Goldman Sachs Stip., ¶1.1 (ECF No. 331-1). In the UBS and HSBC Stips., and in the prior preliminarily approved settlements (as to Bank of America, *et al.*), such parties are not removed from the

---

[2] "Released Bank Parties" are the Released Bank of America Parties, Released Barclays Parties, Released Citigroup Parties, Released Credit Suisse Parties, Released Deutsche Bank Parties, Released JPMorgan Parties, Released RBS Parties, and the Released Goldman Sachs Parties, as those terms are defined in the corresponding settlement agreements.

Settlement Class exclusion.[3]  This difference is not material to the settlement process, however, because with respect to all claims submitted, the Claims Administrator will verify that each claimant is, in fact, a Settlement Class Member that has not been excluded from the Settlement Class.

Finally, it is also of no significance that the phrase "and all of the Released Bank Parties" was removed from the exclusion clause of the Settlement Class definition in the Settlement Agreements.  This is because any such person or entity is already excluded from the Settlement Class as it is currently defined.  Compare ECF No. 228 (Bank of America, et al. Preliminary Approval Order), ¶3 and ECF No. 337 (Goldman Sachs Preliminary Approval Order), ¶3; with UBS Stip., ¶1.46 (excluding from the Settlement Class "Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint…") and HSBC Stip., ¶1.46 (same).

**Released Class Claims**.  As in the prior preliminarily approved settlement agreements, Plaintiffs and members of the Settlement Class that do not exclude themselves will give up their rights to sue UBS and/or HSBC, as well as Released UBS and/or HSBC Parties, for Released Class Claims.  UBS Stip., ¶7.1, 7.2; HSBC Stip., ¶7.1, 7.2; *see also* Goldman Sachs Stip., ¶¶7.1, 7.2; Bank of America Stip., ¶¶7.1, 7.2.  Also, as with the prior preliminarily approved settlement agreements, the Settlement Agreements as to UBS and HSBC each provide for a release of claims "arising from or relating to the factual predicate of the Action."  UBS Stip., ¶1.39; HSBC Stip., ¶1.39; *see also* Goldman Sachs Stip., ¶1.40; Bank of America Stip., ¶1.39.

---

[3]      *See, e.g.*, Bank of America Stip., ¶1.1: "'BofA,' 'Released BofA Parties,' or 'Releasing BofA Parties' mean Bank of America, N.A. and each of its respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities"; *see also* UBS and HSBC Stips., ¶1.1 (parallel language as to UBS and HSBC).

**Production of Counterparty Lists.**  As with the prior preliminarily approved settlement agreements, the Settlement Agreements obligate both UBS and HSBC to separately produce a Counterparty List for purposes of providing notice to the Settlement Class.  UBS Stip., ¶8.2; HSBC Stip., ¶8.2; *see also* Goldman Sachs Stip., ¶8.2; Bank of America Stip., ¶8.2.  As does the Goldman Sachs Stip., the UBS and HSBC Settlement Agreements also contain additional express language concerning the meet and confer requirement that is implicit in the preliminarily approved settlements as to Bank of America, *et al.* under the Local Rules and the Court's Individual Practices.  UBS Stip., ¶8.2; HSBC Stip., ¶8.2; *see also* Goldman Sachs Stip., ¶8.2.[4]

## ARGUMENT

## I.   THE SETTLEMENT MEETS THE STANDARD FOR PRELIMINARY APPROVAL

At this stage, the Court must make a "preliminary evaluation of the fairness of the settlement, prior to notice."  *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) ("*Nasdaq II*").[5]  Preliminary approval is warranted where, as here, the settlement is "the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Id.*  Under this standard, and consistent with the previous settlements preliminarily approved by the Court, the proposed settlements with UBS and HSBC should each be preliminarily approved.

Here, the Settlement Agreements as to UBS and HSBC were each the product of intensive settlement negotiations that took place over the course of many months among

---

[4]      *See* UBS Stip., ¶8.2:  "To the extent UBS contends attorney access to such information would violate any foreign privacy laws, the parties shall meet and confer on the issue and, if they are unable to resolve the dispute, UBS may seek leave of the Court to restrict such attorney access.  Counterparty Lists shall be provided in an electronic format mutually acceptable to UBS and the Claims Administrator . . ."; *see also* HSBC Stip., ¶8.2 (parallel language); Goldman Sachs Stip., ¶8.2 (same).

[5]      Unless otherwise noted, citations are omitted and emphasis is added.

experienced counsel.  Plaintiffs' negotiations with both UBS and HSBC took tremendous efforts, were at times contentious, and always occurred at arm's-length.

Lead Counsel believe Plaintiffs' claims have substantial merit, but also acknowledge the expense and uncertainty of continued litigation against UBS and HSBC, similar to the other Settling Defendants.  In respectfully requesting the Court to preliminarily approve the Settlement Agreements, Lead Counsel have considered the potential range of outcomes and risks of further litigation, particularly at a time when the parties were engaged in extensive dialogue – that included much disagreement – as to the proper scope of additional discovery by the Non-Settling Defendants (which at the time included UBS and HSBC).  Based on this careful consideration, Lead Counsel believe the Settlement Agreements as to UBS and HSBC each confer significant benefits on the Settlement Class in light of the existing circumstances, while also eliminating: (i) the uncertainty of future relief after protracted and expensive litigation, including the difficulties of proving liability, causation, and damages under the Sherman Act and Clayton Act, and possible defenses to those and other claims; and (ii) the risk that Plaintiffs may not ultimately prevail against UBS and/or HSBC and, therefore, may not secure this significant additional relief for the Settlement Class.

## II.    THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED

As explained in Plaintiffs' prior submissions in support of the previously preliminarily approved settlements (*see* ECF Nos. 221 and 330), the proposed Settlement Class should be certified because it meets the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  Specifically:

1.    **Numerosity** – The Settlement Class consists of at least thousands of investors and involves widely traded financial instruments.  Numerosity is therefore readily satisfied.  *See Wallace v. IntraLinks*, 302 F.R.D. 310, 315 (S.D.N.Y. 2014)

("common sense assumptions . . . suffice to demonstrate numerosity," and in the Second Circuit, "numerosity is presumed at 40 class members.").

2.  **Commonality** – Numerous common issues of fact and law that affect all or a substantial number of Settlement Class members on the issue of liability, impact, and damages exist. Commonality has thus been shown. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011) ("We quite agree that for purposes of Rule 23(a)(2) '[e]ven a single [common] question' will do."); *see also Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 105 (2d Cir. 2007) ("allegations of the existence of . . . conspiracy are susceptible to common proof").

3.  **Typicality** – Plaintiffs' claims are typical of the claims of absent class members because they arise from the same course of conduct and are based on the same legal theory. And therefore typicality is met. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-MD-1175(JG)(VVP), 2014 WL 7882100, at *31 (E.D.N.Y. Oct. 15, 2014) ("Because the representative plaintiffs will seek to prove that they were harmed by the same overall course of conduct and in the same way as the remainder of the class, their claims are by all appearances typical of the class.").

4.  **Adequacy** – Adequacy has been shown because Plaintiffs: (1) will fairly and adequately protect the interests of the class; (2) their interests do not conflict; and (3) they are represented by Lead Counsel who are experienced in class and antitrust litigation, have diligently represented the interests of the Settlement Class in this litigation, and will continue to do so. *See In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 111-12 (S.D.N.Y. 2010).

5.  **Predominance** – The questions of law or facts that Plaintiffs would show through common proof are more substantial than any issues potentially subject only to individualized proof. Therefore the test for predominance has been met. *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws.").

6.  **Superiority** – Numerous courts have held a class action is a superior method of adjudicating claims in antitrust cases such as this one. *See*, *e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, 224 F.R.D. 555, 566 (S.D.N.Y. 2004); *In re Nat. Gas Commodities Litig.*, 231 F.R.D. 171, 185 (S.D.N.Y. 2005); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 279 (S.D.N.Y. 1999).

Accordingly, because the requirements of Rules 23(a) and 23(b)(3) are readily satisfied in this matter, it is appropriate for the Court to certify the Settlement Class for purposes of settlement.

## CONCLUSION

On the basis of the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Preliminary Approval of Settlement Agreements with UBS AG and HSBC Bank USA, N.A., and enter the UBS and HSBC Preliminary Approval Order.

DATED:  July 11, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

 /s/ Daniel L. Brockett
Daniel L. Brockett
Daniel P. Cunningham
Marc L. Greenwald
Jonathan B. Oblak
Steig D. Olson
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
Telephone: 212-849-7000
Facsimile:  212-849-7100
danbrockett@quinnemanuel.com
danielcunningham@quinnemanuel.com
marcgreenwald@quinnemanuel.com
jonoblak@quinnemanuel.com
steigolson@quinnemanuel.com

Jeremy D. Andersen (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3000
Facsimile:  213-443-3100
jeremyandersen@quinnemanuel.com

Christopher M. Burke
Walter W. Noss
Kristen M. Anderson (*pro hac vice*)
Julie A. Kearns (*pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

9

707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com
jkearns@scott-scott.com


David R. Scott
Donald A. Broggi
Sylvia M. Sokol
Peter A. Barile III
Thomas K. Boardman
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
david.scott@scott-scott.com
dbroggi@scott-scott.com
ssokol@scott-scott.com
pbarile@scott-scott.com
tboardman@scott-scott.com


Patrick J. Coughlin
David W. Mitchell
Brian O. O'Mara
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Facsimile:  619-231-7423
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com


*Interim Co-Lead Class Counsel*

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

　　　　　　　　　　　　　　　　　　　 */s/* Daniel L. Brockett　　　　　　　　　
　　　　　　　　　　　　　　　　　　　Daniel L. Brockett
　　　　　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　　　　　51 Madison Avenue, 22nd Floor
　　　　　　　　　　　　　　　　　　　New York, NY 10010-1601
　　　　　　　　　　　　　　　　　　　Telephone: 212-849-7000
　　　　　　　　　　　　　　　　　　　Facsimile:  212-849-7100
　　　　　　　　　　　　　　　　　　　danbrockett@quinnemanuel.com

11