


Robbins Geller
Rudman & Dowd LLP

November 13, 2017

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re:     *Alaska Electrical Pension Fund, et al. v. Bank of America, N.A., et al.*, 14-cv-7126 (JMF)

Dear Judge Furman:

      Plaintiffs write respectfully to seek an extension of the dates to depose Defendants' three experts, and to file their class certification reply brief and associated reply expert reports. Plaintiffs also request this extension be coordinated with the due date for Plaintiffs' opposition to Defendants' motions to exclude (Dkt. 541).

      Plaintiffs have conferred with Defendants and the parties agree that Plaintiffs' class certification reply papers should be due when Plaintiffs file their opposition to Defendants' motions to exclude. However, the parties are unable to agree on when that date should be, or on the deadline for completing depositions of Defendants' experts. There is also a collateral but important dispute as to whether Plaintiffs are permitted expert reply reports at all, as are frequently permitted in antitrust class actions like this one. Defendants take the position that Plaintiffs should have no opportunity to file reply expert reports, and instead should be limited to a reply memorandum of law of 25 pages. Plaintiffs disagree and seek the Court's intervention.

**1.  Deadline To Depose Defendants' Experts**

      On November 3, Defendants served voluminous reports for their three proposed experts. Currently, the schedule requires that depositions of those experts take place before December 4, 2017. Plaintiffs request a modest extension to prepare and take these depositions. Defendants have refused to agree to an extension unless Plaintiffs ignore the fact that later depositions naturally warrant a later date for Plaintiffs' reply brief and opposition to the motions to preclude. Given the breadth and complexity of Defendants' reports (outlined below)—and the intervening Thanksgiving holiday—Plaintiffs respectfully request the deadline to complete depositions be extended to December 22, 2017. Even with this extension, Plaintiffs will have had less time (1 month, 3 weeks) than Defendants had to depose Plaintiffs' experts (1 month, 4 weeks).

      Defendants' first expert is Dr. Andrew Carron. His report is 153 pages long, and relies upon over twenty academic articles and numerous documents from the record. Defendants have provided *475 gigabytes* of reliance materials in connection with his report. A cursory review of

Dr. Carron's report reveals that he is offering *at least* twenty different critiques of Plaintiffs' three experts, and he proffers many new empirical and other studies, including a study of cross-tenor effects,  a study of the sensitivity of the window within which Dr. Pirrong measures price impact, and an invented approach as to when trades supposedly were booked.  Defendants initially proposed that Dr. Carron be available for a deposition on November 28, just twenty days after they produced his hundreds of gigabytes of reliance materials.

Defendants' second expert is Dr. John H. Johnson, IV, whose report is 175 pages long and contains over 475 footnotes.  Dr. Johnson also lists over 70 publications he has been involved with over the past ten years, and responds to all three of Plaintiffs' experts through *eleven* distinct and overarching substantive arguments.  Like Dr. Carron, Dr. Johnson's report purports to present detailed results from data-driven analyses, which were revealed to Plaintiffs for the first time on November 3, 2017.

Defendants' third expert is Dr. Lawrence R. Glosten.  While his report is only 18 pages, it puts at issue the entire market microstructure literature on trading effect permanency applied by Plaintiffs' expert Professor Pirrong, including such core concepts within that literature as what it means to conduct "informed" trading within a market.  Such a stark (and incorrect) disagreement on the academic literature, citing 17 papers from 7 academic journals, will require thorough and comprehensive preparation.

In total, Defendants' expert reports stand at 345 pages, contain multiple new analyses, and are supported by almost *500 gigabytes* of reliance data, plus dozens of academic articles and books.  Together, they warrant the modest 18-day deposition extension we are requesting.

**2.  Deadline For Class Certification Reply**

Following Plaintiffs' deposition of the three defense experts, we  respectfully request 45 days to file our  reply papers.  This extension (over a period that will include Christmas and the New Year) will move the deadline from December 22, 2017 to February 5, 2018.  It is justified because Plaintiffs have the burden of proof on their certification motion, and a duty to the putative class to prepare a thorough and thoughtful reply brief and expert reply reports. Defendants' 345 pages of expert reports and 75 pages of motions to exclude—in addition to their 70 page opposition brief—merit appropriate time to respond, particularly in light of Defendants' meritless attempt to undermine the credibility of Plaintiffs' positions by raising highly technical, data-driven issues.

In addition to their reply brief, Plaintiffs seek clarification that we may submit supporting expert reply reports so the Court has a full record of the expert issues when deciding Plaintiffs' certification motion.  Such reply reports are typical in complex antitrust class actions such as this one because they allow Plaintiffs' experts properly to address studies and critiques by Defendants' experts and allow the Class to meet their burden of proof in respect of class certification.  Plaintiffs' expert reply reports in support of certification would be filed with Plaintiffs' opposition on February 5, 2018.

**3.   Opposition to Defendants' Motions to Exclude**

The parties have conferred and agree Plaintiffs' opposition to Defendants' motions to exclude should be due with Plaintiffs' reply.  This is appropriate because both Plaintiffs' opposition to Defendants' motions to exclude and Plaintiffs' reply in support of class certification will require that Plaintiffs first depose Defendants' experts.   Accordingly, Plaintiffs respectfully request that their omnibus opposition to Defendants' motions to exclude also be due February 5, 2018.  The parties have conferred and agree that, if the Court requires that Plaintiffs' opposition be due on December 22, 2017, then Defendants reply should be due on January 17, 2018, whereas if the Court grants Plaintiffs' request for a February 5 deadline for their opposition (which Defendants oppose), then Defendants' reply should be due on March 5, 2018.

**4.   Page Limits on Reply**

When Plaintiffs sought permission to expand the page limits on their motion for class certification (Dkt. 493), we suggested that page limits for the opposition and reply be determined at a later date.  Now that Defendants have filed hundreds of pages of expert reports in support of their 70 page opposition brief, and raised multiple collateral attacks on Plaintiffs' experts by way of their motions to exclude, Plaintiffs respectfully request we be permitted up to 45 pages for our reply.

*          *          *

Accordingly, Plaintiffs propose the following schedule:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for Defendants to File any Opposition to Plaintiffs' Motion for Class Certification | November 3, 2017 | Unchanged |
| Deadline for Depositions of Defendants' Class Certification Experts | December 4, 2017 | December 22, 2017 |
| Deadline for Plaintiffs to File Any Reply Memorandum of Law And Expert Reports | December 22, 2017 | February 5, 2018 |
| Deadline for Plaintiffs' Consolidated Opposition to Defendants' Motions to Exclude | None | February 5, 2018 |
| Deadline for Replies in Support of Defendants' Motions to Exclude | None | March 5, 2018 |

The deadlines proposed above will not require or result in any further changes to the Court's May 19, 2017 scheduling order (Dkt. 459).  Should Plaintiffs move to exclude any of Defendants purported experts, we propose these also be filed on February 5, 2018, at which time the parties will meet and confer to discuss a briefing schedule for an opposition and reply.

Respectfully submitted,

| | | |
|---|---|---|
| */s/ David W. Mitchell* | */s/ Daniel L. Brockett* | */s/ Christopher M. Burke* |
| David W. Mitchell | Daniel L. Brockett | Christopher M. Burke |
| **Robbins Geller Rudman** | **Quinn Emanuel Urquhart** | **Scott+Scott,** |
| **& Dowd LLP** | **& Sullivan, LLP** | **Attorneys At Law, LLP** |