USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/01/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>   Defendants. | Lead Case No.: 14-cv-7126 (JMF) |

**FINAL JUDGMENT AND ORDER OF DISMISSAL AS TO
BANK OF AMERICA N.A.**

This matter came before the Court pursuant to May 11, 2016, December 19, 2016, July 12, 2017, and October 24, 2017 Orders preliminarily approving settlements, preliminarily certifying the Settlement Class, and providing for notice to the Settlement Class (Dkt. Nos. 228, 337, 492, and 521; together, the "Preliminary Approval Orders"), and Plaintiffs' March 30, 2018 Motion for Final Approval of Settlement with Ten Defendants, Final Approval of Plan of Distribution, and Certification of Settlement Class (Dkt. No. 601, the "Motion for Final Approval").[1]  The terms of settlement that are the subject of this Order are contained in the Stipulation and Agreement of Settlement with Bank of America N.A., executed April 18, 2016 (the "Settlement Agreement").  Dkt. No. 222-1.  The Court has considered all papers filed and

---

[1] The ten Settling Defendants are Bank of America N.A. ("Bank of America"); Barclays Bank PLC and Barclays Capital Inc. ("Barclays"); Citigroup Inc. ("Citigroup"); Credit Suisse AG, New York Branch ("Credit Suisse"); Deutsche Bank AG ("Deutsche Bank"); The Goldman Sachs Group, Inc. ("Goldman Sachs"); HSBC Bank USA, N.A. ("HSBC"); JPMorgan Chase & Co. ("JPMorgan"); Royal Bank of Scotland PLC ("RBS"); and UBS AG ("UBS").  The terms of the settlements are contained in the relevant Stipulations and Agreement of Settlement.  *See* Dkt. Nos. 222-1, 222-2, 222-3, 222-4, 222-5, 222-6, 222-7, 331-1, 490-1, 490-2.

proceedings held in connection with the above-captioned Action, and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4. Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the settlement between Plaintiffs,[2] for themselves individually and on behalf of each Settlement Class Member in the Action, and Bank of America (and together with Plaintiffs, the "Settling Parties"), and any objections and responses thereto, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure the Court hereby certifies solely for settlement purposes the following Settlement Class:

> All Persons or entities who entered into, received or made payments on, settled, terminated, transacted in, or held an ISDAfix Instrument[3] during the Settlement

---

[2] Plaintiffs are Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG.

[3] "ISDAfix Instrument" means (i) any and all interest rate derivatives, including but not limited to any and all swaps, swap spreads, swap futures, and swaptions, denominated in USD or related to USD interest rates, and (ii) any financial instrument, product, or transaction related in any way to any ISDAfix Benchmark Rates, including but not limited to any and all instruments, products, or transactions that reference ISDAfix Benchmark Rates and any and all instruments, products, or transactions that are relevant to the determination or calculation of ISDAfix Benchmark Rates.

Class Period, January 1, 2006 through January 31, 2014.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all of the Released Defendant Parties[4] provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

5. The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows:  (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) questions of law and fact common to the Settlement Class predominate over any individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of members of the Settlement Class in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class, the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and the likely difficulties in managing this Action as a class action.

6. The law firms of Quinn Emanuel Urquhart & Sullivan, LLP; Scott+Scott, Attorneys at Law, LLP; and Robbins Geller Rudman & Dowd LLP are appointed, solely for settlement purposes, as Lead Counsel for the Settlement Class.

7. Plaintiffs Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington,

---

[4] "Released Defendant Parties" is defined, solely for purposes of this Final Judgment and Order of Dismissal, to mean Released Bank of America Parties, Released Barclays Parties, Released Citi Parties, Released Credit Suisse Parties, Released Deutsche Bank Parties, Released Goldman Parties, Released HSBC Parties, Released JPMorgan Parties, Released RBS Parties, and Released UBS Parties.

3

Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).  The Court further concludes that:

    a. The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

    b. The Action involves numerous contested questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

    c. Success in complex antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

    d. The Settlement Class Members' positive reaction to the Settlement Agreement is entitled to considerable weight.

9. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Claims, against Bank of

America and Released Bank of America Parties[5] by the Plaintiffs and Releasing Class Parties are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10. The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class, not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement from which members of Settlement Class are entitled to recover.

11. Upon the Effective Date:  (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Bank of America Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Class Claims[6] (including, without limitation, Unknown Claims); and (ii)

---

[5] "Released Bank of America Parties" means Bank of America, N.A. and each of its respective past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

[6] "Released Class Claims" means any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which the Releasing Class Parties ever had, now have, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released BofA Parties, arising from or relating to the factual predicate of the Action, including without limitation:  (i) any and all conduct related to the setting, submission, or alleged manipulation of ISDAfix Benchmark Rates; (ii) any purported conspiracy, collusion, racketeering activity, or other improper conduct regarding ISDAfix Benchmark Rates; (iii) any

Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Class Claims against any Released Bank of America Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Class Parties to pursue claims, if any, outside the scope of the Released Class Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

      12.      Upon the Effective Date, each of the Releasing Bank of America Parties:  (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the

---

and all conduct related to the setting, submission, or alleged manipulation of ISDAfix Benchmark Rates described in the CFTC Order or of the type described in the CFTC Order; (iv) any bidding, offering or trading by or on behalf of a Released BofA Party in any product, including but not limited to interest rate swaps, swap spreads, swap futures, swaptions, Eurodollar futures, and U.S. Treasuries, that was intended to, or was reportedly or allegedly intended to, impact ISDAfix Benchmark Rates; and (v) the sharing or exchange of customer information or confidential information, including but not limited to customer identity, trading patterns, net positions, or orders, with respect to interest rate swaps or swaptions based on an ISDAfix Benchmark Rate between a Released BofA Party and any other Person or entity through voice, telephone, chat rooms, instant messages, e-mail, or other means.  For the sake of clarity, the forgoing release:  (a) does not release general commercial disputes about ISDAfix Instruments that are not based on the factual predicate of the Action; (b) does not release claims allegedly intended to, impact ISDAfix Benchmark Rates; and (v) the sharing or exchange of customer information or confidential information, including but not limited to customer identity, trading patterns, net positions, or orders, with respect to interest rate swaps or swaptions based on an ISDAfix Benchmark Rate between a Released BofA Party and any other Person or entity through voice, telephone, chat rooms, instant messages, e-mail, or other means.  For the sake of clarity, the forgoing release: (a) does not release general commercial disputes about ISDAfix Instruments that are not based on the factual predicate of the Action; (b) does not release claims relating to the enforcement of the Settlement; and (c) does not release claims arising out of acts of manipulation that were allegedly undertaken solely for reasons other than to impact ISDAfix Benchmark Rates such as, without limitation, acts allegedly done to manipulate the market for U.S. Treasuries around Treasury auctions.

Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants' Claims[7] (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Bank of America or Releasing Bank of America Parties to pursue claims, if any, outside the scope of the Released Defendants' Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

13.     Upon the Effective Date, any claims for contribution, indemnification, or similar claims from any Person, including any other Defendants in the Action against any of the Released Bank of America Parties, arising out of or related to the Released Class Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released Bank of America Parties.

14.     All rights of any Settlement Class Member against:  (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Bank of America and Released Bank of America Parties with respect to Released Class Claims are specifically reserved by Plaintiffs and the Settlement Class Members. To the extent permitted and/or authorized by law, all transactions relating to or arising from entry

---

[7]  "Released Defendants' Claims" means any and all manner of claims, including Unknown Claims, that arise out of or relate in any way to the Releasing Class Parties' or Lead Counsel's institution, prosecution, or settlement of the claims, except for claims relating to the enforcement of the Settlement.

7

into, receipt of payments on, or terminations of any ISDAfix Instrument with Bank of America, remain in the case against (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Bank of America and Released Bank of America Parties, as a potential basis for damage claims and may be part of any joint and several liability claims.

15. The mailing of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice distribution efforts described in the Motion for Final Approval, as provided for in the Court's October 24, 2017 Order Providing for Notice to the Settlement Class and Preliminarily Approving the Plan of Distribution, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

16. The Plan of Distribution,[8] which was submitted by Plaintiffs in their Motion for Final Approval, and posted to the Settlement Website on March 29, 2018, is approved as fair, reasonable, and adequate.

17. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of the Released Bank of America Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Bank of America Parties in any civil,

---

[8] The Plan of Distribution was referred to as the "Plan of Allocation" in certain filings, including the preliminary approval papers and orders. The terms are synonymous.

criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  The Released Bank of America Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over:  (i) implementation of the Settlement set forth in the Settlement Agreement; (ii) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (iii) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (iv) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

19. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in

9

the event of termination of the Settlement, Paragraphs 5.1, 10.5, and 11.3 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

20. The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

21. In filing any motion seeking an order approving distribution of the settlement fund, Settling Parties are directed to disclose (a) the total class size; (b) the number of class members who filed claims; (c) the breakdown of those class members by "Pool"; (d) the percentage of class members who filed claims; and (e) the average award per class member.

22. There being no just reason for delay in the entry of this Final Judgment and Order of Dismissal, the Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and to terminate 14-CV-7126, Docket No. 601.

IT IS SO ORDERED.

DATED: New York, New York
June 1, 2018

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

# Exhibit 1

<u>Exclusion Requests</u>:

1. Danielle Biton
2. Chicago Baseball Holdings LLC
3. Métropole Européenne de Lille
4. Qantas Airways Limited
5. Pas-De-Calais Habitat
6. Commonwealth Bank of Australia