**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., | |
| Plaintiffs, | Lead Case No.:  14-cv-7126 (JMF) |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

**EXHIBIT A**

**[PROPOSED] ORDER PRELIMINARILY APPROVING AN ADDITIONAL**
**SETTLEMENT AND THE RELATED PLAN OF DISTRIBUTION, AND APPROVING**
**THE MANNER AND FORMS FOR NOTICE**

WHEREAS, an action is pending before this Court styled *Alaska Electronic Pension Fund, et al. v. Bank of America, N.A., et al.*, Lead Case No. 14-cv-7126 (JMF) (the "Action");

WHEREAS, the Court has entered orders granting final approval to the terms of the settlements with previously settling defendants Bank of America, N.A.; Barclays Bank PLC and Barclays Capital Inc.; Citigroup Inc.; Credit Suisse AG, New York Branch; Deutsche Bank AG; The Goldman Sachs Group, Inc.; HSBC Bank USA, N.A.; JPMorgan Chase & Co.; Royal Bank of Scotland PLC; and UBS AG (*see* Dkt. Nos. 648-57, the "Approved Settlements"), certifying a settlement class, appointing class counsel, appointing class representatives, and approving class notice and a plan of distribution in respect of the Approved Settlements;

WHEREAS, Plaintiffs have entered into and executed a Stipulation and Agreement of Settlement (the "Proposed Settlement" or "Proposed Settlement Agreement") with defendants BNP Paribas (named in the Action as "B.N.P. Paribas SA"); ICAP Capital Markets LLC (now

known as Intercapital Capital Markets LLC); Morgan Stanley & Co. LLC; Nomura Securities

International, Inc.; and Wells Fargo Bank, N.A. (collectively, the "Newly Settling Defendants");

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All capitalized terms in this Order shall have the same meanings as set forth in the

Proposed Settlement Agreement, unless otherwise defined herein.

**Preliminary Approval of the Proposed Settlement Agreement**

2.      Upon review of the record, the Court preliminarily finds that the Proposed

Settlement resulted from arm's-length negotiations between highly experienced counsel and falls

within the range of possible approval.  The Court hereby preliminarily approves the Proposed

Settlement, subject to further consideration at the Fairness Hearing described below.  The Court

preliminarily finds that the Proposed Settlement raises no obvious reasons to doubt its fairness and

provides a reasonable basis for presuming that the Proposed Settlement Agreement satisfies the

requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process

so that an appropriate notice of the Proposed Settlement should be given.

**Preliminary Certification of the Settlement Class**

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily

certifies, solely for settlement purposes, a Settlement Class defined as follows:

> All Persons or entities who entered into, received or made payments on, settled,
> terminated, transacted in, or held an ISDAfix Instrument during the Settlement
> Class Period [January 1, 2006 through January 31, 2014].  Excluded from the
> Settlement Class are Defendants and their employees, affiliates, parents,
> subsidiaries, and co-conspirators, should any exist, whether or not named in the
> Amended Complaint, and the United States Government, and all of the Released
> Defendant Parties, provided, however, that Investment Vehicles shall not be
> excluded from the definition of the Settlement Class.

4.      Solely for purposes of the settlements, the Court preliminarily finds that the

requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as

follows:  (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.     If the Effective Date does not occur because of the failure of a condition that affects the Proposed Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### Class Counsel and Class Representatives

6.     Lead Counsel are preliminarily appointed, solely for settlement purposes, as settlement class counsel for the Settlement Class for the Proposed Settlement.

7.     Alaska Electrical Pension Fund; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of

Washington, Pennsylvania; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt; and Portigon AG (collectively, "Plaintiffs") are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class for the Proposed Settlement.

### The Distribution Plan

8.      The Court hereby preliminarily approves the use of a plan of distribution substantially similar to that previously approved for use in connection with the Approved Settlements.  Any and all distributions of funds to eligible Settlement Class Members shall be made pursuant to the plan of distribution, as finally approved by the Court, to those Settlement Class Members who submit a valid Proof of Claim and Release Form ("Claim Form").

9.      Neither Newly Settling Defendants nor any of the Released Defendant Parties shall have any responsibility for or liability whatsoever with respect to:  (a) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (b) any Plan of Distribution; (c) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (d) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (e) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns; (f) the solicitation, review, or evaluation of proofs of claim; or (g) awards made pursuant to the Fee and Expense Application.

### The Notice Plan

10.     The Court approves, as to form and content, the Proposed Settlement's Notice, Claim Form, and Summary Notice for publication, substantially in the forms attached as Exhibit A-1, A-2, and A-3 hereto.

11.     The Court finds that the proposed plan for mailing and distributing notice in the manner substantially set forth below would meet the requirements of Rule 23 of the Federal Rules

of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

12.     As of the date set forth in Appendix A for the "Notice Date," the Claims Administrator (Epiq) shall cause a copy of the Proposed Settlement's Notice and Claim Form to be mailed by first-class domestic or international mail, as applicable, to all members of the Settlement Class who can be identified through reasonable effort, except to those who require notice through "alternative means," as discussed in paragraph 15 below.

13.     As of the Notice Date, Class Counsel shall update and continue to maintain a dedicated settlement website from which each member of the Settlement Class can view and download relevant documents, including the Proposed Settlement Agreement, and the Notice, Claim Form, Summary Notice, Second Consolidated Amended Class Action Complaint, and other important pleadings and orders.

14.     As of the Notice Date, the Claims Administrator shall cause the Proposed Settlement's Summary Notice to be published once in the global edition of the *Financial Times*; the monthly publication *Risk Magazine*; and the national editions of *The Wall Street Journal, The New York Times*, *The Daily Telegraph*, the *South China Morning Post*, and *The Straits Times*. Publication notice shall also consist of a press release over PR Newswire, digital banner advertisements, and internet sponsored links as described in the June 2018 Declaration of Cameron R. Azari, Esq.  After the issuance of this Order, the Settling Parties may agree to broaden this publication notice plan in consultation with the Claims Administrator without further order of the Court.

15.     Class Counsel shall seek to arrange reasonable alternative means of notification for reasonably identifiable counterparties of Defendants that are purported to be protected by foreign

countries' bank secrecy laws, data privacy laws, and/or similar confidentiality protections, such as notice being provided by a Defendant itself, or through the use of an agent with experience in providing notice in class actions.  Class Counsel shall promptly inform the Court of any agreement reached (or not reached) with regard to the use of alternative means for such counterparties. Notwithstanding the schedule set forth below, the notification plan shall not be implemented until the Court has been informed of the results of these and any other relevant negotiations.

16.     Any Person who is not a Settling Defendant or Released Party who transacted in ISDAfix Instruments for the benefit of another Person (a "Beneficial Owner") during the Settlement Class Period shall be requested either to send the Mail Notice and Claim Form to all such Beneficial Owners within 25 days after receipt thereof or to send a list of the names and last known addresses of such Beneficial Owners to the Claims Administrator within 25 days of receipt thereof, in which event, the Claims Administrator shall promptly mail the Mail Notice and Claim Form to such Beneficial Owners.

## Submitting Claims, Opting Out, or Objecting

17.     Settlement Class Members who wish to participate in the Proposed Settlement must timely complete and submit valid Claim Forms for the Proposed Settlement, in accordance with the instructions contained therein.  All Claim Forms shall include an acknowledgement of, and agreement to, the release of all Released Claims against all Released Defendant Parties and shall be signed under penalty of perjury by an authorized Person.  Persons or entities who submitted a timely and valid claim form in respect of the Approved Settlements will be treated as having submitted a timely and valid Claim Form in respect of the Proposed Settlement unless they request to be excluded in accordance with paragraph 21.

18.     Any Settlement Class Member who does not submit a valid Claim Form for the Proposed Settlement shall not be permitted to receive any distribution from the Settlement Fund relating to the Proposed Settlement, and will in any event be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

19.     Unless the Court orders otherwise, all Claim Forms must be submitted within 45 days after the final Fairness Hearing.  Notwithstanding the forgoing, Class Counsel shall have the discretion, but not the obligation, to accept late-submitted Claim Forms for processing by the Claims Administrator, so long as distribution of the proceeds of the Settlement Fund is not materially delayed.  Class Counsel shall have no liability for declining to accept any late-submitted Claim Forms.

20.     All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of the Proposed Settlement Agreement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for in the Proposed Settlement Agreement, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

21.     Any Person seeking exclusion from the Settlement Class must submit a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth herein.  Any Person who submits such a request shall be excluded from the Settlement Class, shall have no rights with respect to the Proposed Settlement, shall receive no payment from the sums provided for as part of the Proposed Settlement.  A Request for Exclusion must be (a) in writing; (b) signed by the Person or his, her, or its authorized representative; (c) state, at a minimum, the name, address, and phone number of that Person; (d) include proof of membership in the Proposed

Settlement Class; (e) identify the claim number printed on Claim Form(s) (if any) that Person

received; and (f) include a signed statement stating substantially that "I/we hereby request that

I/we be excluded from the Settlement Class in the *ISDAfix Antitrust Litigation.*"  To be valid, the

Request for Exclusion must be mailed to the Claims Administrator at:  *Alaska Electrical Pension*

*Fund et al. vs. Bank of America et al.*, c/o Epiq Systems Inc., PO Box 3775, Portland, OR

97208-3775, U.S.A. and postmarked no more than 60 days after the Notice Date.  A Request for

Exclusion that does not include all of the foregoing information, that does not contain the proper

signature, that is sent to an address other than the one designated herein, or that is not sent within

the time specified, shall be invalid, and the Person(s) submitting such an invalid request shall be a

Settlement Class Member and shall be bound by the Proposed Settlement set forth in the Proposed

Settlement Agreement or, if approved, any Final Judgments and Orders of Dismissal approving the

same.

        22.     Within five business days of the deadline for the filing of Requests for Exclusion,

Class Counsel shall provide the Newly Settling Defendants:  (i) a list of those Persons who have

requested to be excluded; (ii) copies of all such Requests for Exclusion; and (iii) all documents or

information concerning the volume of trading by such Persons within the scope of the Released

Claims that is (A) in the possession of the Claims Administrator or (B) otherwise available to the

Plaintiffs or Plaintiffs' Counsel from any records in their possession, custody or control, including

without limitation documents or information that they have the right to obtain pursuant to any

settlement with any party to this Action.  Class Counsel shall also promptly provide to the Newly

Settling Defendants any written revocations of Requests for Exclusion.

        23.     Any Settlement Class Member who has not requested exclusion from the

Settlement Class and who objects to the Proposed Settlement, the plan of distribution for the

Proposed Settlement, or the Fee and Expense Application related to the Proposed Settlement, may appear in person or through counsel, at his, her, or its own expense, at the Proposed Settlement's Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents filed by any such Settlement Class Member shall be considered by the Court, unless such Settlement Class Member properly files and serves a written objection that includes: (a) whether the Settlement Class Member intends to appear at the Proposed Settlement's Fairness Hearing in person or through counsel (though an appearance is not necessary for the Court to consider the objection); (b) proof of membership in the Settlement Class; and (c) the specific grounds for the objection and any reasons why such Settlement Class Member desires to appear and be heard, as well as all documents or writings that such Settlement Class Member desires the Court to consider.  Such a written objection must be filed with the Court within 60 days after the Notice Date.  Any Settlement Class Member who fails to timely object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

### The Proposed Settlement's Fairness Hearing

24.     All papers in support of final approval of the Proposed Settlement and the Fee and Expense Application related to the Proposed Settlement shall be filed by 45 days after the Notice Date, and any reply papers (which may include a response to objections, if any) shall be filed by 10 days after the objection deadline.  Concurrent with the motion for final approval of the Proposed Settlement, and with any subsequent updates as necessary, Class Counsel shall file or cause to be filed a sworn statement attesting to the compliance with the paragraphs in this Order governing the provision of notice.

25.     A hearing (the "Proposed Settlement's Fairness Hearing") shall be held before the Court on _____ at _____[1] in the Southern District of New York at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 to determine: (a) whether the Proposed Settlement of the Action on the terms and conditions provided for in the Proposed Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Final Judgment and Order of Dismissal should be entered; (c) whether further use of the Plan of Distribution in connection with the Proposed Settlement should be approved; (d) whether Class Counsel's Fee and Expense Application should be granted; and (e) such other matters as the Court may deem appropriate.  The Court shall consider the further application of the Plan of Distribution in connection with the Proposed Settlement, and the Fee and Expense Application, separately from the fairness, reasonableness, and adequacy of the Proposed Settlement, and any decisions by the Court concerning the further application of those other requests shall not affect the validity or finality of the Proposed Settlement.

26.     The Court reserves the right to adjourn the date of the Proposed Settlement's Fairness Hearing without further notice to the Settlement Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the Proposed Settlement.  To the extent practicable, Class Counsel shall cause the Claims Administrator to promptly cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published on the settlement website.  The Court may approve the Proposed Settlement or the further application of the Plan of Distribution, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

---

[1]  A copy of the proposed schedule for final approval is attached as Appendix A.

## Other Provisions

27.     The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have

been met.

28.     The Court's approval of Plaintiffs' designation of Epiq Systems, Inc. ("Epiq") as

the Claims Administrator is extended to the Proposed Settlement.  Absent further order of the

Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the

Proposed Settlement Agreement.

29.     The Court's appointment of Class Counsel as Escrow Agent is extended to the

Proposed Settlement.  Absent further order of the Court, the Escrow Agent shall establish the

Escrow Account at Citibank, N.A. and have such duties and responsibilities in such capacity as are

set forth in the Proposed Settlement Agreement.

30.     The Court approves the establishment of the Escrow Account under the Proposed

Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code

§468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction

as to any issue that may arise in connection with the formulation or administration of the QSFs.

All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and

shall remain subject to the jurisdiction of the Court, until such time as such funds shall be

distributed pursuant to the Proposed Settlement Agreement and further order(s) of the Court.

31.     All reasonable expenses incurred in identifying and notifying potential Settlement

Class Members as well as administering the Aggregate Settlement Funds shall be paid, as set forth

herein and in Paragraphs 3.3 and 3.9 of the Proposed Settlement Agreement.  In the event the Court

does not approve the Proposed Settlement Agreement, or if the Proposed Settlement Agreement

otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any

obligation to repay any amounts incurred or disbursed pursuant to Paragraphs 3.3 and 3.9 of the Proposed Settlement Agreement.

32.     In the event that the Proposed Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if the Proposed Settlement Agreement and any related orders had not been entered, and the Proposed Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of the Proposed Settlement Agreement, Paragraphs 5.1 and10.5, of the Proposed Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Any portion of the Settlement Fund, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph 9.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $250,000 per Newly Settling Defendant without the prior approval of the Court) shall be returned to the Newly Settling Defendants within five (5) business days after written notification of such event is sent by counsel for the Newly Settling Defendants or Lead Counsel to the Escrow Agent.  At the request of the Newly Settling Defendants, the Escrow Agent shall apply for any tax refund owed on the Proposed Settlement Fund and pay the proceeds to the Newly Settling Defendant.

33.     Each of the Newly Settling Defendants has denied wrongdoing or liability in connection with the allegations in the Action.  As such, nothing in the Proposed Settlement Agreement constitutes an admission by any of the Newly Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Class under Fed. R. Civ. P. 23 for purposes of settlement only.

34.     All proceedings in the Action with respect to Newly Settling Defendants are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement or comply with the terms of the Proposed Settlement Agreement.

35.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the Proposed Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

36.     Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any member of the Settlement Class who does not enter an appearance will be represented by Class Counsel.

37.     For the sake of clarity, nothing herein alters the deadlines, or anything else, with respect to the Approved Settlements.

SO ORDERED.

DATED: _____, 2018

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

**Appendix A**
**Schedule of Proposed Settlement Events and Final Approval**

| EVENT | DATE |
|-------|------|
| Commence Mail Notice and Publication and Update Settlement Website (the "notice date") | August 14, 2018 |
| File Papers in Support of Final Approval and Fee and Expense Application for Proposed Settlement | September 28, 2018 (45 days after notice date) |
| Last Day to Mail Request for Exclusion/Opt Out of Proposed Settlement Class and Last Day to Object to Proposed Settlement | October 13, 2018 (60 days after notice date) |
| File Reply Papers in Support of Final Approval and Fee and Expense Application for Proposed Settlement | October 23, 2018 (10 days after objection deadline) |
| Fairness Hearing for Proposed Settlement | No earlier than November 2, 2018 (at least 10 days after reply deadline) |
| Deadline to Submit Claim Forms for Proposed Settlement | 45 days after Fairness Hearing |