**EXHIBIT 1:**
**Stipulation and Agreement of Settlement with Newly Settling Defendants**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND; GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM; COUNTY OF MONTGOMERY, PENNSYLVANIA; COUNTY OF WASHINGTON, PENNSYLVANIA; CITY OF NEW BRITAIN, CONNECTICUT; PENNSYLVANIA TURNPIKE COMMISSION; ERSTE ABWICKLUNGSANSTALT (EAA) and PORTIGON AG on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>BANK OF AMERICA, N.A.; BARCLAYS BANK PLC; B.N.P. PARIBAS SA; CITIGROUP INC.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK AG; THE GOLDMAN SACHS GROUP, INC.; HSBC BANK USA, N.A.; ICAP CAPITAL MARKETS LLC; JPMORGAN CHASE & CO.; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL, INC.; ROYAL BANK OF SCOTLAND PLC; UBS AG; and WELLS FARGO BANK, N.A.,<br><br>                    Defendants. | Case No.:  14-cv-7126 (JMF)<br><br><br><br><br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT WITH B.N.P. PARIBAS SA; ICAP CAPITAL MARKETS LLC; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL, INC.; and WELLS FARGO BANK, N.A.**<br><br><br>Hon. Jesse M. Furman |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT.......................................2

II.  THE NEWLY SETTLING DEFENDANTS' DENIALS OF WRONGDOING
     AND LIABILITY .................................................................................................2

III.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT ...........................2

     1.     Definitions...............................................................................................3

     2.     CAFA Notice .........................................................................................14

     3.     The Settlement ......................................................................................14

            A.     The Settlement Fund ..................................................................14

            B.     The Escrow Agent......................................................................15

     4.     Taxes  ...................................................................................................17

     5.     Refund upon Termination of Settlement................................................18

     6.     Preliminary Approval Order and Settlement Hearing ...........................19

     7.     Releases.................................................................................................20

     8.     Administration and Calculation of Claims, Final Awards, and Supervision
            and Distribution of the Settlement Fund................................................21

     9.     Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges, and Expenses .................26

     10.    Conditions of Settlement and Effect of Disapproval, Cancellation, or
            Termination............................................................................................28

     11.    Confirmatory Discovery ........................................................................33

     12.    Miscellaneous Provisions.......................................................................34

This Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement Agreement"), dated June 22, 2018 (the "Execution Date"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among: (i) Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG (collectively, the "Plaintiffs"), for themselves and on behalf of each Settlement Class Member, on the one hand; and (ii) Defendants BNP Paribas (named in the Action as "B.N.P. Paribas SA"); Morgan Stanley & Co. LLC; Nomura Securities International, Inc.; and Wells Fargo Bank, N.A. (collectively, the "Newly Settling Bank Defendants"), and ICAP Capital Markets LLC (collectively with the Newly Settling Bank Defendants, each a "Newly Settling Defendant" and collectively, the "Newly Settling Defendants"), on the other hand; by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of New York, and any other actions that may be transferred or consolidated into this litigation (the "Action"). This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in §III.1 below.

## I.      PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Lead Counsel believe Plaintiffs' claims asserted in the Action have merit.  However, Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Newly Settling Defendants through trial.  Lead Counsel also have taken into account the uncertain outcome and risks of further litigation, especially in complex matters such as this Action.  Lead Counsel are further aware of the risks presented by the defenses asserted in the pending class certification briefing.  Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class in light of the circumstances present here.  Based on their evaluation, Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs and the Settlement Class, and is fair, reasonable, and adequate.

## II.     THE NEWLY SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Newly Settling Defendants have consistently denied, and continue to deny, that they have violated any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law in all material respects.  The Newly Settling Defendants have denied, and continue to deny, specifically each and all of the claims and contentions of wrongful conduct alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the Action.

## III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs, on the one hand, and the Newly Settling Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the

parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released as to all Released Parties, and the Action shall be settled, compromised, and dismissed with prejudice as to the Released Defendant Parties, without costs, except as stated herein, and releases extended as set forth in this Settlement Agreement, upon and subject to the terms and conditions of the Stipulation, as follows.

     1.     **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "Released BNP Parties" or "Releasing BNP Parties" mean BNP Paribas and each of its respective past or present direct and indirect parents (including holding companies), and all of their subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, acquirers, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

1.2     "Released ICAP Parties," or "Releasing ICAP Parties," mean ICAP Capital Markets LLC, now known as Intercapital Capital Markets LLC, and each of its respective past or present direct and indirect parents (including holding companies), and all of their subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, acquirers, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

1.3     "Released Morgan Stanley Parties," or "Releasing Morgan Stanley Parties," mean Morgan Stanley & Co. LLC and each of its respective past or present direct and indirect parents

(including holding companies), and all of their subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, acquirers, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

1.4     "Released Nomura Parties," or "Releasing Nomura Parties," mean Nomura Securities International, Inc. and each of its respective past or present direct and indirect parents (including holding companies), and all of their subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, acquirers, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

1.5     "Released Wells Fargo Parties," or "Releasing Wells Fargo Parties," mean Wells Fargo Bank, N.A. and each of its respective past or present direct and indirect parents (including holding companies), and all of their subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, acquirers, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.  For the avoidance of doubt, Released Wells Fargo Parties include (but are not limited to) Wachovia Corporation and each of its respective past or present direct and indirect parents (including holding companies), and all of their subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors,

acquirers, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, and directors of any other of the foregoing entities.

1.6    "Released Defendant Parties" or "Releasing Defendant Parties" mean the Released BNP Parties, the Released ICAP Parties, the Released Morgan Stanley Parties, the Released Nomura Parties, and the Released Wells Fargo Parties.

1.7    "Amended Complaint" means the Consolidated Amended Class Action Complaint, dated February 12, 2015, and any subsequent amended complaint(s), filed in this Action.

1.8    "Authorized Claimant" means any Settlement Class Member who submits a timely and valid Proof of Claim and Release Form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.9    "Bar Date" is defined in ¶8.6.

1.10    "CFTC Order(s)" means the May 20, 2015 Commodity Futures Trading Commission "Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions," CFTC ECF No. 15-25 against Barclays PLC, Barclays Bank PLC, and Barclays Capital Inc.; the May 25, 2016 Commodity Futures Trading Commission "Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions," CFTC ECF No. 16-16 against Citibank, N.A; the December 21, 2016 Commodity Futures Trading Commission "Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions," CFTC ECF No. 17-03 against The Goldman Sachs Group, Inc. and Goldman Sachs

& Co.; the February 3, 2017 Commodity Futures Trading Commission "Order Instituting Proceedings Pursuant to Sections 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions," CFTC ECF No. 17-08 against Royal Bank of Scotland plc; the February 1, 2018 Commodity Futures Trading Commission "Order Instituting Proceedings Pursuant to Section 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions," CFTC ECF No. 18-09 against Deutsche Bank Securities Inc.; and/or the June 18, 2018 Commodity Futures Trading Commission "Order Instituting Proceedings Pursuant to Section 6(c) and 6(d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions," CFTC ECF No. 18-15 against JPMorgan Chase Bank, N.A.

1.11    "Claims Administrator" means Epiq Systems, Inc.

1.12    "Class Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release Forms, and paying escrow fees and costs, if any.

1.13    "Counterparty Lists" is defined in ¶8.2.

1.14    "Court" means the United States District Court for the Southern District of New York.

1.15    "Defendant(s)" means any and all parties named as defendants in the Amended Complaint and/or in any subsequent amended complaint(s) or pleading(s) filed in this Action.

1.16    "Effective Date" means the first date by which all of the events and conditions specified in ¶10.1 of the Stipulation have been met and have occurred.

1.17    "Employee Benefit Plan" means any employee benefit plan within the meaning of §3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 *et seq.*

1.18    "Escrow Account" means the account controlled by the Escrow Agent, into which the sum of $96,000,000 is to be deposited by or on behalf of the Newly Settling Defendants, with each Newly Settling Defendant depositing the amount set forth in Schedule A, hereto.

1.19    "Escrow Agent" means Lead Counsel.

1.20    "Fee and Expense Application" is defined in ¶9.1.

1.21    "Fee and Expense Award" is defined in ¶9.1.

1.22    "Final" means when the last of the following with respect to the judgment approving the Settlement shall occur: (i) the expiration of the time to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and (iii) if a motion to alter or amend is filed under Federal Rule of Civil Procedure 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other

7

writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, any service awards to Plaintiffs, or any Plan of Allocation of the Net Settlement Fund.

1.23    "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to:  (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

1.24    "ISDAfix Benchmark Rates" means any and all tenors of USD ISDAfix, including any and all USD ISDAfix rates and USD ISDAfix spreads, and any and all "reference rates" distributed as part of the USD ISDAfix submission process.

1.25    "ISDAfix Instrument" means (i) any and all interest rate derivatives, including but not limited to any and all swaps, swap spreads, swap futures, and swaptions, denominated in USD or related to USD interest rates, and (ii) any financial instrument, product, or transaction related in any way to any ISDAfix Benchmark Rates, including but not limited to any and all instruments, products, or transactions that reference ISDAfix Benchmark Rates and any and all instruments, products, or transactions that are relevant to the determination or calculation of ISDAfix Benchmark Rates.

1.26    "Judgment and Order of Dismissal" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in substantially the

form of Exhibit B attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.27    "Lead Counsel" means Scott+Scott Attorneys at Law LLP, Quinn Emanuel Urquhart & Sullivan, LLP, and Robbins Geller Rudman & Dowd LLP.

1.28    "Materiality Threshold" is defined in ¶10.4(a).

1.29    "Mediator" is defined in ¶10.4(a).

1.30    "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any Plaintiffs' Service Award, if requested, and to the extent allowed by the Court; (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.31    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Settlement Class Members, as approved by the Court.

1.32    "Opt-Outs" is defined in ¶10.4.

1.33    "Person" means a natural person, individual, corporation, partnership, limited partnership, association, pension fund, mutual fund, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and his, her or its spouse, heirs, predecessors, successors, representatives, beneficiaries, trustees, or assignees, and any other entity on behalf of whom the person has a legal right to make or release a claim.

1.34    "Plaintiffs" means Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG.

1.35    "Plaintiffs' Counsel" means Lead Counsel and any counsel who appeared on behalf of Plaintiffs in the Action.

1.36    "Plaintiffs' Service Award" is defined in ¶9.2.

1.37    "Plaintiffs' Service Award Application" is defined in ¶9.2.

1.38    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund pursuant to which the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released Defendant Parties shall have no responsibility or liability with respect to the Plan of Allocation.

1.39    "Preliminary Approval Order" means the order requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, in substantially the form of Exhibit A attached hereto, or such other substantially similar form agreed to by the Settling Parties.

1.40    "Proof of Claim and Release Form" means the form as eventually approved by the Court for such use.

1.41    "Released Claims" means the Released Class Claims and the Released Defendants' Claims.

1.42    "Released Class Claims" shall be any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown,

10

suspected or unsuspected, asserted or unasserted, which the Releasing Class Parties ever had, now have, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released Defendant Parties, arising from or relating to the factual predicate of the Action, including without limitation:  (i) any and all conduct related to the administration, collection, setting, submission, or alleged manipulation of ISDAfix Benchmark Rates; (ii) any purported conspiracy, collusion, racketeering activity, or other improper conduct regarding ISDAfix Benchmark Rates; (iii) any and all conduct related to the setting, submission, or alleged manipulation of ISDAfix Benchmark Rates described in the CFTC Order(s) or of the type described in the CFTC Order(s); (iv) any bidding, offering, trading, or brokering by or on behalf of a Released Defendant Party in any product, including but not limited to interest rate swaps, swap spreads, swap futures, swaptions, Eurodollar futures, and U.S. Treasuries, that was intended to, or was reportedly or allegedly intended to, impact ISDAfix Benchmark Rates or benefit therefrom; and (v) the sharing or exchange of customer information or confidential information, including but not limited to customer identity, trading patterns, net positions, or orders, with respect to interest rate swaps or swaptions based on an ISDAfix Benchmark Rate between a Released Defendant Party and any other Person or entity through voice, telephone, chat rooms, instant messages, email, or other means.  For the sake of clarity, the forgoing release:  (a) does not release general commercial disputes about ISDAfix Instruments that are not based on the factual predicate of the Action; (b) does not release claims against the Newly Settling Defendants relating to the enforcement of the Settlement; and (c) does not release claims arising out of acts of manipulation that were allegedly undertaken solely for reasons other than to impact ISDAfix Benchmark Rates such as, without limitation, acts allegedly done solely to manipulate the market for U.S. Treasuries around Treasury auctions.

1.43    "Released Class Parties" and "Releasing Class Parties" means each of the Plaintiffs and, upon certification of the Settlement Class, each Settlement Class Member.

1.44    "Released Defendants' Claims" means any and all manner of claims, including Unknown Claims, that arise out of or relate in any way to the Releasing Class Parties' or Lead Counsel's institution, prosecution, or resolution of the Action or the Released Class Claims, except for claims relating to the enforcement of the Settlement.

1.45    "Released Parties" means Released Defendant Parties and Released Class Parties.

1.46    "Releasing Parties" means the Releasing Defendant Parties and the Releasing Class Parties.

1.47    "Request for Exclusion" is defined in ¶10.4(a).

1.48    "Settlement Amount" means $96,000,000 USD in cash.

1.49    "Settlement Class" means all Persons or entities who entered into, received or made payments on, settled, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all of the Released Defendant Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

1.50    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and has not timely and validly excluded himself, herself, or itself in accordance with the procedures established by the Court.

1.51    "Settlement Class Period" means the period of January 1, 2006 through January 31, 2014.

1.52    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

1.53    "Settlement Hearing" is defined in ¶6.3.

1.54    "Settling Parties" means Plaintiffs and the Newly Settling Defendants.

1.55    "Summary Notice" means the summary notice form as eventually approved by the Court.

1.56    "Taxes" is defined in ¶4.3.

1.57    "Tax Expenses" is defined in ¶4.3.

1.58    "Termination Notice" is defined in ¶10.2.

1.59    "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, Releasing and Released Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civil Code §1542.  The Releasing Parties and Released Parties may hereafter discover facts

13

other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims.  Nevertheless, the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member upon the Effective Date shall be deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all of their respective Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

**2.      CAFA Notice**

2.1      Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court, the Newly Settling Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

**3.      The Settlement**

**A.      The Settlement Fund**

3.1      Each Newly Settling Defendant shall deposit its share of the Settlement Amount (as set forth in Schedule A) in cash into the Escrow Account within fourteen (14) days of the Court's entry of the Preliminary Approval Order, provided that the time by which the Newly Settling Defendants must pay into the Escrow Account does not begin to run until Lead Counsel has provided them with such information as the Newly Settling Defendants may require to complete the wire transfer.

3.2      The obligation to have the Escrow Account fully funded is not joint and several. However, if the full Settlement Amount is not timely paid into the Escrow Account in

accordance with ¶3.1, and the deficiency is not cured within seven (7) business days of receiving a written demand from Lead Counsel to cure such failure, Plaintiffs shall have, at their sole discretion, the right but not the obligation to (a) seek specific performance as against any Newly Settling Defendant who did not timely pay its share; or (b) terminate the Settlement Agreement as to that Newly Settling Defendant, or (c) terminate the Settlement Agreement as to all Newly Settling Defendants.

3.3     Except as required by ¶3.1 concerning payment of the Settlement Amount, and except as provided in ¶5.1 concerning refund upon termination of the Settlement, the Newly Settling Defendants shall have no responsibility for any other costs, including any attorneys' fees and expenses or costs of class notice and claims administration, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.  For the sake of clarity, each Newly Settling Defendant shall bear its own cost in complying with the obligations set forth in ¶8.2 and §11.

### B.    The Escrow Agent

3.4     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶3.1 in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.5     Neither the Settling Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to any losses suffered by, or fluctuations in the value of, the Settlement Fund.

3.6     The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed in their entirety in accordance with ¶¶8.4, 8.5, 8.8, and 8.10.

3.9     Prior to the Effective Date, Lead Counsel, without further approval from any of the Newly Settling Defendants, may pay from the Settlement Fund up to $250,000 per Newly Settling Defendant in Class Notice and Administration Expenses, Taxes, and Tax Expenses associated with providing notice to the Settlement Class and the administration of the Settlement. Prior to the Effective Date, payment of any Class Notice and Administration Expenses, Taxes, and Tax Expenses exceeding this amount shall require notice to, and agreement from, each of the Newly Settling Defendants, through their counsel, which agreement shall not be unreasonably refused.  Subsequent to the Effective Date, without further approval by the Newly Settling Defendants, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Class Notice and Administration Expenses.

**4.      Taxes**

4.1      The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulations §1.468B-1 and agree not to take any position for tax purposes inconsistent therewith.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this §4, including the "relation-back election" (as defined in Treasury Regulations §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2      For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulations §1.468B-2(k)).

4.3      All (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned on the Settlement Amount, including any taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned on the Settlement Amount for any period during which the Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this §4 (including, without limitation, expenses of tax attorneys and/or accountants, mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this

§4) ("Tax Expenses"), shall be paid out of the Settlement Amount; in all events the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Escrow Account without prior approval of the Newly Settling Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this §4.

5. **Refund upon Termination of Settlement**

5.1     In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, pursuant to ¶3.2 or in the event the Judgment and Order of Dismissal is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked; the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Expenses, Taxes, or Tax Expenses pursuant to ¶¶3.9 and 4.3 shall be refunded to the relevant Newly Settling Defendant(s) pursuant to written instructions from counsel for the relevant Newly Settling Defendants.  The Newly Settling Defendants shall have no right to seek reimbursement from any Person for the expenses actually incurred or due and owing for Class Notice and Administration Expenses, Taxes, or Tax Expenses.

5.2     The right to any repayment required to be made upon termination shall accrue to any particular Newly Settling Defendant only in proportion to the share of the Settlement Fund

provided into the Escrow Account by that Newly Settling Defendant pursuant to ¶3.1 (as set forth in Schedule A).

### 6.     Preliminary Approval Order and Settlement Hearing

6.1     Lead Counsel shall submit the Stipulation to the Court and shall apply for entry of the Preliminary Approval Order in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation.  The Notice to ultimately be disseminated to the potential Settlement Class Members in connection with the Settlement, and also be approved by the Court prior to distribution, will set forth a summary of the terms of the Stipulation (including a description of the Released Class Claims); the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees, costs, and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Settlement Class.

6.2     It shall be the Claims Administrator's responsibility, under supervision of Lead Counsel, to disseminate the Notice and Summary Notice in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Defendant Parties, counsel for the Newly Settling Defendants, Plaintiffs, and/or Plaintiffs' Counsel, with respect to any claims they may have that arise from any failure of the notice process.

6.3     Lead Counsel shall request that after notice is given to the Settlement Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award and, if requested, the Plaintiffs' Service Award.

7.    **Releases**

7.1    Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not any such Settlement Class Member executes and delivers a Proof of Claim and Release Form) any and all Released Class Claims (including, without limitation, Unknown Claims).  Claims against the Newly Settling Defendants to enforce the terms of this Stipulation are not released.  The Settling Parties and their respective counsel acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of §1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.  The releases set forth herein are to be construed pursuant to New York law as set forth in ¶12.17, including N.Y. General Obligations Law §15-108, which bars claims for contribution by joint tortfeasors and other similar claims.  It is an express and material condition of this Settlement Agreement that it is intended to absolve the Released Defendant Parties of any claims for contribution, indemnification, or similar claims from any Person, including any other Defendants in the Action, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification, or similar claims against any of the Released Defendant Parties.  The Judgment and Order of Dismissal shall, to the extent not prohibited by law, contain a bar on such claims for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise.

7.2     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Class Claims against the Released Defendant Parties and any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action or the Released Class Claims, except for claims against Newly Settling Defendants relating to the enforcement of the Settlement.

7.3     Upon the Effective Date, each of the Releasing Defendant Parties shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Class Claims, except for claims against the Plaintiffs and the Settlement Class Members relating to the enforcement of the Settlement.  The Settling Parties and their respective counsel acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of §1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

**8.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

8.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel, shall provide notice of the Settlement to the Settlement Class, shall administer

and calculate the claims submitted by Settlement Class Members pursuant to the Plan of Allocation, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

8.2     Within a reasonable period of time after entry of the Preliminary Approval Order, the Newly Settling Bank Defendants shall provide or cause to be provided to the Claims Administrator a list of names and addresses of members of the Settlement Class who were counterparties with or transacted in ISDAfix Instruments with the Newly Settling Bank Defendants, to the extent such information has not been previously provided and is reasonably available in electronic databases in the possession of the Newly Settling Bank Defendants ("Counterparty Lists"), or shall otherwise arrange to provide notice to those members of the Settlement Class.  However, the Newly Settling Bank Defendants shall begin making reasonable preparations for such production and/or provision of notice no later than the execution date of this Settlement.  The Newly Settling Bank Defendants shall not be required to conduct any research from external sources to formulate Counterparty Lists.  To the extent the Newly Settling Bank Defendants contend attorney access to such information would violate any foreign privacy laws, the parties shall meet and confer on the issue and, if they are unable to resolve the dispute, the Newly Settling Bank Defendants may seek leave of the Court to restrict such attorney access. Counterparty Lists shall be provided in an electronic format mutually acceptable to the Newly Settling Bank Defendants and the Claims Administrator.  The Newly Settling Bank Defendants shall be responsible for any costs or expenses related to providing Counterparty Lists through information reasonably available in electronic databases in their possession and/or providing notice through alternate means to members of the Settlement Class who were counterparties with or transacted in ISDAfix Instruments with the Released Defendant Parties.  The Settling Parties shall meet and confer in good faith as to whether notice to any portion of the Settlement Class

through alternate means is appropriate, and any disputes regarding Counterparty Lists, foreign privacy laws, or alternative notice obligations shall be reserved for resolution by the Court if the Settling Parties are unable to reach agreement following good-faith conferrals. ICAP Capital Markets LLC has represented that, as an interdealer broker, it did not have counterparties that transacted in ISDAfix Instruments such that it would be able to provide or cause to be provided to the Claims Administrator names and addresses of members of the Settlement Class who were such counterparties. Notwithstanding the foregoing, Plaintiffs and ICAP Capital Markets LLC shall similarly meet and confer in good faith as to whether ICAP Capital Markets LLC can identify through reasonable efforts non-duplicative Settlement Class Members whose transactions it brokered, with any disputes regarding the scope of efforts to be undertaken reserved for resolution by the Court if Plaintiffs and ICAP Capital Markets LLC are unable to reach agreement following good-faith conferrals. As with the Newly Settling Bank Defendants, ICAP Capital Markets LLC shall not be required to conduct any research from external sources to identify non-duplicative Settlement Class Members, nor shall it be required to provide information in violation of foreign privacy laws.

8.3    In accordance with the schedule eventually approved by the Court, Lead Counsel will cause the Claims Administrator to mail a Proof of Claim and Release Form to all members of the Settlement Class that can be identified using reasonably available data and through reasonable efforts. The Notice and Proof of Claim and Release Form shall also be posted on the dedicated Settlement website that has already been established by the Claims Administrator. In accordance with the schedule to be approved by the Court, the Summary Notice will also be published, at minimum, once in the national edition of the *Financial Times* and *The Wall Street*

23

*Journal*, and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

8.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Class Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay the Fee and Expense Award subject to the approval of the Court;

(d)     to pay any Plaintiffs' Service Award subject to the approval of the Court; and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants pursuant to the Stipulation and the Plan of Allocation, as approved by the Court.

8.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

8.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release Form postmarked or submitted electronically by the date specified in the Preliminary Approval Order, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release Form.

8.7     Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim and Release Form by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release Form that is rejected, shall be

forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment and Order of Dismissal. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs' Counsel, the Settling Parties, or the Claims Administrator by reason of the decision to exercise or not exercise such discretion.

8.8     The Claims Administrator shall calculate the claims of Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  The Newly Settling Defendants will have no involvement in reviewing or challenging claims.  Following the Effective Date, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation.  To the extent the Plan of Allocation is to be materially different from that approved by the Court in the prior proceedings with respect to other settlements, Lead Counsel will provide the proposed Plan of Allocation to the Newly Settling Defendants for review and comment at least ten (10) business days before submitting it to the Court.  The Newly Settling Defendants shall provide their comments on the revised Plan of Allocation within seven (7) business days of receiving it.  The Newly Settling Defendants shall take no position in any Court proceedings with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

8.9     Other than in the event of the termination of the Settlement pursuant to ¶5.1, or as provided in ¶10.4, the Newly Settling Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable

period of time after the initial date of distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the remaining balance in the Net Settlement Fund is *de minimis*, and any such remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Lead Counsel and approved by the Court.

8.10    The finality of the Court's Judgment and Order of Dismissal approving the Stipulation shall not be conditioned on any ruling by the Court concerning the Plan of Allocation of the Net Settlement Fund.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement Agreement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and Order of Dismissal and the release of the Released Claims.

8.11    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Released Parties, the Newly Settling Defendants, counsel for the Newly Settling Defendants, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court.  This provision does not include any claim by any party for breach of this Stipulation.

**9.      Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges, and Expenses**

9.1    Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by

26

the Court.  Any and all such fees, expenses, charges, and costs awarded by the Court (the "Fee and Expense Award"), shall be payable solely out of the Settlement Fund.

9.2     Plaintiffs may submit an application or applications to the Court (the "Plaintiffs' Service Award Application") for an award for their time and expense in representing the Settlement Class.  Any such amounts awarded to Plaintiffs, as approved by the Court (the "Plaintiffs' Service Award"), shall be payable solely out of the Settlement Fund.

9.3     The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following entry of an order by the Court granting such award.  In the event that the Effective Date does not occur, or the order making the Fee and Expense Award pursuant to ¶9.1 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Plaintiffs' Counsel shall, in an amount consistent with such reversal, modification, cancellation, or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) days from receiving notice from counsel for the Newly Settling Defendants or from a court of competent jurisdiction.  Any refunds required pursuant to this paragraph shall be the several obligation of each Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel, as a condition of receiving such fees and/or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

9.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award or Plaintiffs' Service Award to be paid out of the Settlement Fund are not part of

the Settlement, and any order or proceeding relating to the Fee and Expense Application or Plaintiffs' Service Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment and Order of Dismissal (including the releases contained herein).

9.5    The Released Defendant Parties shall not have any responsibility for or liability with respect to the payment of any Fee and Expense Award to any Plaintiffs' Counsel, or with respect to the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**10.    Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation;

(b)    the Settlement Amount has been deposited into the Escrow Account as provided by ¶3.1;

(c)    no Settling Party has exercised its option to terminate the Stipulation pursuant to ¶10.2 or ¶10.4, and any request for relief pursuant to ¶10.4 has been resolved by the Mediator;

(d)    the Court has entered the Preliminary Approval Order;

(e)    the Court has entered the Judgment and Order of Dismissal that, *inter alia*, dismisses with prejudice the Action as to the Newly Settling Defendants; and

(f)    the Judgment and Order of Dismissal has become Final.

10.2    Plaintiffs, through Lead Counsel, and each Newly Settling Defendant, through counsel for each Newly Settling Defendant, shall, in each of their separate discretions, have the right to terminate the Settlement set forth in this Settlement Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which:  (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Settlement Agreement or any material part of it; (iii) the Court enters an order declining to enter the Judgment and Order of Dismissal in any material respect; or (iv) the Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect.  Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application, Plaintiffs' Service Award Application, and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

10.3    The Settlement is non-recapture, *i.e.*, this is not a claims-made settlement.  As of the Effective Date, the Newly Settling Defendants shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶10.1, any and all remaining interest or right of the Newly Settling Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in ¶10.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶10.5, unless Lead Counsel and counsel for each Newly Settling Defendant mutually agree in writing to proceed with the Settlement.

10.4    If, prior to the Settlement Hearing, one or more putative members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class ("Opt-

Outs"), which may be done only with respect to this Settlement and the Newly Settling Defendants, and not with respect to any previous settlement(s) approved by the Court in this Action, the processes set forth in this paragraph shall apply.  Such Persons who timely request exclusion from the Settlement Class, with respect to this Settlement and the Newly Settling Defendants only, shall be excluded from the Settlement Class with respect to this Settlement and the Newly Settling Defendants only.

       (a)      Within five (5) business days of the deadline set by the Court for the filing of Requests for Exclusion, Lead Counsel shall provide to the Newly Settling Defendants:  (i) a list of those Persons described in ¶10.4 herein, if any, who have filed a request to be excluded from the Settlement Class, with respect to this Settlement and the Newly Settling Defendants only ("Request for Exclusion"), (ii) copies of all such Requests for Exclusion and (iii) all documents or information concerning the volume of trading by Opt-Outs within the scope of the Released Claims that is (A) in the possession of the Claims Administrator or (B) otherwise available to the Plaintiffs or Plaintiffs' Counsel from any records in their possession, custody or control, including without limitation documents or information that they have the right to obtain pursuant to any settlement with any party to this Action.  Lead Counsel shall also promptly provide to the Newly Settling Defendants any written revocations of Requests for Exclusion. If, after any Newly Settling Defendant receives the list of the Opt-Outs, it decides to request some relief, the Settling Parties shall first meet and confer in good faith.  If the Settling Parties are unable to reach agreement, and one or more Newly Settling Defendant(s) assert(s) that the total Requests for Exclusion represent a material portion of relevant transactions during the Settlement Class Period that would be eligible for compensation under the Settlement, and their exclusion would materially reduce the value of the settlement to such Newly Settling

Defendant(s) (the "Materiality Threshold"), then such Newly Settling Defendant(s) may present the issue of whether the total Requests for Exclusion meet the Materiality Threshold and, if so, the issue of the appropriate remedy to an independent and neutral mediator (the "Mediator") to be selected in good faith by mutual agreement of the Plaintiffs and the Newly Settling Defendants who seek mediation under ¶10.4(a).  The Mediator's determinations, which shall be made after a mediation involving Plaintiffs and the Settling Parties who seek mediation under ¶10.4(a) of this Settlement Agreement, shall be binding on the Settling Parties.

(b)     The Mediator shall have sole discretion to determine what, if any, reduction remedy is warranted due to a material impact on the value of the Settlement to any Newly Settling Defendant by the Requests for Exclusion.  The Mediator is not required to grant any reduction if he determines no such reduction is appropriate.  The Mediator can only grant a reduction up to the share(s) of the Settlement Fund initially provided into the Escrow Account by the mediating Newly Settling Defendant(s) as set forth in Schedule A.  For the sake of clarity, in fashioning any reduction remedy the Mediator must consider the fairness of the impact such a reduction would have on those Settlement Class Members who did not request to be excluded from the Settlement Class.

(c)     In the event the Mediator determines some reduction is appropriate, the amount of the reduction shall be paid to such Newly Settling Defendant(s) from the Settlement Fund.

(d)     In the alternative to seeking a reduction, any Newly Settling Defendant may terminate the Settlement if, upon application from such Newly Settling Defendant, the Mediator determines, in his sole discretion, that the reduction remedy is not adequate to preserve the essential benefits of the Settlement to such Newly Settling Defendant.  For any such

application of a Newly Settling Defendant, in assessing whether the essential benefits of the Settlement have been materially undermined, the Mediator shall consider the unfairness of (i) a class member submitting a valid Proof of Claim Form pursuant to any previous settlement(s) approved by the Court in this Action, and (ii) then becoming an Opt-Out from the Settlement Class for the purpose of attempting to bring a new claim against one or more of the Newly Settling Defendants based on the same allegations and claims that led to all settlements in this Action.  Any application by any Newly Settling Defendant for termination relief under this paragraph must be made in writing within fourteen (14) days following the receipt from Plaintiffs of the list of Opt-Outs and accompanying information required to be provided pursuant to Subparagraph 10.4(a) herein, or within seven (7) days of a determination on the reduction remedy by the Mediator, whichever is later.  If termination relief is granted to any Newly Settling Defendant, any termination shall be effected solely in accordance with the termination provisions of this Settlement Agreement.

(e)     The Settling Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate, or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

10.5    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for any Newly Settling Defendant or Lead Counsel to the Escrow Agent, the Settlement Fund, less Class Notice and Administration Expenses, Taxes, and Tax Expenses reasonably and actually incurred, shall be refunded in proportion to the payments identified in Schedule A pursuant to written instructions from counsel for the relevant Newly Settling Defendants.  At the written direction of counsel for the

Newly Settling Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund.

10.6   Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Releasing Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Action.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶5.1, 10.5 and 12.5, shall have no further force and effect with respect to the Releasing Parties and shall not be used in this Action or in any other proceeding for any purpose; and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*; and the Releasing Parties shall be deemed to return to their status as of the Execution Date.  No order of the Court, or modification or reversal on appeal of any such order of the Court, concerning the Plan of Allocation, the Fee and Expense Award, or the Plaintiffs' Service Award, shall constitute grounds for cancellation or termination of the Stipulation.

## 11.    Confirmatory Discovery

11.1   The Settling Parties recognize that confirmatory discovery may be necessary to address certain issues that may arise in connection with the Settlement, including any Request(s) for Exclusion or objection(s) to the Settlement that are received.  In consideration for the dismissal of the Action and the release of the Released Class Claims as against the Newly Settling Defendants, the Newly Settling Defendants agree to provide reasonable confirmatory discovery, but only if the Settling Parties agree such confirmatory discovery is necessary following good faith meet and confer(s) among the Settling Parties.  The Settling Parties can

seek Court guidance in the event they cannot agree in good faith on what is reasonably necessary to administer the Settlement or to obtain approval for the Settlement.

### 12.    Miscellaneous Provisions

12.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

12.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action and the Released Claims, or which could have been asserted with respect to the Action based on the same factual predicate.   The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Parties of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

12.3    The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action, and the Judgment and Order of Dismissal shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.   The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.4    Neither the Stipulation nor the Settlement contained herein, nor the relative or absolute amount of the payments made by each Newly Settling Defendant as set forth on

Schedule A, nor any negotiations, discussions, proceedings, or acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) are or may be deemed to be or may be used as admissions of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any Newly Settling Defendants; or (b) are or may be deemed to be or may be used as admissions of, or evidence of, any fault or omission of the Newly Settling Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settling Parties and their counsel agree to not make any public statements that assert or imply otherwise. The Released Defendant Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel may file the Stipulation and/or the Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

12.5    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to their terms.

12.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

12.7    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length

negotiations between the Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

12.9    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

12.10   The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.11   Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

12.12   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

12.13   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given:  (a) when delivered personally to the recipient; (b) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid); or (c) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Plaintiffs or to Lead Counsel:*

David W. Mitchell
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*If to the Newly Settling Defendants or their counsel:*

For ICAP Capital Markets LLC:
Shari A. Brandt
RICHARDS KIBBE & ORBE LLP
200 Liberty Street
New York, NY 10281-1003

For Morgan Stanley & Co. LLC:
Jon R. Roellke
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541

For BNP Paribas:
Joshua A. Goldberg
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

For Nomura Securities International, Inc.:
Jerome S. Fortinsky
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022-6069

*and*

For Wells Fargo Bank, N.A.:
Eric Seiler
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
7 Times Square
New York, New York 10036-6516

12.14   The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.   Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

12.15   The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

12.16   The Court shall have exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

12.17   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York, without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 22, 2018.

*On Behalf of All Named Plaintiffs and the Settlement Class:*

*On Behalf of the Newly Settling Defendants*:

**For Defendant BNP Paribas**

SCOTT+SCOTT
ATTORNEYS AT LAW LLP

PATTERSON BELKNAP WEBB
& TYLER LLP

_____

_____

Christopher M. Burke (CB-3648)
Julie A. Kearns (*pro hac vice*)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
cburke@scott-scott.com
jkearns@scott-scott.com

Joshua A. Goldberg
Alejandro H. Cruz
Amy N. Vegari
1133 Avenue of the Americas
New York, New York 10036
Telephone: 212-336-2441
jgoldberg@pbwt.com
acruz@pbwt.com
avegari@pbwt.com

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 22, 2018.

| | |
|---|---|
| **On Behalf of All Named Plaintiffs and the Settlement Class:** | **On Behalf of the Newly Settling Defendants:** |
| | **For Defendant BNP Paribas** |
| SCOTT+SCOTT ATTORNEYS AT LAW LLP | PATTERSON BELKNAP WEBB & TYLER LLP |
| | |
| Christopher M. Burke (CB-3648) | Joshua A. Goldberg |
| Julie A. Kearns (*pro hac vice*) | Alejandro H. Cruz |
| 600 W. Broadway, Suite 3300 | Amy N. Vegari |
| San Diego, CA 92101 | 1133 Avenue of the Americas |
| Telephone: 619-233-4565 | New York, New York 10036 |
| Facsimile:  619-233-0508 | Telephone: 212-336-2441 |
| cburke@scott-scott.com | jgoldberg@pbwt.com |
| jkearns@scott-scott.com | acruz@pbwt.com |
| | avegari@pbwt.com |

For Defendant ICAP Capital Markets LLC

RICHARDS KIBBE & ORBE LLP

SCOTT+SCOTT
ATTORNEYS AT LAW LLP
David R. Scott (DS-8053)
Beth A. Kaswan
Peter A. Barile, III (PB-3354)
Thomas K. Boardman
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
david.scott@scott-scott.com
bkaswan@scott-scott.com
pbarile@scott-scott.com
tboardman@scott-scott.com

Shari A. Brandt
H. Rowan Gaither
Matthew Riccardi
200 Liberty Street
New York, NY 10281-1003
Telephone: 212-530-1874
sbrandt@rkollp.com
rgaither@rkollp.com
mriccardi@rkollp.com

For Defendant Morgan Stanley & Co. LLC

MORGAN, LEWIS & BOCKIUS LLP

SCOTT+SCOTT
ATTORNEYS AT LAW LLP
Amanda A. Lawrence
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile:  860-537-4432
alawrence@scott-scott.com

Jon R. Roellke
Anthony R. Van Vuren
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: 202-739-3000
jon.roellke@morganlewis.com
anthony.vanvuren@morganlewis.com

Kenneth I. Schacter
101 Park Ave.
New York, NY 10178
Telephone: 212-309-6000
kenneth.schacter@morganlewis.com

40

**For Defendant ICAP Capital Markets LLC**

RICHARDS KIBBE & ORBE LLP

SCOTT+SCOTT
ATTORNEYS AT LAW LLP
David R. Scott (DS-8053)
Beth A. Kaswan
Peter A. Barile, III (PB-3354)
Thomas K. Boardman
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
david.scott@scott-scott.com
bkaswan@scott-scott.com
pbarile@scott-scott.com
tboardman@scott-scott.com

_____

Shari A. Brandt
H. Rowan Gaither
Matthew Riccardi
200 Liberty Street
New York, NY 10281-1003
Telephone: 212-530-1874
sbrandt@rkollp.com
rgaither@rkollp.com
mriccardi@rkollp.com


**For Defendant Morgan Stanley & Co. LLC**

MORGAN, LEWIS & BOCKIUS LLP

_____

Jon R. Roellke
Anthony R. Van Vuren
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: 202-739-3000
jon.roellke@morganlewis.com
anthony.vanvuren@morganlewis.com

SCOTT+SCOTT
ATTORNEYS AT LAW LLP
Amanda A. Lawrence
156 South Main Street, P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile:  860-537-4432
alawrence@scott-scott.com

Kenneth I. Schacter
101 Park Ave.
New York, NY 10178
Telephone: 212-309-6000
kenneth.schacter@morganlewis.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

Daniel L. Brockett
Daniel Cunningham
Marc L. Greenwald
Steig D. Olson
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
Telephone: 212-849-7000
Facsimile: 212-849-7100
danbrockett@quinnemanuel.com
danielcunningham@quinnemanuel.com
marcgreenwald@quinnemanuel.com
steigolson@quinnemanuel.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
jeremyandersen@quinnemanuel.com

ROBBINS GELLER RUDMAN
& DOWD LLP

Patrick J. Coughlin
David W. Mitchell
Brian O. O'Mara
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Facsimile: 619-231-7423
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com

**For Defendant Nomura Securities
International, Inc.**

SHEARMAN & STERLING LLP

Jerome S. Fortinsky
Brian H. Polovoy
K. Mallory Brennan
599 Lexington Avenue
New York, New York 10022-6069
Telephone: 212-848-4000
jfortinsky@shearman.com
bpolovoy@shearman.com
mallory.brennan@shearman.com

**For Defendant Wells Fargo Bank, N.A.**

FRIEDMAN KAPLAN SEILER
& ADELMAN LLP

Eric Seiler (ES-5437)
Andrew W. Goldwater
Anne E. Beaumont
7 Times Square
New York, NY 10036-6516
Telephone: 212-833-1000
eseiler@fklaw.com
agoldwater@fklaw.com
abeaumont@fklaw.com

QUINN EMANUEL URQUHART
   & SULLIVAN, LLP

**For Defendant Nomura Securities
International, Inc.**

SHEARMAN & STERLING LLP

_____

Daniel L. Brockett
Daniel Cunningham
Marc L. Greenwald
Steig D. Olson
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
Telephone: 212-849-7000
Facsimile: 212-849-7100
danbrockett@quinnemanuel.com
danielcunningham@quinnemanuel.com
marcgreenwald@quinnemanuel.com
steigolson@quinnemanuel.com

_____

Jerome S. Fortinsky
Brian H. Polovoy
K. Mallory Brennan
599 Lexington Avenue
New York, New York 10022-6069
Telephone: 212-848-4000
jfortinsky@shearman.com
bpolovoy@shearman.com
mallory.brennan@shearman.com

QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
jeremyandersen@quinnemanuel.com

ROBBINS GELLER RUDMAN
   & DOWD LLP

**For Defendant Wells Fargo Bank, N.A.**

FRIEDMAN KAPLAN SEILER
   & ADELMAN LLP

_____

_____

Patrick J. Coughlin
David W. Mitchell
Brian O. O'Mara
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Facsimile: 619-231-7423
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com

Eric Seiler (ES-5437)
Andrew W. Goldwater
Anne E. Beaumont
7 Times Square
New York, NY 10036-6516
Telephone: 212-833-1000
eseiler@fklaw.com
agoldwater@fklaw.com
abeaumont@fklaw.com

41

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

Daniel L. Brockett
Daniel Cunningham
Marc L. Greenwald
Steig D. Olson
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
Telephone: 212-849-7000
Facsimile: 212-849-7100
danbrockett@quinnemanuel.com
danielcunningham@quinnemanuel.com
marcgreenwald@quinnemanuel.com
steigolson@quinnemanuel.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Jeremy D. Andersen (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
jeremyandersen@quinnemanuel.com

ROBBINS GELLER RUDMAN
& DOWD LLP

Patrick J. Coughlin
David W. Mitchell
Brian O. O'Mara
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619-231-1058
Facsimile: 619-231-7423
patc@rgrdlaw.com
davidm@rgrdlaw.com
bomara@rgrdlaw.com

**For Defendant Nomura Securities
International, Inc.**

SHEARMAN & STERLING LLP

_____
Jerome S. Fortinsky
Brian H. Polovoy
K. Mallory Brennan
599 Lexington Avenue
New York, New York 10022-6069
Telephone: 212-848-4000
jfortinsky@shearman.com
bpolovoy@shearman.com
mallory.brennan@shearman.com

**For Defendant Wells Fargo Bank, N.A.**

FRIEDMAN KAPLAN SEILER
   & ADELMAN LLP

_____
Eric Seiler (ES-5437)
Andrew W. Goldwater
Anne E. Beaumont
7 Times Square
New York, NY 10036-6516
Telephone: 212-833-1000
eseiler@fklaw.com
agoldwater@fklaw.com
abeaumont@fklaw.com

**SCHEDULE A**

| Newly Settling Defendant | Share of Settlement Amount (USD) |
| --- | --- |
| BNP Paribas | $33,500,000 |
| ICAP Capital Markets LLC | $11,500,000 |
| Morgan Stanley & Co. LLC | $33,500,000 |
| Nomura Securities International, Inc. | $8,750,000 |
| Wells Fargo Bank, N.A. | $8,750,000 |

**EXHIBIT A TO THE SETTLEMENT AGREEMENT:**
**Proposed Preliminary Approval Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al.,<br><br>                    Plaintiffs,<br><br>         v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                    Defendants. | Lead Case No.:  14-cv-7126 (JMF) |

**EXHIBIT A**

**[PROPOSED] ORDER PRELIMINARILY APPROVING AN ADDITIONAL SETTLEMENT AND THE RELATED PLAN OF DISTRIBUTION, AND APPROVING THE MANNER AND FORMS FOR NOTICE**

WHEREAS, an action is pending before this Court styled *Alaska Electronic Pension Fund, et al. v. Bank of America, N.A., et al.*, Lead Case No. 14-cv-7126 (JMF) (the "Action");

WHEREAS, the Court has entered orders granting final approval to the terms of the settlements with previously settling defendants Bank of America, N.A.; Barclays Bank PLC and Barclays Capital Inc.; Citigroup Inc.; Credit Suisse AG, New York Branch; Deutsche Bank AG; The Goldman Sachs Group, Inc.; HSBC Bank USA, N.A.; JPMorgan Chase & Co.; Royal Bank of Scotland PLC; and UBS AG (*see* Dkt. Nos. 648-57, the "Approved Settlements"), certifying a settlement class, appointing class counsel, appointing class representatives, and approving class notice and a plan of distribution in respect of the Approved Settlements;

WHEREAS, Plaintiffs have entered into and executed a Stipulation and Agreement of Settlement (the "Proposed Settlement" or "Proposed Settlement Agreement") with defendants BNP Paribas (named in the Action as "B.N.P. Paribas SA"); ICAP Capital Markets LLC (now

1

known as Intercapital Capital Markets LLC); Morgan Stanley & Co. LLC; Nomura Securities

International, Inc.; and Wells Fargo Bank, N.A. (collectively, the "Newly Settling Defendants");

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All capitalized terms in this Order shall have the same meanings as set forth in the

Proposed Settlement Agreement, unless otherwise defined herein.

## Preliminary Approval of the Proposed Settlement Agreement

2.      Upon review of the record, the Court preliminarily finds that the Proposed

Settlement resulted from arm's-length negotiations between highly experienced counsel and falls

within the range of possible approval.  The Court hereby preliminarily approves the Proposed

Settlement, subject to further consideration at the Fairness Hearing described below.  The Court

preliminarily finds that the Proposed Settlement raises no obvious reasons to doubt its fairness and

provides a reasonable basis for presuming that the Proposed Settlement Agreement satisfies the

requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process

so that an appropriate notice of the Proposed Settlement should be given.

## Preliminary Certification of the Settlement Class

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily

certifies, solely for settlement purposes, a Settlement Class defined as follows:

> All Persons or entities who entered into, received or made payments on, settled,
> terminated, transacted in, or held an ISDAfix Instrument during the Settlement
> Class Period [January 1, 2006 through January 31, 2014].  Excluded from the
> Settlement Class are Defendants and their employees, affiliates, parents,
> subsidiaries, and co-conspirators, should any exist, whether or not named in the
> Amended Complaint, and the United States Government, and all of the Released
> Defendant Parties, provided, however, that Investment Vehicles shall not be
> excluded from the definition of the Settlement Class.

4.      Solely for purposes of the settlements, the Court preliminarily finds that the

requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as

follows:  (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.      If the Effective Date does not occur because of the failure of a condition that affects the Proposed Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## Class Counsel and Class Representatives

6.      Lead Counsel are preliminarily appointed, solely for settlement purposes, as settlement class counsel for the Settlement Class for the Proposed Settlement.

7.      Alaska Electrical Pension Fund; City of New Britain, Connecticut; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of

Washington, Pennsylvania; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt; and Portigon AG (collectively, "Plaintiffs") are preliminarily appointed, solely for settlement purposes, as class represenatives for the Settlement Class for the Proposed Settlement.

## The Distribution Plan

8.      The Court hereby preliminarily approves the use of a plan of distribution substantially similar to that previously approved for use in connection with the Approved Settlements.  Any and all distributions of funds to eligible Settlement Class Members shall be made pursuant to the plan of distribution, as finally approved by the Court, to those Settlement Class Members who submit a valid Proof of Claim and Release Form ("Claim Form").

9.      Neither Newly Settling Defendants nor any of the Released Defendant Parties shall have any responsibility for or liability whatsoever with respect to:  (a) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (b) any Plan of Distribution; (c) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (d) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (e) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns; (f) the solicitation, review, or evaluation of proofs of claim; or (g) awards made pursuant to the Fee and Expense Application.

## The Notice Plan

10.      The Court approves, as to form and content, the Proposed Settlement's Notice, Claim Form, and Summary Notice for publication, substantially in the forms attached as Exhibit A-1, A-2, and A-3 hereto.

11.      The Court finds that the proposed plan for mailing and distributing notice in the manner substantially set forth below would meet the requirements of Rule 23 of the Federal Rules

of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

12.     As of the date set forth in Appendix A for the "Notice Date," the Claims Administrator (Epiq) shall cause a copy of the Proposed Settlement's Notice and Claim Form to be mailed by first-class domestic or international mail, as applicable, to all members of the Settlement Class who can be identified through reasonable effort, except to those who require notice through "alternative means," as discussed in paragraph 15 below.

13.     As of the Notice Date, Class Counsel shall update and continue to maintain a dedicated settlement website from which each member of the Settlement Class can view and download relevant documents, including the Proposed Settlement Agreement, and the Notice, Claim Form, Summary Notice, Second Consolidated Amended Class Action Complaint, and other important pleadings and orders.

14.     As of the Notice Date, the Claims Administrator shall cause the Proposed Settlement's Summary Notice to be published once in the global edition of the *Financial Times*; the monthly publication *Risk Magazine*; and the national editions of *The Wall Street Journal, The New York Times*, *The Daily Telegraph*, the *South China Morning Post*, and *The Straits Times*. Publication notice shall also consist of a press release over PR Newswire, digital banner advertisements, and internet sponsored links as described in the June 2018 Declaration of Cameron R. Azari, Esq.  After the issuance of this Order, the Settling Parties may agree to broaden this publication notice plan in consultation with the Claims Administrator without further order of the Court.

15.     Class Counsel shall seek to arrange reasonable alternative means of notification for reasonably identifiable counterparties of Defendants that are purported to be protected by foreign

countries' bank secrecy laws, data privacy laws, and/or similar confidentiality protections, such as notice being provided by a Defendant itself, or through the use of an agent with experience in providing notice in class actions.  Class Counsel shall promptly inform the Court of any agreement reached (or not reached) with regard to the use of alternative means for such counterparties. Notwithstanding the schedule set forth below, the notification plan shall not be implemented until the Court has been informed of the results of these and any other relevant negotiations.

16.     Any Person who is not a Settling Defendant or Released Party who transacted in ISDAfix Instruments for the benefit of another Person (a "Beneficial Owner") during the Settlement Class Period shall be requested either to send the Mail Notice and Claim Form to all such Beneficial Owners within 25 days after receipt thereof or to send a list of the names and last known addresses of such Beneficial Owners to the Claims Administrator within 25 days of receipt thereof, in which event, the Claims Administrator shall promptly mail the Mail Notice and Claim Form to such Beneficial Owners.

**Submitting Claims, Opting Out, or Objecting**

17.     Settlement Class Members who wish to participate in the Proposed Settlement must timely complete and submit valid Claim Forms for the Proposed Settlement, in accordance with the instructions contained therein.  All Claim Forms shall include an acknowledgement of, and agreement to, the release of all Released Claims against all Released Defendant Parties and shall be signed under penalty of perjury by an authorized Person.  Persons or entities who submitted a timely and valid claim form in respect of the Approved Settlements will be treated as having submitted a timely and valid Claim Form in respect of the Proposed Settlement unless they request to be excluded in accordance with paragraph 21.

6

18.     Any Settlement Class Member who does not submit a valid Claim Form for the Proposed Settlement shall not be permitted to receive any distribution from the Settlement Fund relating to the Proposed Settlement, and will in any event be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

19.     Unless the Court orders otherwise, all Claim Forms must be submitted within 45 days after the final Fairness Hearing.  Notwithstanding the forgoing, Class Counsel shall have the discretion, but not the obligation, to accept late-submitted Claim Forms for processing by the Claims Administrator, so long as distribution of the proceeds of the Settlement Fund is not materially delayed.  Class Counsel shall have no liability for declining to accept any late-submitted Claim Forms.

20.     All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of the Proposed Settlement Agreement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for in the Proposed Settlement Agreement, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

21.     Any Person seeking exclusion from the Settlement Class must submit a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth herein.  Any Person who submits such a request shall be excluded from the Settlement Class, shall have no rights with respect to the Proposed Settlement, shall receive no payment from the sums provided for as part of the Proposed Settlement.  A Request for Exclusion must be (a) in writing; (b) signed by the Person or his, her, or its authorized representative; (c) state, at a minimum, the name, address, and phone number of that Person; (d) include proof of membership in the Proposed

Settlement Class; (e) identify the claim number printed on Claim Form(s) (if any) that Person received; and (f) include a signed statement stating substantially that "I/we hereby request that I/we be excluded from the Settlement Class in the *ISDAfix Antitrust Litigation.*"  To be valid, the Request for Exclusion must be mailed to the Claims Administrator at:  *Alaska Electrical Pension Fund et al. vs. Bank of America et al.*, c/o Epiq Systems Inc., PO Box 3775, Portland, OR 97208-3775, U.S.A. and postmarked no more than 60 days after the Notice Date.  A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated herein, or that is not sent within the time specified, shall be invalid, and the Person(s) submitting such an invalid request shall be a Settlement Class Member and shall be bound by the Proposed Settlement set forth in the Proposed Settlement Agreement or, if approved, any Final Judgments and Orders of Dismissal approving the same.

22.     Within five business days of the deadline for the filing of Requests for Exclusion, Class Counsel shall provide the Newly Settling Defendants:  (i) a list of those Persons who have requested to be excluded; (ii) copies of all such Requests for Exclusion; and (iii) all documents or information concerning the volume of trading by such Persons within the scope of the Released Claims that is (A) in the possession of the Claims Administrator or (B) otherwise available to the Plaintiffs or Plaintiffs' Counsel from any records in their possession, custody or control, including without limitation documents or information that they have the right to obtain pursuant to any settlement with any party to this Action.  Class Counsel shall also promptly provide to the Newly Settling Defendants any written revocations of Requests for Exclusion.

23.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to the Proposed Settlement, the plan of distribution for the

Proposed Settlement, or the Fee and Expense Application related to the Proposed Settlement, may appear in person or through counsel, at his, her, or its own expense, at the Proposed Settlement's Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents filed by any such Settlement Class Member shall be considered by the Court, unless such Settlement Class Member properly files and serves a written objection that includes: (a) whether the Settlement Class Member intends to appear at the Proposed Settlement's Fairness Hearing in person or through counsel (though an appearance is not necessary for the Court to consider the objection); (b) proof of membership in the Settlement Class; and (c) the specific grounds for the objection and any reasons why such Settlement Class Member desires to appear and be heard, as well as all documents or writings that such Settlement Class Member desires the Court to consider.  Such a written objection must be filed with the Court within 60 days after the Notice Date.  Any Settlement Class Member who fails to timely object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

### The Proposed Settlement's Fairness Hearing

24.     All papers in support of final approval of the Proposed Settlement and the Fee and Expense Application related to the Proposed Settlement shall be filed by 45 days after the Notice Date, and any reply papers (which may include a response to objections, if any) shall be filed by 10 days after the objection deadline.  Concurrent with the motion for final approval of the Proposed Settlement, and with any subsequent updates as necessary, Class Counsel shall file or cause to be filed a sworn statement attesting to the compliance with the paragraphs in this Order governing the provision of notice.

9

25.     A hearing (the "Proposed Settlement's Fairness Hearing") shall be held before the Court on _____ at _____[1] in the Southern District of New York at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 to determine: (a) whether the Proposed Settlement of the Action on the terms and conditions provided for in the Proposed Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether a Final Judgment and Order of Dismissal should be entered; (c) whether further use of the Plan of Distribution in connection with the Proposed Settlement should be approved; (d) whether Class Counsel's Fee and Expense Application should be granted; and (e) such other matters as the Court may deem appropriate.  The Court shall consider the further application of the Plan of Distribution in connection with the Proposed Settlement, and the Fee and Expense Application, separately from the fairness, reasonableness, and adequacy of the Proposed Settlement, and any decisions by the Court concerning the further application of those other requests shall not affect the validity or finality of the Proposed Settlement.

26.     The Court reserves the right to adjourn the date of the Proposed Settlement's Fairness Hearing without further notice to the Settlement Class.  The Court retains jurisdiction to consider all further applications arising out of or connected with the Proposed Settlement.  To the extent practicable, Class Counsel shall cause the Claims Administrator to promptly cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published on the settlement website.  The Court may approve the Proposed Settlement or the further application of the Plan of Distribution, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

---

[1]  A copy of the proposed schedule for final approval is attached as Appendix A.

10

**Other Provisions**

27.      The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have

been met.

28.      The Court's approval of Plaintiffs' designation of Epiq Systems, Inc. ("Epiq") as

the Claims Administrator is extended to the Proposed Settlement.  Absent further order of the

Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the

Proposed Settlement Agreement.

29.      The Court's appointment of Class Counsel as Escrow Agent is extended to the

Proposed Settlement.  Absent further order of the Court, the Escrow Agent shall establish the

Escrow Account at Citibank, N.A. and have such duties and responsibilities in such capacity as are

set forth in the Proposed Settlement Agreement.

30.      The Court approves the establishment of the Escrow Account under the Proposed

Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code

§468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction

as to any issue that may arise in connection with the formulation or administration of the QSFs.

All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and

shall remain subject to the jurisdiction of the Court, until such time as such funds shall be

distributed pursuant to the Proposed Settlement Agreement and further order(s) of the Court.

31.      All reasonable expenses incurred in identifying and notifying potential Settlement

Class Members as well as administering the Aggregate Settlement Funds shall be paid, as set forth

herein and in Paragraphs 3.3 and 3.9 of the Proposed Settlement Agreement.  In the event the Court

does not approve the Proposed Settlement Agreement, or if the Proposed Settlement Agreement

otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any

11

obligation to repay any amounts incurred or disbursed pursuant to Paragraphs 3.3 and 3.9 of the Proposed Settlement Agreement.

32.     In the event that the Proposed Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if the Proposed Settlement Agreement and any related orders had not been entered, and the Proposed Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of the Proposed Settlement Agreement, Paragraphs 5.1 and10.5, of the Proposed Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Any portion of the Settlement Fund, together with any interest earned thereon (and, if applicable, re-payment of any Fee and Expense Award referred to in Paragraph 9.3 of such Settlement Agreement), less Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed the sum of $250,000 per Newly Settling Defendant without the prior approval of the Court) shall be returned to the Newly Settling Defendants within five (5) business days after written notification of such event is sent by counsel for the Newly Settling Defendants or Lead Counsel to the Escrow Agent.  At the request of the Newly Settling Defendants, the Escrow Agent shall apply for any tax refund owed on the Proposed Settlement Fund and pay the proceeds to the Newly Settling Defendant.

33.     Each of the Newly Settling Defendants has denied wrongdoing or liability in connection with the allegations in the Action.  As such, nothing in the Proposed Settlement Agreement constitutes an admission by any of the Newly Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Class under Fed. R. Civ. P. 23 for purposes of settlement only.

34.     All proceedings in the Action with respect to Newly Settling Defendants are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement or comply with the terms of the Proposed Settlement Agreement.

35.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the settlements set forth in the Proposed Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

36.     Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any member of the Settlement Class who does not enter an appearance will be represented by Class Counsel.

37.     For the sake of clarity, nothing herein alters the deadlines, or anything else, with respect to the Approved Settlements.

        SO ORDERED.


DATED: _____, 2018          _____
                                       HON. JESSE M. FURMAN
                                       UNITED STATES DISTRICT JUDGE

**Appendix A**
**Schedule of Proposed Settlement Events and Final Approval**

| EVENT | DATE |
|---|---|
| Commence Mail Notice and Publication and Update Settlement Website (the "notice date") | August 14, 2018 |
| File Papers in Support of Final Approval and Fee and Expense Application for Proposed Settlement | September 28, 2018 (45 days after notice date) |
| Last Day to Mail Request for Exclusion/Opt Out of Proposed Settlement Class and Last Day to Object to Proposed Settlement | October 13, 2018 (60 days after notice date) |
| File Reply Papers in Support of Final Approval and Fee and Expense Application for Proposed Settlement | October 23, 2018 (10 days after objection deadline) |
| Fairness Hearing for Proposed Settlement | No earlier than November 2, 2018 (at least 10 days after reply deadline) |
| Deadline to Submit Claim Forms for Proposed Settlement | 45 days after Fairness Hearing |

14

**EXHIBIT B TO THE SETTLEMENT AGREEMENT:**
**Proposed Judgment and Order of Dismissal**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND; GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM; COUNTY OF MONTGOMERY, PENNSYLVANIA; COUNTY OF WASHINGTON, PENNSYLVANIA; CITY OF NEW BRITAIN, CONNECTICUT; PENNSYLVANIA TURNPIKE COMMISSION; ERSTE ABWICKLUNGSANSTALT (EAA) and PORTIGON AG on behalf of themselves and all others similarly situated, | Case No.:  14-cv-7126 (JMF)  **EXHIBIT B**  **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL AS TO B.N.P. PARIBAS SA; ICAP CAPITAL MARKETS LLC; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL; INC.; and WELLS FARGO BANK, N.A.** |
| Plaintiffs, | |
| vs. | |
| BANK OF AMERICA, N.A.; BARCLAYS BANK PLC; B.N.P. PARIBAS SA; CITIGROUP INC.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK AG; THE GOLDMAN SACHS GROUP, INC.; HSBC BANK USA, N.A.; ICAP CAPITAL MARKETS LLC; JPMORGAN CHASE & CO.; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL, INC.; ROYAL BANK OF SCOTLAND PLC; UBS AG; and WELLS FARGO BANK, N.A., | Hon. Jesse M. Furman |
| Defendants. | |

This matter came before the Court for hearing pursuant to Plaintiffs' application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement with B.N.P. Paribas SA; ICAP Capital Markets LLC; Morgan Stanley & Co. LLC; Nomura Securities International; Inc.; and Wells Fargo Bank, N.A.; executed June 22, 2018 (the "Settlement Agreement"). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4.      Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the Settlement between Plaintiffs,[1] for themselves individually and on behalf of each Settlement Class Member in the Action, and the Newly Settling Defendants, and any objections and responses thereto, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies solely for settlement purposes the following Settlement Class:

> All Persons or entities who entered into, received or made payments on, settled, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period, January 1, 2006 through January 31, 2014. Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all

---

[1]      Plaintiffs are Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG.

of the Released Defendant Parties, provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

5.      The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:  (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6.      The law firms of Scott+Scott Attorneys at Law LLP, Quinn Emanuel Urquhart & Sullivan, LLP and Robbins Geller Rudman & Dowd LLP, are appointed, solely for settlement purposes, as Lead Counsel for the Settlement Class.

7.      Plaintiffs Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of

Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes that:

       a.    The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation, and is the result of vigorous arm's-length negotiations undertaken in good faith;

       b.    This Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

       c.    Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

       d.    The Settlement Class Members' reaction to the Settlement set forth in the Settlement Agreement is entitled to great weight.

9.    Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class as to this Settlement and the Newly Settling Defendants only ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Class Claims, against the Released Defendant Parties by the Plaintiffs and Releasing Class Parties, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10.    The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class, as to this Settlement and the Newly Settling Defendants only, and are therefore excluded from the Settlement Class for all purposes as to this Settlement and the Newly Settling Defendants only, are not bound by this Final Judgment and

Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement.

11.    Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Class Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs and each of the Settlement Class Members, and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Class Claims against any Released Defendant Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind. This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Class Parties to pursue claims, if any, outside the scope of the Released Class Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

12.    Upon the Effective Date, each of the Releasing Defendant Parties: (i) shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants' Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims.  This Final Judgment and Order of Dismissal shall not affect in any way the right of the Releasing Defendant Parties to pursue claims, if any, outside the scope of the Released Defendants' Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

13.     Upon the Effective Date, any claims for contribution, indemnification, or similar claims from any Person, including any other Defendants in the Action against any of the Released Defendant Parties, arising out of or related to the Released Class Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released Defendant Parties.

14.     The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

15.     The Plan of Allocation submitted by Plaintiffs is approved as fair, reasonable, and adequate.

16.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of any of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  The Released Defendant Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel,

full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.   In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 5.1, 10.5, and 11.3 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

19.     The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

IT IS SO ORDERED.

6

DATED: _____          _____

                                          HON. JESSE M. FURMAN
                                          UNITED STATES DISTRICT JUDGE