UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants. | Lead Case No.: 14-cv-7126 (JMF) |

~~[PROPOSED]~~ **FINAL JUDGMENT AND ORDER OF DISMISSAL AS TO B.N.P. PARIBAS SA; ICAP CAPITAL MARKETS LLC; MORGAN STANLEY & CO. LLC; NOMURA SECURITIES INTERNATIONAL; INC.; AND WELLS FARGO BANK, N.A.**

This matter came before the Court pursuant to the Court's June 26, 2018 Order Preliminarily Approving An Additional Settlement and the Related Plan of Distribution, and Approving the Manner and Forms for Notice (Dkt. No. 669, the "Preliminary Approval Order"), and Plaintiffs' September 28, 2018 Motion for Final Approval of Settlement with Five Defendants, Final Approval of Plan of Distribution, and Certification of Settlement Class (Dkt. Nos. 680-695, the "Motion for Final Approval"). The terms of settlement that are the subject of this Order are contained in the Stipulation and Agreement of Settlement with B.N.P. Paribas SA; ICAP Capital Markets LLC; Morgan Stanley & Co. LLC; Nomura Securities International; Inc.; and Wells Fargo Bank, N.A.; executed June 22, 2018 (the "Settlement Agreement"). See Dkt. No. 667-1. The Court has considered all papers filed and proceedings held in connection with the above-captioned Action, and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4. Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the settlement between Plaintiffs,[1] for themselves individually and on behalf of each Settlement Class Member in the Action, and the Newly Settling Defendants, and any objections and responses thereto, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies solely for settlement purposes the following Settlement Class:

> All Persons or entities who entered into, received or made payments on, settled, terminated, transacted in, or held an ISDAfix Instrument during the Settlement Class Period, January 1, 2006 through January 31, 2014.  Excluded from the Settlement Class are Defendants and their employees, affiliates, parents, subsidiaries, and co-conspirators, should any exist, whether or not named in the Amended Complaint, and the United States Government, and all of the Released Defendant Parties provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

5. The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows:  (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is

---

[1] Plaintiffs are Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG.

impracticable; (ii) questions of law and fact common to the Settlement Class predominate over any individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of members of the Settlement Class in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class, the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and the likely difficulties in managing this Action as a class action.

6. The law firms of Quinn Emanuel Urquhart & Sullivan, LLP; Scott+Scott, Attorneys at Law, LLP; and Robbins Geller Rudman & Dowd LLP are appointed, solely for settlement purposes, as Lead Counsel for the Settlement Class.

7. Plaintiffs Alaska Electrical Pension Fund; Genesee County Employees' Retirement System; County of Montgomery, Pennsylvania; County of Washington, Pennsylvania; City of New Britain, Connecticut; Pennsylvania Turnpike Commission; Erste Abwicklungsanstalt (EAA); and Portigon AG are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). The Court further concludes that:

a. The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

b. The Action involves numerous contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

c. Success in complex antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

d. The Settlement Class Members' reaction to the Settlement set forth in the Settlement Agreement is entitled to considerable weight.

9. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class as to this Settlement and the Newly Settling Defendants only ("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released Class Claims, against the Released Defendant Parties by the Plaintiffs and Releasing Class Parties, are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

10. The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class, as to this Settlement and the Newly Settling Defendants only, and are therefore excluded from the Settlement Class for all purposes as to this Settlement and the Newly Settling Defendants only, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement.

11. Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Defendant Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form) any and all Released Class Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs and each of the Settlement Class Members, and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, or prosecution of any of the Released Class Claims against any Released Defendant Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind. This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Class Parties to pursue claims, if any, outside the scope of the Released Class Claims. Claims to enforce the terms of the Settlement Agreement are not released.

12. Upon the Effective Date, each of the Releasing Defendant Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released Defendants' Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims. This Final Judgment and Order of Dismissal shall not affect in any way the right of the Releasing Defendant Parties to pursue claims, if any, outside

the scope of the Released Defendants' Claims. Claims to enforce the terms of the Settlement Agreement are not released.

13. Upon the Effective Date, any claims for contribution, indemnification, or similar claims from any Person, including any other Defendants in the Action against any of the Released Defendant Parties, arising out of or related to the Released Class Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification, or similar claims against any of the Released Defendant Parties.

14. The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 26, 2018 Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

15. The Plan of Allocation[2] submitted by Plaintiffs is approved as fair, reasonable, and adequate.

16. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or

---

[2] The Plan of Allocation has been referred to as the "Plan of Distribution" in certain filings and orders of this Court, including prior final judgments and orders of dismissal as to the ten previously-settling Defendants. The terms are synonymous.

evidence of, any fault or omission of any of the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  The Released Defendant Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over:  (i) implementation of the Settlement set forth in the Settlement Agreement; (ii) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (iii) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (iv) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the

Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 5.1 and 10.5 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

19. The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20. The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 58 of the Federal Rules of Civil Procedure and to close this case.

IT IS SO ORDERED.

DATED:  New York, New York
        November 13, 2018

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

# **Exhibit 1**

Exclusion Requests:

1. Commonwealth Bank of Australia