**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants. | No. 14-cv-7126 (JMF) |

**[PROPOSED] ORDER APPROVING DISTRIBUTION
OF THE NET SETTLEMENT FUNDS**

WHEREAS Plaintiffs, by and through their Counsel, Quinn Emanuel Urquhart & Sullivan, LLP, Robbins Geller Rudman & Dowd LLP, and Scott+Scott Attorneys at Law LLP (collectively, "Class Counsel"), have moved this Court for entry of this [Proposed] Order Approving Distribution of the Net Settlement Funds in the above-captioned class action (the "Action"), and the Court having considered all materials and arguments submitted in support of the Motion, including the Declaration of Ricky Borges (the "Borges Declaration") and Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving the Distribution of the Net Settlement Funds submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order hereby incorporates by reference the definitions in the Stipulations and Agreements of Settlement filed in this Action (ECF Nos. 226-1 through 226-7, 331-1, 490-1 and 490-2, and 667-1) (the "Stipulations"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulations or the Borges Declaration.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Claimants.

3. Plaintiffs' Motion to distribute the Net Settlement Funds to Authorized Claimants is **GRANTED**. Accordingly,

a. The administrative recommendations of the Court-approved Claims Administrator, Epiq Systems, Inc. ("Epiq"), to accept the timely eligible Claims set forth in Exhibit A to the Borges Declaration and the Late, But Otherwise Eligible Claims set forth in Exhibit B to the Borges Declaration are approved;

b. Epiq's administrative recommendations to reject the wholly ineligible or otherwise deficient claims set forth in Exhibit C to the Borges Declaration and to partially reject and/or reclassify the Pool or Pool sub-group for Claims listed in Exhibits A and B to the Borges Declaration are approved;

c. Epiq will calculate award amounts for all Authorized Claimants as if the Net Settlement Funds after deducting all payments of fees and expenses incurred in connection with administering the Net Settlement Funds and previously approved by the Court, any estimated future payments for such fees and expenses, as well as any further payments for escrow fees, taxes, and costs of preparing appropriate tax returns were to be distributed now by calculating each Authorized Claimant's *pro rata* share of the Settlement Funds in accordance with the Court-approved Distribution Plans (an Authorized Claimant's "Distribution Amount");

d. Epiq will then conduct an "Initial Distribution" of the Net Settlement Funds as follows:

2

i. Authorized Claimants whose Distribution Amounts are less than or equal to $100 will be paid $100 ("Alternative Minimum Payment") in full. These Authorized Claimants will receive no additional funds in any subsequent distributions.

ii. After deducting the payments to Authorized Claimants receiving the Alternative Minimum Payment, 92% of the remaining balances of each the Net Settlement Funds will be distributed to Authorized Claimants whose Distribution Amounts are $100 or more.

iii. The remaining 8% of payments will be held in reserve (the "Reserve") to address any contingencies that may arise after the Initial Distribution with respect to claims and/or to pay for any future fees or expenses incurred in connection with administering the Net Settlement Funds that are authorized by the Court, as well as any further escrow fees, taxes, and the costs of preparing appropriate tax returns. To the extent the Reserve is not depleted, the remainder will be distributed in a subsequent distribution(s).

e. In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear the notations, "***Please deposit this check promptly as it becomes void and subject to re-distribution if not negotiated within 90 days of the date of issue***" and "Void and Subject to Re-Distribution if Not Deposited by [DATE 90 DAYS AFTER CHECK ISSUE DATE]." Epiq is authorized to take appropriate action to locate and/or contact any Authorized Claimant who or which has not negotiated his, her, or its payment within said time, as detailed in paragraph 40 of the Borges Declaration.

f. Authorized Claimants who or which do not negotiate their Distribution payments (or subsequent distribution payments should such distributions occur) within the time allotted will irrevocably forfeit all recovery from the Net Settlement Funds. The funds allocated to all such un-negotiated payments will be available for redistribution to other Authorized Claimants, if Class Counsel, in consultation with Epiq, determines that it is cost-effective to conduct a subsequent distribution;

g. After Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their payments, Epiq shall, if Class Counsel, in consultation with Epiq, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amount remaining in the Net Settlement Funds after the Initial Distribution (including the Reserve and any funds from void stale-dated or returned checks or failed wire transfers), after deducting Epiq's fees and expenses incurred in connection with administering the Settlements for which it has not yet been paid (including estimated costs of such Second Distribution, subject to Court approval), escrow fees, taxes, and the costs of preparing appropriate tax returns. The Second Distribution, if it occurs, would be distributed to all Authorized Claimants from the Initial Distribution who: (a) did not receive the Alternative Minimum Payment; (b) negotiated their first distribution payments and, (c) who are entitled to at least $100 from such redistribution based on their *pro rata* share of the remaining funds. The Authorized Claimants receiving the Alternative Minimum Payment will be paid in full in the Initial Distribution. Borges Decl., ¶35(b); Distribution Order, ¶3(d)(i);

      h.      Additional distributions, after deduction of costs and expenses, as described above and subject to the same conditions, may occur thereafter until Class Counsel, in consultation with Epiq, determines that further redistribution is not cost-effective; and

      i.      At such time as Class Counsel, in consultation with Epiq, determines that further distribution of the funds remaining in each of the Net Settlement Funds is not cost-effective, the remainder, after the payment of any fees or expenses incurred in connection with administering the Net Settlement Funds that are authorized by the Court, escrow fees, taxes, and the costs of preparing appropriate tax returns, shall be contributed to not-for-profit 501(c)(3) organization(s) to be recommended by Class Counsel and approved by the Court.

4.      Unless otherwise ordered by the Court, no Claim Forms received after January 31, 2019, may be accepted for payment, and no further adjustments to Claim Forms received on or before January 31, 2019, may be made for any reason. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive payment from the Net Settlement Funds, are hereby barred from making any further claims against the Net Settlement Funds, Plaintiffs, Class Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Funds or the Net Settlement Funds, or any other person released pursuant to the Stipulations, beyond the amounts allocated to Authorized Claimants.

5. All fees and expenses incurred in connection with the administration of the Settlement Funds and Epiq's estimated fees and expenses expected to be incurred in connection with the Initial Distribution of the Net Settlement Funds are approved.

6. Unless otherwise ordered by the Court, one year after all funds have been distributed, Epiq shall destroy the paper and electronic copies of Claim Forms and all supporting documentation of the same.

7. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.


DATED: _____, 2019
      New York, New York

 

                                          HON. JESSE M. FURMAN
                                          UNITED STATES DISTRICT JUDGE