20-1086
*Alaska Electrical Pension Fund v. Fortinbras Asset Management GbmH*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 3, 2021

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-one.

Present:
   DEBRA ANN LIVINGSTON,
      *Chief Judge,*
   JOSÉ A. CABRANES,
   GERARD E. LYNCH,
      *Circuit Judges.*

_____

ALASKA ELECTRICAL PENSION FUND, on behalf of itself and all others similarly situated, GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, CITY OF NEW BRITAN, COUNTY OF MONTGOMERY, PENNSYLVANIA, COUNTY OF WASHINGTON, PENNSYLVANIA, PORTIGON AG, PENNSYLVANIA TURNPIKE COMMISSION, ERSTE ABWICKLUNGSANSTALT, (EAA),

   *Plaintiffs-Appellees*,

MAGNOLIA REGIONAL HEALTH CENTER, on behalf of itself and all others similarly situated, COUNTY OF BEAVER, PENNSYLVANIA, on behalf of itself and all others similarly situated, COUNTY OF WESTMORELAND, PENNSYLVANIA, UNIQA CAPITAL MARKETS GMBH, on behalf of UNIQA Dollar Bond,

   *Plaintiffs*,

1

|  |  |
|---|---|
| v. | 20-1086 |

FORTINBRAS ASSET MANAGEMENT GMBH,

       *Objector-Appellant*,

BANK OF AMERICA CORPORATION, BARCLAYS BANK PLC, BNP PARIBUS SA, CITIGROUP INC., CREDIT SUISSE AG, DEUTSCHE BANK AG, GOLDMAN SACHS & CO., HSBC BANK PLC, ICAP PIC, J.P. MORGAN CHASE & CO., NOMURA HOLDINGS INC., ROYAL BANK OF SCOTLAND PIC, UBS AG, WELLS FARGO & CO., NOMURA SECURITIES INTERNATIONAL, INC., JPMORGAN CHASE & CO., WELLS FARGO BANK, N.A., BNP PARIBAS, MIZUHO FINANCIAL GROUP INC., MORGAN STANLEY & CO. LLC, CREDIT SUISSE AG, NEW YORK BRANCH, GOLDMAN SACHS GROUP, INC., BANK OF AMERICA, N.A., HSBC BANK USA, N.A., ICAP CAPITAL MARKETS, LLC,

       *Defendants*.

_____

| | |
|---|---|
| For Plaintiffs-Appellees: | HAL CUNNINGHAM (Christopher M. Burke *on the brief*), Scott+Scott Attorneys at Law LLP, San Diego, CA; Daniel L. Brockett, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY; David W. Mitchell, Robbins Geller Rudman & Dowd LLP, San Diego, CA. |
| For Objector-Appellant: | ERIC H. JASO (Jason C. Spiro *on the brief*), Spiro Harrison, Short Hills, NJ. |

Appeal from an order of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Fortinbras Asset Management GmbH ("Fortinbras") appeals from an order of the United States District Court for the Southern District of New York approving the distribution of settlement funds and overruling Fortinbras's objection. This settlement comes at the end of a lengthy litigation

2

that began in September 2014 when the plaintiffs in this action accused defendants of manipulating U.S. dollar ISDAfix, a global benchmark reference rate used primarily for pricing interest rates derivatives. At this stage in the litigation all parties have agreed on the distribution plan approved by the district court and, of the 31,119 claims submitted, only one claimant challenges the decision of the Claims Administrator—Fortinbras. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

The gravamen of Fortinbras's objection is that Fortinbras engaged in a high number of trades involving interest rate swaps with defendant Credit Suisse as part of what Fortinbras calls the Three-Factor Model ("TFM") strategy. In Fortinbras's telling, because the TFM strategy involved holding interest rate swaps at precise tenors (essentially, durations), it required buying and selling swaps daily to ensure the precise balance was maintained. The total value of these purported trades is more than $3.3 trillion. After a year-long audit the Claims Administrator concluded that these claims should be excluded because Fortinbras had not satisfactorily shown these trades actually occurred. After reviewing the evidence, the district court agreed.

Fortinbras erroneously argues that we should review the district court's determination *de novo* as it purportedly involved an interpretation of the settlement agreement and the plan of distribution. In fact, the district court's decision did not rest on an interpretation of the settlement or the plan of distribution. Had Fortinbras satisfied the district court that it had in fact engaged in TFM-related interest-rate swaps with Credit Suisse, its claims would presumably have been approved. What Fortinbras instead challenges is the district court's conclusion that the purported trades did not occur. This is thus a challenge to the distribution of settlement funds, which this Court reviews for abuse of discretion. *In re Holocaust Victim Assets Litig.*, 424 F.3d 132, 146 (2d

3

Cir. 2005). And, with regard to factual findings, a district court only abuses its discretion when its conclusions are clearly erroneous. *Id.* (quoting *Zevros v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

We discern no clear error here. Fortinbras has submitted documents that show that it collaborated with Credit Suisse to create an index that tracked the value of a hypothetical portfolio of interest rate swaps. But for essentially the reasons stated by the district court, we agree that the documents submitted by Fortinbras fail to demonstrate that it actually purchased the products that would make this hypothetical portfolio real. Further, Fortinbras's purported counterparty in these transactions, Credit Suisse, could not identify any such transactions with Fortinbras in its records. Fortinbras has had ample opportunity to demonstrate to the Claims Administrator and the district court that these trades took place. Fortinbras has not done so; nor has it met the high bar for showing the district court's factual findings were clearly erroneous. As a result, there is no abuse of discretion.

We have considered Fortinbras's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit